UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND WELLMARK INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**BRIEF IN SUPPORT OF DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN'S MOTION TO DISMISS** |

**TABLE OF CONTENTS**


INTRODUCTION ........................................ 2
RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2
LEGAL STANDARD ........................................ 5
ARGUMENT ........................................ 6
I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST WELLMARK. ........................................ 6
CONCLUSION ........................................ 8

## INTRODUCTION

Plaintiff Sharilyn Ervin ("Plaintiff" or "Ervin"), who is proceeding *pro se*, sued both the claims administrator and the listed Plan Sponsor for her long-term disability ("LTD") plan (the "Plan") when she sought to adjudicate her dispute after her claim for LTD benefits was denied. The law, however, does not support prosecution of this suit against Wellmark In. Group Disability Income Plan ("Wellmark") under the terms of the Plan and based on Plaintiff's claim and requested relief. Plaintiff only seeks payment of LTD benefits she believes were improperly denied by Defendant The Lincoln National Insurance Company ("Lincoln") and redress for purported procedural abuses that she contends occurred during her claim submission, denial, and appeal process with Lincoln. Because the Plan is a "fully-insured" plan and the insurance company—here, Lincoln—held both the full discretion to make benefits coverage decisions and adjudicate any claim denial appeals, as well as had the responsibility to pay out any covered benefits from its own funds, Wellmark should not be a named party in this LTD benefits dispute. Dismissal of Wellmark from this case, with prejudice, is warranted.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff was previously employed by Wellmark, Inc. ECF No. 1, p. 7, ¶ 6. Wellmark, Inc. provided the Plan for its employees—including Plaintiff. ECF No. 1, p. 7, ¶ 5; p. 10, ¶ 23. Plaintiff has alleged that the Plan is a fully-insured plan for which Lincoln maintains complete discretion over the payment of LTD benefits and adjudication of claims. *See* ECF No. 1, p. 7, ¶ 4 (setting forth that Lincoln "is the claims administrator and insurer for the LTD plan Policy Number: GF3-840-435301-02"); ¶ 8 ("Defendant Lincoln is the fiduciary who approved Ms. Ervin's long-term disability benefits around May 2024 and paid the benefits"); ¶ 9 ("Lincoln denied the [LTD

[1] All information stated herein is assumed true solely for purposes of this motion to dismiss.

benefits] claim . . . ."); p. 8, ¶ 13 ("Lincoln failed to provide a full and fair review and did not provide a reason why there was no weight given to treating doctors. Lincoln also failed to have over 35 medical documents reviewed by as [sic] medical doctor during the appeal."). The Plan documents support this conclusion as well.

Specifically, the Plan states that Lincoln at all times is the fiduciary that exercises decision-making with regard to when benefits will be paid under the terms of the Policy: "Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding." Ex. A, p. 39. Other terms reinforce Lincoln's comprehensive discretion and fiduciary role with regard to this fully-insured plan:

- "When Lincoln receives Proof that a Covered Person is Disabled . . . , Lincoln will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy." Ex. A, p. 23.
- "The Proof must be given upon Lincoln's request and at the Covered Person's expense." Ex. A, p. 23.
- "Lincoln reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered." Ex. A, p. 36.
- "Lincoln, at its own expense, may have the right and opportunity to have a Covered Person, whose Injury or Sickness is the basis of a claim, examined or evaluated at reasonable intervals deemed necessary by Lincoln." Ex. A, p. 38.

Further, all notices of claims and supporting proof are required to be submitted solely to Lincoln. Ex. A, p. 40. "Lincoln reserves the right to determine if the Covered Person's Proof of

loss is satisfactory." Ex. A, p. 40. Additionally, if any overpayment is made on a claim, then *Lincoln* has the right to recover any such overpayment. Ex. A, p. 41.

The Class 2 Certificate of Coverage for the Plan (the "Certificate"), reinforces that Lincoln is the fiduciary exercising discretion over the provision or denial of LTD benefits under the Plan. *See* Ex. B, p. 37 ("Lincoln shall possess the authority, in its sole discretion, to construe the terms of this plan and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this plan and benefit eligibility shall be conclusive and binding."); pp. 44-47 (setting forth the claim denial appeal process, which requires the participant to appeal any decisions made by Lincoln to Lincoln directly). Because this is a fully-insured plan, Wellmark, Inc.—as Plan Sponsor—pays the premiums for the Plan, though the "Benefits of the Plan are insured" by the insurance company: Lincoln. Ex. B, p. 41. As Plaintiff herself recognizes, any LTD benefits "paid to Ms. Ervin are paid from Lincoln's own assets . . . ." ECF No. 1, p. 8, ¶ 15.

On November 4, 2025, Plaintiff filed a Complaint for a Civil Case ("Complaint") against Lincoln and Wellmark (collectively, the "Defendants") in this Court. In her Complaint, Plaintiff states that this lawsuit "is an action by a Plan Participant Plaintiff Ervin, to recover benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B)." ECF No. 1, p. 4. Plaintiff seeks in this case to secure "[a]n Order reversing the Defendant's final administrative denial of Plaintiff's claim for Long-Term Disability (LTD) benefits" and to "[r]ecover all unpaid benefits pursuant to Long-Term Disability insurance." ECF No. 1, p. 5. She further seeks to address multiple purported procedural abuses that she avers occurred during her claim submission, denial, and appeal process. ECF No. 1, p. 10.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The Court must accept as true all factual allegations in the complaint, but not its legal conclusions." *Seneca Companies, Inc. v. D&H United Fueling Solutions, Inc.*, 767 F. Supp. 3d 860, 874 (S.D. Iowa 2024). "A plausible claim for relief 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Plaintiffs must 'nudge[] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In ruling on a Rule 12(b)(6) motion to dismiss, a court's review is limited to the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record.'" *Id.* (quoting *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 953 (8th Cir. 2017)). Wellmark provides in support of its motion a copy of the LTD policy and supporting class certificate for the Plan at issue. *See* Declaration of Leslie C. Behaunek and Exhibits A and B. These Plan documents are incorporated by reference in Plaintiff's Complaint and are integral to her claim, as she specifically references the Plan by its policy number and includes allegations regarding the terms of the Plan in her Complaint. *See, e.g.*, ECF No. 1, p. 7, ¶¶ 4-6, 8; p. 8, ¶¶ 10-16; p. 9, ¶¶ 17, 19-21; p. 10, ¶¶ 23-27. This Court can therefore take into account the information set forth in Exhibits A and B without converting this motion to one for

