**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff(s),<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendants. | No. 4:25-cv-00438-RGE-HCA<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Sharilyn Ervin ("Plaintiff") and states as follows:

Paragraphs contained under Sections I-V the document titled "Complaint for a Civil Case" does not contain any allegations to which Lincoln must respond, as these pages (Page 1-5 of 13) appear to only state the names of the parties, jurisdictional basis, the statute under which Plaintiff files her complaint, and the relief sought by Plaintiff. To the extent a response is required, Lincoln incorporates each of its responses below (to Paragraphs 1-27 of the document titled "Complaint" at pages 6-11 of 13) by reference as if fully set forth herein.

**<u>JURISDICTION AND VENUE</u>**

1. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA") and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that venue is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

4. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that it issued Group Disability Income Policy Number GF3-840-435301-02 (the "Policy") to Wellmark, Inc. ("Wellmark"), which Policy, at certain times, insured benefits paid by the Wellmark, Inc. Group Disability Income Plan (the "LTD Plan"). Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Wellmark sponsored the LTD Plan to provide disability benefits to certain Wellmark employees and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

**SUMMARY OF ACTION**

6. Lincoln admits that Plaintiff was, at certain times, employed by Wellmark as a Customer Experience Advocate I. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Wellmark, Inc. Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff was, at certain times, employed by Wellmark as a Customer Experience Advocate I and that Plaintiff's last day of work at Wellmark was November 14, 2023. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits that it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews

are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan,

but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that documentation of communications between Lincoln and Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, her previous employer, and accordingly, denies those and the remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it sent a letter to Plaintiff dated October 9, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

## COUNT ONE

## (CLAIM FOR BENEFITS UNDER THE PLAN - 29 U.S.C. § 1132(a)(1)(B))

22. Lincoln incorporates its responses to Paragraphs 1-21 by reference as if fully set forth herein.

23. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff

attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent letters to Plaintiff dated December 31, 2024, and October 9, 2025, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was arbitrary and capricious because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any amounts received from third parties under the Policy's subrogation and reimbursement provisions.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: February 17, 2026

**LEDERER WESTON CRAIG PLC**

By: /s/ Brenda K. Wallrichs

Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

AND

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Esq.
(*Pro Hac Vice* Motion forthcoming)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Cedar Rapids Division, using the ECF system which will send notification of such filing to the following individuals or counsel of record:

**Pro Se Plaintiff:**
Sharilyn Ervin
Email: ervinsharilyn2009@yahoo.com

**Attorney for Defendant Wellmark Inc. Group Disability Income Plan**
Leslie C. Behaunek
Email: lcbehaunek@nyemaster.com

/s/ Brenda K. Wallrichs
Brenda K. Wallrichs