IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN<br><br>Plaintiff<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendants | Case No. 4:25-CV-00438-RGE-HCA<br><br><br><br><br><br>Resistance to DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN'S MOTION TO DISMISS (DOC 10) |

**PLAINTIFF'S RESISTANCE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW the Plaintiff, Sharilyn Ervin, proceeding *pro se*, and respectfully submits this Resistance to Defendants' Motion to Dismiss (Docket 10).

## INTRODUCTION

Plaintiff Sharilyn Ervin ("Plaintiff"), proceeding *pro se*, brings this action against the claims administrator and the designated Plan Administrator to recover long-term disability ("LTD") benefits and redress systemic procedural abuses. Defendants argue that Wellmark, Inc. (WELLMARK INC. GROUP DISABILITY INCOME PLAN) is an improper party because the Plan is "fully-insured." However, this characterization is directly contradicted by the Plan's own Summary Plan Description ("SPD").

Dismissal of Wellmark is premature and legally unsupported for three reasons. First, the SPD explicitly designates Wellmark, Inc. as the Plan Administrator. See [Doc 10 Exhibit B, p. 41]. Second, under 29 U.S.C. § 1132(c)(1), only the Plan Administrator can be held liable for the $110-per-day penalties for document withholding. Third, Plaintiff alleges that Wellmark and Defendant Lincoln National Life Insurance Company ("Lincoln") acted in collusion to manufacture a denial. Because Wellmark is the named Administrator and exercised de facto control over the claim, it must remain a party to ensure full redressability under ERISA.

Plaintiff further asserts that while the recovery of benefits is a primary objective, this action separately seeks the statutory penalties authorized under 29 U.S.C. § 1132(c)(1) for document withholding. These penalties are distinct from the claim for benefits; they serve as a specific redress for the Plan Administrator's procedural violations. Consequently, the Defendants cannot argue that the relief sought is duplicative, as the penalties represent a separate legal obligation unique to the Plan Administrator

**<u>RELEVANT FACTS AND BACKGROUND</u>**

1. Plaintiff was employed by Defendant Wellmark, Inc. ("Wellmark") as a Customer Experience Advocate I, a position that requires constant use of a computer screen and telephone.

2. On November 15, 2023, Plaintiff became disabled due to a combination of severe conditions, including Migraine Headache Syndrome, Cervicalgia, and Hypertensive Retinopathy. Plaintiffs part-time work accommodations request was not approved.
3. The Summary Plan Description ("SPD") for the Short-Term Disability Plan explicitly designates Wellmark as the Administrator. *See Doc 10 Exhibit B, SPD Page 41*.
4. Despite Wellmark's status as the Plan Administrator, Defendant Lincoln National Life Insurance Company ("Lincoln") acted as the claim processor and primary point of contact.
5. On October 9, 2025, Lincoln sent a letter to Plaintiff stating it had reviewed [the] appeal request and maintained the decision to deny benefits. This letter contained no instructions for further administrative appeals and provided notice of the right to bring a civil action under ERISA.
6. Throughout the claim process, Plaintiff made multiple written requests for the governing Plan documents. These requests were ignored by Wellmark in violation of 29 U.S.C. § 1132(c)(1). After termination, Plaintiff did not have access to the documents. It is worth mentioning benefits were paid retroactively to cover absences used to terminate Plaintiff.

## **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff." *Hager v. Ark. Dep't of Health,* 735 F.3d 1009, 1013 (8th Cir. 2013). In order "[t]o survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 5, 570 (2007)).

As noted in *Shafer v. Zimmerman Transfer, Inc.*, No. 1:20-cv-00023 (S.D. Iowa), to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, the Court must 'accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff.' *Hager v. Ark. Dep’t of Health,* 735 F.3d 1009, 1013 (8th Cir. 2013).

Because Plaintiff has alleged procedural abuses and document withholding—actions for which the Plan Sponsor or Plan Administrator is liable under ERISA—dismissal is premature. Plaintiff will address further how both defendants have appeared to be in collusion for the duration of the disability claims.

