UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND WELLMARK INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

Defendant Wellmark Inc. Group Disability Income Plan ("Wellmark") submits this Reply in support of its Motion to Dismiss Plaintiff Sharilyn Ervin's ("Plaintiff" or "Ervin") Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) against Wellmark with prejudice.

## I. Plaintiff's Resistance Consists of Documents Outside the Pleadings and New Arguments Not Set Forth in the Pleadings That Cannot be Considered and Which Do Not Amend the Complaint.

Plaintiff's resistance largely consists of allegations appearing nowhere in the Complaint and attaches exhibits that also are not part of the Complaint and for which judicial notice may not be taken. Plaintiff cannot inject new factual allegations or legal theories into the case through a resistance to a motion to dismiss. *See Fischer v. Minneapolis Pub. Schools*, 792 F.3d 985, 990 (8th Cir 2015) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss")); *see also Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020). The Court therefore

cannot consider any new allegations or legal theories, because a "Plaintiff cannot amend the complaint through their pleadings or arguments in response to a motion to dismiss." *York v. Wellmark, Inc.*, No. 4:16-cv-00627-RGE-CFB, 2017 WL 11261026, at *15 (S.D. Iowa Sept. 6, 2017), *aff'd*, 965 F.3d 633 (8th Cir. 2020).

Specifically, Plaintiff argues in her resistance that she is requesting statutory damages under 29 U.S.C. § 1132(c)(1) for "document withholding" from Wellmark. *See* ECF No. 16, Resistance at 2. This allegation and related request for damages does not appear anywhere within Plaintiff's Complaint. *See* ECF No. 1, Complaint, at 1-13. She seems to believe her assertion that there were "procedural abuses" in her Complaint encompassed complaints about document withholding by Wellmark, *see* Resistance at p. 4, but her Complaint says otherwise. The only "procedural abuses" identified in her Complaint were specifically limited to "not following Erisa [sic] guidelines to request 45-day extension during appeal, failure to utilize proper peer specialist, failure to have many records reviewed by a medical professional during appeal, failure to provide specific reason for denial and what proof was needed, and failure to develop the claim file,"—all of which were more specifically tied to Defendant The Lincoln National Life Insurance Company ("Lincoln"). *See* Complaint at ¶¶ 9, 10, 11, 13, 14, 16, 20, and p. 10 "Prayer for Relief". Further, her Complaint repeatedly states that she is bringing her action "to recover benefits" pursuant to 29 U.S.C. section 1132(a)(1)(B)—not to recover statutory penalties under 29 U.S.C. section 1132(c)(1) as her resistance contends. *Compare* Complaint, pp. 4, 5, 10 (Count One: "Claim for Benefits Under The Plan – 29 USC 1132(a)(1)(B)"), and ¶¶ 23-36, *with* Resistance pp. 2, 5, 7.

Additionally, Plaintiff attached several documents to her Resistance, none of which should be considered by this Court and none of which even support her newly-asserted allegations in her Resistance. For example, she complains that Wellmark failed to provide her with long-term

disability plan documents, but the only documents she attaches indicating she requested documents from Wellmark mention requests for FMLA and *short*-term disability plan documents. *See, e.g.*, ECF No. 16-4, Exhibit 4. In fact, one exhibit she attaches shows that Wellmark *did* provide her with information about the long-term disability policy and directed her to send questions about the same to Lincoln—the claims administrator for the Plan. *See* ECF No. 16-1, Exhibit 1. Notably, multiple of the documents attached as exhibits by Plaintiff address her short-term disability claim for benefits, which is not at-issue in this case where she has only alleged in her Complaint issues related to her claim for long-term disability benefits. *See, e.g.*, Exhibits 2, 4[1]; *see also* Resistance at p. 6 (arguing that Wellmark somehow interfered with her claim process, but referring to a document dealing with short-term disability benefits); *see also* Complaint at pp. 5 (referring to LTD Plan benefits), 6 (stating she is seeking to recover disability benefits under "an" ERISA plan), and ¶¶ 4, 5, 8-17, 19-21, 23-27, and p. 10 ("Prayer for Relief") (all of which refers to her LTD plan and benefits decisions related thereto).

