**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

SHARILYN ERVIN,

Plaintiff,

vs.

LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN,

Defendants.

Civil Action Number:
4:25-CV-00438-RGE-HCA

First Amended Complaint

## COMPLAINT

AND NOW, comes the Plaintiff, Sharilyn Ervin, and files the within Complaint and to obtain declaratory relief, and recover disability benefits under an ERISA employee benefit plan, and to recover costs, and prejudgement interest.

## JURISDICTION AND VENUE

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Sharilyn Ervin, is an adult individual who resides in West Des Moines, Iowa 50266.

4. Defendant, The Lincoln National Life Insurance Company, is the claims administrator and insurer for the LTD plan Policy Number: GF3-840-435301-02 defined by Erisa with its place of business located at 8801 Indian Hills Dr Omaha Nebraska 68114-4066.

5. Defendant, The Wellmark, Inc. Group Disability Income Plan, is a Plan under ERISA Policy Number: GF3-840-435301-02 administered by the Plan Sponsor, Wellmark Inc Plan Administrator 1331 Grand Avenue Station 1W408 Des Moines Iowa 50309.

## SUMMARY OF ACTION

6. Plaintiff, Sharilyn Ervin, was employed by Wellmark, Inc. as a Customer Service Advocate she was advised in 2023 to apply for short-term disability by Wellmark Inc HR person.

7. Around November 2023, Plaintiff was unable to continue working fulltime in her own occupation as a Customer Advocate 1 due to migraines, chronic neck pain, convergence CI degenerative disc as supported by an X-Ray dated August 2025, depression, anxiety, sleep **disturbances, and fatigue. Request for part time work was not approved.**

8. Defendant Lincoln is the fiduciary who approved Ms. Ervin's long-term disability benefits around May 2024 and paid the benefits.

9. After eight months of “own occupation” long-term benefits Lincoln denied the claim with reason based on medical judgement of peer review doctors and faxes.

10. Prior to making the adverse decision on December 31, 2024, Lincoln did not advise Ms. Ervin their peer review doctor could not contact the treating doctors.

11. During the course of Ms. Ervin's “own occupation” period of disability for long term benefits she supplied Lincoln with proof of disability despite Lincoln advising what "specific" proof was required.

12. Ms. Ervin met and continues to meet the requirements of the insurance policy to receive monthly benefits under the LTD policy.

13. Lincoln failed to provide a full and fair review and did not provide a reason why there was no weight given to treating doctors. Lincoln also failed to have over 35 medical documents reviewed by as medical doctor during the appeal.

14. Without considering Ms. Ervin missed numerous workdays related to disability Lincoln denied LTD benefits. Lincoln was provided medical records of an Independent Medical Exam performed by board certified neurologist Dr Wolfe that noted several essential duties exacerbated medical conditions and could result in future injury.

15. At all times Lincoln has been operating under inherent and structural conflicts of interest because any monthly benefits paid to Ms. Ervin are paid from Lincolns own assets with each payment depleting some of those same assets.

16. The policy required Ms. Ervin to submit an Attending Physician Statement but Lincoln's Christine C. advised one was not needed.

17. Plaintiff appealed this denial and submitted updated diagnostic evidence, multiple letters, and Attending Physican Statements that refute reviews Lincoln relied upon in its denial.

18. Prior employer Wellmark Inc. did not approve part-time employment Ms. Ervin's treating physician, Dr Schissel M.D., sent numerous letters with objective evidence that support medical restrictions including not working more than four hours per day. Limit sitting to four hours a day. Limit screen time, and notates limitations due to fatigue making it impossible to maintain continual employment.

19. The long-term disability policy for "own occupation" requires that to receive benefits you must meet the following definition of disability:

(a) are unable to perform the Material and Substantial Duties of your Regular Job due to your Sickness or Injury;

(b) Regular attendance of a Physician.

(c) are under treatment that is available

20. Defendants added 45-day extension to appeal without following Erisa guidelines. Lincoln had 21 days after tolling commenced, still no letter sent requesting 45-day extension .

21. Defendants' denied appeal of long-term disability benefits, on October 9, 2025. Plaintiff has not received the monthly benefits to which she is entitled and has exhausted her administrative procedures.

