UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>Vs<br><br>THE LINCOLNNATIONAL LIFE INSURANCE COMPANY AND WELLMARKINC. GROUP DISABILITY INCOMEPLAN,<br><br>**WELLMARK, INC. (d/b/a Wellmark Blue Cross and Blue Shield of Iowa); and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN** | Case No. 4:25-CV-00438-RGE-HCA4<br><br>**Brief in Support** for the Supplement<br><br>**Supplement to Motion for Leave to File Second Amended Complaint** |

PLAINTIFF’S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Plaintiff, Sharilyn Ervin, pro se, and for her Brief in Support of her Motion for Leave to Amend the Complaint, states the following:

I. INTRODUCTION Plaintiff has tirelessly sought to unravel the web of administrative redirections and conflicting instructions that these Defendants have created to confuse interested parties and avoid statutory obligations. In a normal ERISA case, the identity of the Plan Administrator and the production of the "rulebook" (the Plan Document/Policy) would be simple and straightforward. Unfortunately, there is nothing normal about this case. Through the administrative process and recent legal filings, Plaintiff has uncovered a "hot potato" scheme

where Defendants Wellmark and Lincoln National point to one another to avoid judgments and liabilities. Plaintiff therefore seeks the 1 Court's leave to amend her Complaint to clarify the specific factual instances of this procedural abuse.

II. PROCEDURAL HISTORY Plaintiff filed her original Complaint on November 4, 2025. Due to the partial government shutdown in late 2025 and the Plaintiff's In Forma Pauperis (IFP) status, formal service of process was delayed through no fault of the Plaintiff. The Defendants filed a Motion to Dismiss citing statute of limitations defenses. On March 25, 2026, the case remains in its early stages. No Scheduling Order has been entered, no discovery deadlines have been set, and no trial date has been scheduled. Plaintiff now seeks to amend her complaint to ensure the merits of her document penalty claims (29 U.S.C. § 1132(c)) are fully before the Court.

III. MOTIONS TO AMEND PLEADINGS SHOULD BE FREELY GIVEN Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments to pleadings should be allowed with liberality in the absence of circumstances such as 'undue delay, bad faith or dilatory motive... or futility of amendment.'" Klipsch, Inc. v. WWR Technology, Inc., 127 F.3d 729, 732-33 (8th Cir. 1997). Since the filing of the original Complaint, additional facts have come to Plaintiff's attention regarding the Defendants' coordinated efforts to withhold the STD/LTD Master Policy.

1. The Circular Redirection: Plaintiff has been "bounced" between Wellmark (HR) and Lincoln National (TPA). Lincoln National pointed to the Policy in its denials, yet stated as late as October 2025 that only Wellmark could provide the documents.

2. The Employment Status Pretext: Wellmark previously advised Plaintiff she was not entitled to the "rulebook" due to her employment status—a legally deficient position under ERISA intended to prevent judicial review.

3. The Hidden Rulebook: Despite Plaintiff's diligence in contacting state agencies and both Defendants, the Master Policy remained withheld until the Defendants utilized it as a "shield" in their own Motion to Dismiss. This policy withheld from Plaintiff cited the very limitations Defendant Wellmark is attempting to use to be dismissed from this case.

4. **Definitive Evidence of Wellmark, Inc.'s Role: Since the filing of Doc. 27, Plaintiff has obtained the 2024 Form 5500 filed with the Department of Labor (Exhibit 5500). This federal filing explicitly identifies Wellmark, Inc. (EIN 42-0318333) as the Plan Sponsor and Plan Administrator. Under ERISA, the Plan Administrator is the party strictly liable for statutory penalties for failure to provide plan documents. Naming Wellmark, Inc. is necessary to ensure the proper party is held accountable for the withholding of the Master Policy.**

As the Court noted in Thompson v. Sysco Corp., a plaintiff should be allowed to name the entities and facts that form the "single business enterprise" of the abuse. Here, the "abuse" is the unified failure to provide mandatory disclosures.

In order to deny an amendment, the defendant must demonstrate undue delay or prejudice. No such delay exists here. This amendment does not add new theories but rather provides the factual

detail (the December 2023 and February 2024 requests) that defines the abuse already complained of in the original filing. Under the Relation-Back Doctrine, these facts arise from the same core of operative facts: the unresolved violation of ERISA's mandatory disclosure laws and procedure abuse mentioned in Plaintiffs original complaint. Furthermore "Because the February 27, 2024, document request is within the two-year statute of limitations, it is timely on its own merits. Plaintiff does not require the 'Relation Back' doctrine for this specific fact; rather, leave should be granted under Rule 15(a)(2) to ensure the full merits of the dispute are adjudicated in a single proceeding

**Adding Wellmark, Inc. and the Wrap-Around Plan causes no prejudice to Defendants. Wellmark's legal counsel is already active in this case and is fully aware of the facts. This amendment simply aligns the parties with the legal realities documented in Wellmark's own federal filings**.

IV. CONCLUSION The history of Plaintiff's attempt to obtain her Plan documents has been long and difficult. It would be a travesty to allow Defendants to "hide the rulebook" and then benefit from a technicality. For this reason, Plaintiff requests the Court's permission for leave to amend her Complaint to ensure the full merits of the dispute are before the Court.

WHEREFORE, WHEREFORE, **Plaintiff respectfully requests the Court grant her leave to supplement her pending motion (Doc. 27) and file her Second Amended Complaint to include Wellmark, Inc. and the Wellmark, Inc. Welfare Benefit Wrap-Around Plan as Defendants**

/s/ Sharilyn Ervin Plaintiff, Pro Se

/s/ Sharilyn Ervin 8790 EP True Parkway, #303 West Des Moines, IA 50266 Telephone-515-423 1809 Email- ervinsharilyn2009@yahoo.com Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2026 I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN

AND

Brenda K. Wallrichs AT0008203 118 Third Avenue SE, Suite 700 P. O. Box 1927 Cedar Rapids, IA 52406-1927 Phone: (319) 365-1184 Fax: (319) 365 1186 E-mail: bwallrichs@lwclawyers.com Iwana Rademaekers 17304 Preston Road, Suite 800 Dallas, Texas 75252 Main: (214) 579-9319 Fax: (469) 444 6456 Email: iwana@rademaekerslaw.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY