**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

SHARILYN ERVIN,

Plaintiff,

vs.

LINCOLN NATIONALLIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN,
**WELLMARK, INC. (d/b/a Wellmark Blue Cross and Blue Shield of Iowa); and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN**

Defendants.

Civil Action Number:
4:25-CV-00438-RGE-HCA

Second Amended Complaint

**COMPLAINT**

AND NOW, comes the Plaintiff, Sharilyn Ervin, and files the within Complaint and to obtain declaratory relief, and recover disability benefitsunder an ERISA employee benefit plan, and to recover costs, and prejudgementinterest.

**<u>JURISDICTION AND VENUE</u>**

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f),29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of the plan. 502(a)(1)(A) and 502(c), 29 U.S.C. § 1132(a)(1)(A) and § 1132(c)(1) for Defendant's failure to provide plan documents within 30 days of a written request as required by 29 U.S.C. § 1024(b)(4). f 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 by failing to provide a full and fair review of Plaintiff's claim.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Sharilyn Ervin, is an adult individual who resides in West Des Moines, Iowa 50266.

4. Defendant, The Lincoln National Life Insurance Company, is the claims administrator and insurer for the LTD plan Policy Number: GF3-840-435301-02 defined by Erisa with its place of business located at 8801 Indian Hills Dr Omaha Nebraska 68114-4066.

5. Defendant, The Wellmark, Inc. Group Disability IncomePlan, is a Plan under ERISA Policy Number: GF3-840-435301-02 administered by the Plan Sponsor, Wellmark Inc Plan Administrator 1331 Grand Avenue Station 1W408 Des Moines Iowa 50309. **Defendant Wellmark, Inc. is an Iowa corporation 1331 Grand Ave, Des Moines, IA 50309. Wellmark, Inc. is the Plan Sponsor and Plan Administrator of the Wellmark, Inc. Welfare Benefit Wrap-Around Plan (Plan No. 510) as defined by ERISA § 3(16)(A). Defendant Wellmark, Inc. Welfare Benefit Wrap-Around Plan is an employee benefit plan defined by ERISA § 3(1)is a proper defendant under ERISA §502(d)(1)**

## SUMMARY OF ACTION

6. Plaintiff, Sharilyn Ervin, was employed by Wellmark,Inc. asa Customer Service Advocate she was advised in 2023 to apply for short-term disability by Wellmark Inc HR person.

7. Around November 2023, Plaintiff was unable to continue working fulltime in her own occupation as a Customer Advocate 1 due to migraines, chronic neck pain, convergence CI degenerative disc as supported by an X-Ray dated August 2025, depression, anxiety, sleep **disturbances, and fatigue. Request for part time work was not approved.**

8. Defendant Lincoln is the fiduciary who approved Ms. Ervin's long-term disability benefits around May 2024 and paid the benefits.

9. After eight months of "own occupation" long-term benefits Lincoln denied the claim with reason based on medical judgement of peer review doctors and faxes.

10. Prior to making the adverse decision on December 31, 2024, Lincoln did not advise Ms. Ervin their peer review doctor could not contact the treating doctors.

11. During the course of Ms. Ervin's “own occupation” period of disability for long term benefits she supplied Lincoln with proof of disability despite Lincoln advising what "specific" proof was required.

12. Ms. Ervin met and continues to meet the requirements of the insurance policy to receive monthly benefits under the LTD policy.

13. Lincoln failed to provide a full and fair review and did not provide a reason why there was no weight given to treating doctors. Lincoln also failed to have over 35 medical documents reviewed by as medical doctor during the appeal.

14. Without considering Ms. Ervin missed numerous workdays related to disability Lincoln denied LTD benefits. Lincoln was provided medical records of an Independent Medical Exam performed by board certified neurologist Dr Wolfe that noted several essential duties exacerbated medical conditions and could result in future injury.

15. At all times Lincoln has been operating under inherent and structural conflicts of interest because any monthly benefits paid to Ms. Ervin are paid from Lincolns own assets with each payment depleting some of those same assets.

16. The policy required Ms. Ervin to submit an Attending Physician Statement but Lincoln's Christine C. advised one was not needed.

17. Plaintiff appealed this denial and submitted updated diagnostic evidence, multiple letters, and Attending Physican Statements that refute reviews Lincoln relied upon in its denial.

18. Prior employer Wellmark Inc. did not approve part-time employment Ms. Ervin's treating physician, Dr Schissel M.D., sent numerous letters with objective evidence that support medical restrictions including not working more than four hours per day. Limit sitting to four hours a day. Limit screen time, and notates limitations due to fatigue making it impossible to maintain continual employment.

19. The long-term disability policy for "own occupation" requires that to receive benefits you must meet the following definition of disability:

(a) are unable to perform the Material and Substantial Duties of your Regular Job due to your Sickness or Injury;

(b) Regular attendance of a Physician.

(c) are under treatment that is available

20. Defendants added 45-day extension to appeal without following Erisa guidelines. Lincoln had 21 days after tolling commenced, still no letter sent requesting 45-day extension .

21. Defendants' denied appeal of long-term disability benefits, on October 9, 2025. Plaintiff has not received the monthly benefits to which she is entitled and has exhausted her administrative procedures.

22. Defendant Wellmark Inc., acting as Plan Administrator, failed to provide governing Plan

23. Defendant Wellmark prevented Plaintiff from timely accessing internal policies—including a link Wellmark provide that was of no use after termination.

24. Wellmark Inc. is a proper defendant because it exercises discretion over the consequences of disability determinations, as evidenced by management admissions that disability approval is the direct trigger for employment termination

25. Plaintiff was never required to file a separate application for LTD benefits; rather, Defendant Lincoln automatically transitioned and approved the LTD claim in around April 2024 based on the same medical record used for the STD claim.

26. Wellmark interfered with disability benefits on more than one occasion In November 2023.

27. Defendant Wellmark failed to provide plan documents when Plaintiff was terminated, and Plaintiff did not have access to any link or internal systems after termination to verify her rights.

28. Defendant Wellmark is the administrator for the short-term disability plan.

29. Defendant Wellmark is the administrator for the long-term disability plan.

30. Defendant Lincoln sent Plaintiff a letter in September 2025 advising Defendant Wellmark was responsible for providing plan documents.

31. Since the Defendant Lincoln explicitly stated that the LTD approval was based on the STD record, the two are legally intertwined is "incorporated by reference" into the LTD claim:

a. Defendant Lincoln has effectively treated them as a single continuous benefit period by approving the LTD without an application.

b. Defendants are equitably estopped from asserting that the STD and LTD policies are unrelated or governed by undisclosed procedures because they represented the transition between benefits as 'automatic' while failing to produce a separate STD policy number or plan documents upon request.

c. Defendants' collective failure to provide the STD policy, while simultaneously using its records as the sole basis for the LTD determination, constitutes a denial of Plaintiff's right to a "full and fair review" under 29 U.S.C. § 1133, as Plaintiff was prevented from verifying the specific terms, internal criteria, or administrative procedures used to evaluate her primary claim

32. Plaintiff received short-term documents from Defendants Wellmark on February 14, 2023, only 27 pages. Yet Defendants Wellmark produced a 50 page document in 2 motion to dismiss attempts in this case.

33. Plaintiff sent a new request on February 27, 2024, to both Defendants Lincoln and Wellmark requesting additional documents under 29 U.S.C. § 1024(b)(4) See Exhibit A

34. Defendants have not complied with the request made on February 27, 2024.

35. On December 29, 2023, Defendant Wellmark's Human Resources Benefit Analyst, Sheri Ragan, explicitly refused Plaintiff's request for plan documents via email, stating: "Unfortunately, I will not be able to send you those documents. It is not our practice to send internal Wellmark documents to requests that are made outside of Wellmark." (See Exhibit C)

36. Referencing Number 35 This refusal constitutes a per se violation of 29 U.S.C. § 1024(b)(4), which mandates that a Plan Administrator furnish governing instruments to any participant or beneficiary upon written request, regardless of their current employment status.

37.On February 14, 2024, Defendant Wellmark provided a 27-page summary of the plan. However, this production was incomplete and failed to include the full governing legal instruments with information on any limitations.

38. On February 27, 2024, Plaintiff made a subsequent written request for the specific governing instruments that were omitted from the February 14th production. Defendant Wellmark again failed to provide the requested documents within the 30-day statutory period. Exhibit A

39.Defendant Wellmark continued to withhold the complete, 50-page Master Policy—the primary legal instrument under which the Plan is operated—until it was eventually produced as an exhibit to Defendant's Motion to Dismiss in 2026.

40. By withholding the Master Policy and only providing a partial summary, Defendant Wellmark deprived Plaintiff of the "rulebook" necessary to understand the mandatory deadlines and "Proof of Loss" requirements during her administrative appeal and any limitations pertaining to bringing forth a complaint in court.

**COUNT I**

Against Defendant Lincoln: CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

41. The averments set forth in Paragraph 1 through 21 above are incorporated by reference against Lincoln.

42. The Plan provides the Plaintiff is entitled to disability income "Disability Benefits") based upon her becoming disabled within the meaning of the Plan.

43. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is unable to perform one or more of the Essential duties of own occupation.

44. Defendant denied Disability Benefits and benefit were discontinued on December 31, 2024. Plaintiff is entitled to payment of the Disability Benefits

under the Plan because her medical condition prevents her from performing the duties of period of own occupation.

45. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits. Plaintiff exhausted all administrative remedies.

**COUNT II**

Against Defendant Wellmark: FAILURE TO PROVIDE PLAN DOCUMENTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(A) AND (c)

46. Incorporating facts 22-40 by reference against defendant Wellmark.

47. Plaintiff made multiple written requests for governing plan instruments, including a request on December 28, 2023, and a subsequent, independent request on February 27, 2024

48. In the February 27, 2024 request, Plaintiff specifically demanded the Master Policy/Contract and other instruments under which the plan is operated, which are required to be furnished under 29 U.S.C. § 1024(b)(4)

49. Defendant Wellmark, acting as the Plan Administrator, failed to provide these documents within 30 days. The violation for the February 2024 request accrued on March 29, 2024, making this claim timely under the applicable statute of limitation "As evidenced by the 2024 Form 5500 filed with the Department of Labor (Exhibit B to Plaintiff's Motion), Defendant Wellmark, Inc. is the designated Plan Administrator. As such, it is the party legally responsible for furnishing the 'latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated' pursuant to 29 U.S.C. § 1024(b)(4)."

50. Pursuant to 29 U.S.C. § 1132(c)(1), Plaintiff requests that the Court impose a penalty of $110 per day against Defendant Wellmark INC. for each day of non-compliance following the 30-day statutory period

51. Plaintiff was severely prejudiced by this failure, as she was forced to navigate a complex appeal process without the "rulebook" defining the mandatory deadlines and "proof of loss" requirements.

52. Defendant Wellmark has not produced the STD/LTD polocies and other request made on February 27.2024

**PRAYER FOR RELIEF WHEREFORE,** Plaintiff, Sharilyn Ervin, respectfully requests that this Court enter judgment in her favor and against Defendants, providing the following relief:

1.Declaratory Relief: A declaration that Defendants are obligated to pay Plaintiff all past-due Disability Benefits under the terms of the Plan; Against Lincoln

2.Injunctive Relief: An order reinstating Plaintiff's monthly long-term disability benefits and any other employee benefits for which she is eligible; Against Lincoln

3.Statutory Penalties: An award of statutory penalties against Defendant Wellmark pursuant to 29 U.S.C. § 1132(c)(1) in the amount of $110 per day, calculated starting March 29, 2024 (31 days after the February 27, 2024

written request) until the required governing instruments were produced to the Plaintiff;

4.Full and Fair Review: A finding that Defendants' procedural irregularities, including the failure to provide documents and the failure to provide specific reasons for denial, constituted a denial of a "full and fair review" under 29 U.S.C. § 1133; Against Lincoln

5.Fees and Costs: An award of reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1); and

6.Other Relief: Such other and further relief as the Court deems just and equitable

/s/ Sharilyn Ervin

8790 EP True Parkway, #303 West Des Moines, IA 50266 Telephone-515-423-1809 Email- ervinsharilyn2009@yahoo.com Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2026 I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN

AND

Brenda K. Wallrichs AT0008203 118 Third Avenue SE, Suite 700 P. O. Box 1927 Cedar Rapids, IA 52406-1927 Phone: (319) 365-1184 Fax: (319) 365-1186 E-mail: bwallrichs@lwclawyers.com Iwana Rademaekers 17304 Preston Road, Suite 800 Dallas, Texas 75252 Main: (214) 579-9319 Fax: (469) 444-6456 Email: iwana@rademaekerslaw.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY