UNITED STATES DISTRICT

COURT SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br>LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN,<br><br>WELLMARK, INC. (d/b/a Wellmark Blue Cross and Blue Shield of Iowa); and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN<br><br>Defendants | Case No. 4:25-CV-00438-RGE-HCA<br><br>PLAINTIFF'S NOTICE TO THE COURT REGARDING MEET AND CONFER EFFORTS |

**Comes Now,** Plaintiff, Sharilyn Ervin, respectfully submits this Notice to advise the Court of the status of the meet and confer process regarding Plaintiff's Superseding Motion for Leave to Amend (Doc. 30).

1. Consistent with Local Rule 7(k), Plaintiff reached out to Counsel for both Defendants on March 24, 2026, and again on March 28, 2026, to determine if the correction of the misnomer (identifying Wellmark, Inc. as the Plan Administrator) was opposed among other issues.
2. Plaintiff specifically informed Counsel that an independent search of the Department of Labor (DOL) database yielded the 2024 Form 5500, which identifies Wellmark, Inc. as the Plan Administrator.

3. Plaintiff requested a response by noon today, March 30, 2026, regarding whether Defendants would withdraw their opposition to the amendment in light of this public record.
4. As of the filing of this Notice, Counsel for Defendants has provided no response to Plaintiff's inquiries.
5. Consequently, Plaintiff must proceed with the understanding that the Motion (Doc. 30) remains Opposed.
6. Plaintiff's Superseding Motion (Doc. 30) directly addresses the two primary arguments raised in Defendants' Motion to Dismiss (Doc. 25-1): the alleged naming of an incorrect party and the statute of limitations:

- Correct Party is corrected by identifying Wellmark, Inc. via the Form 5500 and Policy Sponsor header, Plaintiff has named the proper Plan Administrator liable for statutory penalties under 29 U.S.C. § 1132(c).
- Statute of Limitations is corrected by clarifying the specific request date in 2024, and the subsequent start of the violation on March 29, 2024, the claims are well within the two-year limitations period.

7. Given that Doc. 30 cures the specific issues raised by Defendants, Plaintiff sees no good-faith basis for their continued non-consent or the 'silent treatment' currently being employed.

Plaintiff requests that the Court consider this lack of communication when reviewing the reasonableness of the pending Motion and the necessity of Plaintiff's independent research to identify the correct statutory parties.

Despite a formal statutory request(s)in 2024, 2025 and a follow-up inquiry on March 26, 2026, the Defendants have failed to produce the governing Plan instruments. Under 29 U.S.C. § 1024(b)(4), the Plan Administrator has a strict legal mandate to furnish these documents upon written request; the law does not permit a fiduciary to send beneficiaries on a wild goose chase to independent government databases just to understand the basic terms of their own benefits.

Plaintiff submits three (3) Exhibits none of which have yielded a substantive response to the core issue of identifying the correct Plan Administrator:

**Exhibit A**: Email dated March 24, 2026, inquiring into the specific basis for Defendants' opposition.

**Exhibit B**: Statutory Document Demand dated March 26, 2026, requesting the Form 5500 and other governing documents.

**Exhibit C**: Final Meet and Confer Email dated March 28, 2026, providing the discovered Form 5500 and requesting a withdrawal of opposition.

**Ehibit D:** Plaintiff responding in good faith to Defendants request for an extension that grants the defense time to reply.

**Wherefore,** For the reasons set forth above, Plaintiff respectfully requests that the Court grant the Superseding Motion for Leave to Amend (Doc. 30). Granting this Motion ensures

that the correct legal entity—Wellmark, Inc., as the designated Plan Administrator—is properly named in this action. This correction is essential to allow for proper service of process and to ensure the Court can adjudicate the statutory penalty claims against the party legally mandated to provide Plan instruments under ERISA.

Respectfully submitted, /s/ Sharilyn Ervin

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN

Brenda K. Wallrichs AT0008203 118 Third Avenue SE, Suite 700 P. O. Box 1927 Cedar Rapids, IA 52406-1927 Phone: (319) 365-1184 Fax: (319) 365-1186 E-mail: bwallrichs@lwclawyers.com Iwana Rademaekers 17304 Preston Road, Suite 800 Dallas, Texas 75252 Main: (214) 579-9319 Fax: (469) 444-6456 Email: 3 iwana@rademaekerslaw.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

/s/ Sharilyn Ervin 8790 EP True Parkway, #303 West Des Moines, IA 50266 Telephone-515-423 1809 Email- ervinsharilyn2009@yahoo.com Pro Se Plaintiff