summary judgment. *See Sentelik v. Nash Finch Co.*, No. 3:09-cv-00118-JEG, 2010 WL 11614250, *2 (S.D. Iowa Mar. 29, 2010) (recognizing that because the plaintiff's "claims are based solely upon the interpretation of the Plan, and the parties do not dispute the contents of the Plan, . . . the Plan is not outside the pleadings" and can be considered "without converting [the motion to dismiss] into a motion for summary judgment").

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST WELLMARK.

Plaintiff brings a claim to recover unpaid LTD benefits in her present lawsuit and "reinstate monthly long-term disability benefits and any other employee benefits under the applicable plan." ECF No. 1, p. 10. She further seeks to address multiple purported procedural abuses that she avers occurred during her claim submission, denial, and appeal process. ECF No. 1, p. 10. Although she technically only asserts a single claim against both Defendants for "benefits under the Plan – 29 U.S.C. § 1132(a)(1)(B)," neither category of relief—payment of benefits or redress for purported procedural abuses—can be asserted against Wellmark in this instance.

Wellmark is not a proper defendant in this case because it lacked any authority under the Plan terms to make benefit determinations or facilitate the claim submission, denial, or appeal processes. *See* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47. Instead, the discretion to make benefits determinations and facilitate and adjudicate any claim submissions, denials, and appeals rested solely with Lincoln. Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47. "Only the party that controls the administration of an ERISA plan is a proper defendant in an action concerning benefits." *Sentelik*, 2010 WL 11614250, *2 (citing *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2005) ("Under ERISA a person is a fiduciary only with respect to those aspects of the plan over which he or she exercises authority or control," which means that [w]hen an insurance company administers claims

for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a 'fiduciary' for ERISA purposes," and the employer that lacks "control or influence [over] the decision to deny benefits is not a fiduciary with respect to denial of benefit claims"); *Cunningham v. Assoc. Benefits Cor.*, No. 4:01-CV-10288, 2001 WL 1678747, *3 (S.D. Iowa Oct. 19, 2001) (granting motion to dismiss where although the employer was listed as "plan administrator" in the plan documents, the insurance company that served as claims administrator "possessed full control over decisions regarding eligibility and plan interpretation" such that the employer was "not a proper party defendant" in the case). This is because "[a] party is only liable for its *own* breach of fiduciary responsibility except in certain circumstances not applicable here." *Sentelik*, 2010 WL 11614250, *2. (emphasis added);.

In *Sentelik v. Nash Finch. Co.*, Nash Finch was named as "Plan Administrator" in the plan documents, while the plan documents stated that the benefits described therein "are provided under a group insurance policy (Policy) issued by the Hartford Life and Accident Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions." *Id.* (quoting the policy at issue). Further, the policy documents stated that the insurance company for the policy had "full discretion and authority to determine eligibility for benefits and construe and interpret all terms and provisions of the Policy." *Id.* (quoting the policy at issue). The Court in *Sentelik* concluded that the plain language of the policy made "it clear that only Hartford had any authority to make benefits determinations under the Plan." *Id.* at *3. The only connection to Nash Finch was that Nash Finch was listed as the "Plan Administrator" in the plan documents. *Id.* Given that the claim at issue was a claim for wrongfully denied benefits, "a determination that only Hartford could make under the express terms of the Plan" as the entity that "controlled the administration of the

Plan regarding eligibility and plan interpretation—the only decisions challenged by Sentelik," the Court determined that Nash Finch was not a proper defendant in that case. *Id.*

Just as in *Sentelik*, the facts here are straightforward and support the conclusion that Wellmark is not a proper defendant based on the Plaintiff's claim and requested remedies. Her request for unpaid LTD benefits, and reinstatement of those benefits going forward, is a claim that can only be pursued against the entity retaining discretionary authority to (1) determine claim eligibility and/or (2) pay such benefits. Lincoln has the sole discretion to make LTD eligibility decisions and is the entity that ultimately pays out such benefits from its own assets. *See* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47.

Additionally, to the extent Plaintiff's claim can be construed to seek recourse for purported procedural abuses during her claim submission, denial, and appeal processes, all of those allegations are directed toward Lincoln's conduct and processes within Lincoln's sole discretion and control. *See* ECF No. 1, p. 7, ¶ 3, 8-9; p. 8, ¶¶ 10-14, 16; p. 9, ¶¶ 17, 20-21; *see also* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47.

Because only Lincoln held discretionary authority over claim decisions—including the processes for appealing any denial of a claim for LTD benefits—only Lincoln is a proper defendant for adjudication of Plaintiff's claim and requested relief. Wellmark was improperly named as a defendant, as Plaintiff has failed to state any claim for relief for which Wellmark can legally be held liable. Wellmark should be dismissed as a defendant with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Wellmark Inc. Group Disability Income Plan requests that the Court grant its Motion to Dismiss with prejudice and for such other relief as the Court deems appropriate and just.

*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

*Pro Se Plaintiff*

/s/ Leslie Behaunek