**<u>Argument</u>**

While Plaintiff is proceeding *pro se* and her pleadings must be construed liberally, she specifically alleged 'procedural abuse' and 'failure to follow ERISA guidelines' in her Prayer for Relief (Doc. 1, p. 5). Furthermore, Plaintiff invoked 29 U.S.C. § 1132(a), which encompasses the statutory penalties for document withholding. As the Plan Administrator named in the SPD, Wellmark had a non-delegable duty to provide those documents. Their failure to do so is the very 'procedural abuse' Plaintiff seeks to redress.

Under ERISA, the duty of the Plan Administrator to provide documents upon request is not delegable. Wellmark cannot escape liability for statutory penalties by claiming a third-party administrator was responsible for the mailing, as the legal obligation rests solely on the designated Administrator under 29 U.S.C. § 1132(c)."

**Additional Arguments**

Wellmark, Inc. is a Proper Defendant as the Named Plan Administrator. Based on Defendants Lincolns Answer Doc 12, they denied being the plan administrator. At various times during the disability claims both defendants Wellmark and Lincoln pointed the finger at who was responsible for providing information. Plaintiff had to get assistance from governing agencies to get plan documents.

Defendants Lincoln cannot now claim a failure to exhaust administrative remedies when their own silence created the procedural impasse. Plaintiff sought clarification from Lincoln regarding additional appeal requirements, yet Defendants failed to produce the relevant policies or advise on the necessary steps. Pursuant to 29 C.F.R. § 2560.503-1(l),a plan's failure to strictly adhere to reasonable claims procedures entitles the claimant to immediate judicial review. Accordingly, the Court should deem Plaintiff's administrative remedies exhausted due to bad faith claim handlings below:

- 11/28/23 Lisa Scaglione (Wellmark HR) advised Lincoln to administer the LTD claim despite Wellmark's legal status as Plan Administrator. See Exhibit 1

- 11/17/2023 Amanda Mommer (Wellmark) Interference in the claim process to protect general assets. See Exhibit 2
- Defendant Lincoln breached its fiduciary duty by failing to review and incorporate relevant Workers' Compensation information held by Defendant Wellmark. See Exhibit 3 where Lincoln corrected this. 2023 Claim Note 8- Lincoln denied Plaintiffs claim in 19 minutes based on Wellmark Amanda Mommer without doing any review.
- 03/2023Iowa Insurance Division Letter Established early notice of issues with claim handling and Plan document transparency. See Exhibit 4
- 09/2025Lincoln Correspondence Lincoln explicitly advised Plaintiff that Wellmark is the Plan Administrator, contradicting their current legal argument. See Exhibit 5

## **CONCLUSION**

Defendants' Motion to Dismiss relies on the false premise that Wellmark has no role and that the Plaintiff failed to follow procedures. The Defendants' own records—the SPD naming Wellmark as Administrator, the letter from Tawnya V Exhibit 5., and the contradictory internal Claim Notes Exhibit 3—prove that this case must proceed to Discovery.

Because the Defendants both deny being the 'Plan Administrator' and have provided contradictory information regarding the governing Plan documents, there has been a wholesale failure to provide a 'full and fair review' as required by 29 U.S.C. § 1133. When an

administrator fails to follow the procedural requirements of ERISA, the court must apply a de novo standard of review rather than the deferential 'abuse of discretion' standard.

Defendants' request to dismiss Wellmark, Inc. must be denied because Wellmark is the named Plan Administrator under 29 U.S.C. § 1002(16)(A). Pursuant to the 8th Circuit's holding in *Brown v. J.B. Hunt Transp. Servs.*, 586 F.3d 1079, only the Plan Administrator is liable for statutory penalties under 29 U.S.C. § 1132(c)(1). Because Wellmark failed to provide requested Plan documents in over 30 days, they are a necessary party to this action.

/s/ Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266
Telephone-515-423-1809
Email- ervinsharilyn@yahoo
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of February 2026, I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588

Leslie C. Behaunek, AT0011563

NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR
**DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**