This Court should disregard Plaintiff's arguments and factual allegations in her Resistance as well as the exhibits attached thereto that do not expressly appear in her Complaint and for which judicial notice is not permitted.

## II. Plaintiff's Resistance Fails to Cure the Defects With Her Pleaded Claim.

Plaintiff's resistance does not address the key issue concerning her inclusion of Wellmark as a defendant in her lawsuit to recover long-term disability benefits: Wellmark, although the named Plan Administrator, held *no discretion* regarding the provision of benefits under the Plan. *See* ECF No. 10-2, Ex. A, pp. 23, 36, 38, 40-41; ECF No. 10-3, Ex. B, pp. 37, 41, 44-47. If

[1] It should be noted as well that although Plaintiff alleges this letter was dated in March 2023, the document itself is actually dated March 4, 2024. *Compare* Resistance, p. 6 *with* Exhibit 4.

anything, her resistance only confirms that Wellmark consistently redirected Plaintiff to communicate with Lincoln regarding any claim for long-term disability benefits due to Lincoln's role as the claim administrator. *See, e.g.*, Exhibits 1, 5. Merely holding the title "Plan Administrator," without any discretion to make benefits coverage decisions or actually pay out benefits under a plan, does not mean that Wellmark is a proper defendant in this suit. *Sentelik v. Nash Finch Co.*, No. 3:09-cv-00118-JEG, 2010 WL 11614250, *2 (S.D. Iowa Mar. 29, 2010) ("Only the party that controls the administration of an ERISA plan is a proper defendant in an action concerning benefits." (citing *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998))); *Cunningham v. Assoc. Benefits Cor.*, No. 4:01-CV-10288, 2001 WL 1678747, *3 (S.D. Iowa Oct. 19, 2001) (granting motion to dismiss where although the employer was listed as "plan administrator" in the plan documents, the insurance company that served as claims administrator "possessed full control over decisions regarding eligibility and plan interpretation" such that the employer was "not a proper party defendant" in the case).

The only case cited by Plaintiff in support of her resistance argument that the named plan administrator can be held liable is *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079 (8th Cir. 2009). *See* Resistance, p. 7. That case actually supports Wellmark's position at this juncture. The Court in that case affirmed dismissal of the plaintiff's claim for an award of benefits under 29 U.S.C. section 1132(a)(1)(B) against her employer and plan administrator, Hunt, because "Hunt, as plan administrator, is not the proper defendant for an award of benefits under the Plan." *Id.* at 1088 (citing *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006)). "ERISA only provides Brown with a cause of action 'to recover benefits due to [her] under the terms of [the Plan],' [and i]t is undisputed the Plan requires Prudential, not Hunt, to pay LTD benefits to Brown if she is disabled." *Id.* (internally quoting 29 U.S.C. § 1132(a)(1)(B)). The *Brown* decision does

confirm that a plan administrator may be held liable for statutory penalties under ERISA for failing or refusing to provide requested information under certain circumstances, but again, Plaintiff has not asserted any allegations in her Complaint that Wellmark failed to or refused to provide *any* information when requested to do so. *See id.* Her Complaint alleges a denial of benefits claim under section 1132(a)(1)(B) for which Wellmark is not an appropriate party, and even the "procedural abuses" she identifies in her "Prayer for Relief" section are not attributable to Wellmark as set forth in Plaintiff's own factual allegations in the Complaint. She therefore fails to state a claim for relief against Wellmark as a matter of law.

## CONCLUSION

For the reasons set forth in Wellmark's opening motion and herein, Wellmark respectfully requests that this Court dismiss Plaintiff's Complaint against Wellmark with prejudice.

*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

*Pro Se Plaintiff*

*/s/ Leslie Behaunek*