22. **Defendant Wellmark Inc., acting as Plan Administrator, failed to provide governing Plan Documents within 30 days of Plaintiff's request, in violation of 29 U.S.C. § 1132(c)(1).** EXH 9

23. **Defendant Wellmark prevented Plaintiff from timely accessing internal policies—including the link Wellmark provide that was of no use after termination.** EXH 1,2

24. **Wellmark Inc. is a proper defendant because it exercises discretion over the consequences of disability determinations, as evidenced by management admissions that disability approval is the direct trigger for employment termination** EXH 1

25. **Plaintiff was never required to file a separate application for LTD benefits; rather, Defendant Lincoln automatically transitioned and approved the LTD claim in around April 2024 based on the same medical record used for the STD claim.** EXH 6

26. **Wellmark interferred with disabilty benefits on more than one occasion In November 2023.** EXH 1,3

27. **Defendant Wellmark failed to provide plan documents when Plaintiff was terminated and Plaintiff did not have access to any link or internal systems after termination to verify her rights.** EXH 1,4

28. **Defendant Wellmark is the administrator for the short-term disability plan.** EXH 9

29. **Defendant Wellmark is the administrator for the long-term disabilty plan.** EXH 5

30. **Defendant Lincoln sent Plaintiff a letter in September 2025 advising Defendant Wellmark was responsible for providing plan documents.** EXH 5

31. **Since the Defendant Lincoln explicitly stated that the LTD approval was based on the STD record, the two are legally intertwined is "incorporated by reference" into the LTD claim:**

    a. **Defendant Lincoln has effectively treated them as a single continuous benefit period by approving the LTD without an application.** EXH 6

    b. **Defendants are equitably estopped from asserting that the STD and LTD policies are unrelated or governed by undisclosed procedures because they represented the transition between benefits as 'automatic' while failing to produce a separate STD policy number or plan documents upon request.** EXH 6

    c. **Defendants' collective failure to provide the STD policy, while simultaneously using its records as the sole basis for the LTD determination, constitutes a denial of Plaintiff's right to a "full and fair review" under 29 U.S.C. § 1133, as Plaintiff was prevented from verifying the specific terms, internal criteria, or administrative procedures used to evaluate her primary claim**

    EXHIBIT 4-5-6-8

## COUNT ONE

## (CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B)(c)

32. The averments set forth in Paragraph 1 through 21 above are incorporated by reference.

33. The Plan provides the Plaintiff is entitled to disability income ("Disability Benefits") based upon her becoming disabled within the meaning of the Plan.

34. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is unable to perform one or more of the Essential Duties of Own Occupation.

35. Defendant denied Disability Benefits and benefit were discontinued on December 31, 2024. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical condition prevents her from performing the duties of period of own occupation.

36. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits.Plaintiff exhaustedall administrative remedies statedin finaldenial.

**37. On December 28, 2023, Plaintiff made a clear written request to Defendant Wellmark for the STD Plan Documents. Despite this request, and in violation of 29 U.S.C. § 1024(b)(4), Defendant Wellmark failed to provide documents within 30 days, thereby triggering statutory penalties under 29 U.S.C. § 1132(c)(1)** EXH 4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sharilyn Ervin, respectfully prays that the court:(1)declare that the Defendants are obligated to pay Plaintiff her past due Disability Benefits; (2)reinstate[e] monthly long-term disability benefits and any other employee benefits under the applicable plan; award Plaintiff this action due to Defendants procedural abuse that includes not following Erisa guidelines to request 45-day extension during appeal, failure utilize proper peer specialist, failure to have many records reviewed by a medical professional during appeal, failure to provide specific reason for denial and what proof was needed, and failure to develop the claim file.

**(3)Find that Wellmark's failure to provide Plan Documents, combined with the Termination Trigger admission by management (Exhibit 5), constitutes a Procedural Abuse that denied Plaintiff a full and fair review under 29 U.S.C. § 1133. Award penalties against Defendant Wellmark pursuant to 29 U.S.C. § 1132(c) in the amount of $110 per day for the failure to provide requested Plan Documents within 30 days. Plaintiff was not provided a full and fair review due to procedural irregularities. Defendant Lincoln also failed to provide a full and fair review due to not answering Plaintiff questions about the appeal. Award statutory penalties against Defendant Wellmark pursuant to 29 U.S.C. § 1132(c)(1) in the amount of $110 per day, starting 30 days from the date of Plaintiff's written request, for the failure to provide the Plan Documents.**

s/ Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266
Telephone-515-423-1809
Email- ervinsharilyn2009@yahoo.com
Pro Se Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February 2026, I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN

Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY