## Meet and Confer-Case 4:25-cv-00438-RGE-HCA Ervin v. Lincoln National Life Insurance Company et al -

From: Sharilyn Ervin (ervinsharilyn2009@yahoo.com)

To: bwallrichs@lwclawyers.com; bpr@nyemaster.com; lcbehaunek@nyemaster.com; iwana@rademaekerslaw.com

Date: Saturday, March 28, 2026 at 11:33 AM CDT

---

Counsel,

I am writing regarding the recently filed Motion for Leave to Amend (Doc. 27) and the Superseding Motion (Doc. 30).

Upon further review, it was determined that a defendant was possibly incorrectly named in the initial complaint. Doc. 30 was filed to properly identify Wellmark Inc. and correct this misnomer. The Form 5500(EXH 7 DOC 30) for the Wellmark, Inc. Welfare Benefit Wrap-Around Plan (EIN 42-0318333) confirms that Wellmark, Inc. is the designated Plan Administrator. Doc. 30 ensures the correct statutory party is named for the penalty claims.

I previously reached out to both parties on March 24, 2026, to inquire whether my request for leave to amend was opposed and, if so, the specific basis for that opposition. I received no response from either party. As a result, I am proceeding with Doc. 30 to ensure the correct statutory parties are named and to resolve the 'misnomer' issues raised in the pending Motion to Dismiss.

I specifically requested the Form 5500 from Ms. Behaunek on March 26, 2026, to clarify the identity of the Plan Administrator. Having received no response, I was forced to perform my own research via the Department of Labor (DOL) website.

My independent search successfully located the 2024 Form 5500, which explicitly identifies Wellmark, Inc. as the Plan Administrator. This lack of transparency and the resulting delay has significantly hindered the meet and confer process, necessitating this urgent filing to ensure the correct statutory parties are named before any potential limitation's periods expire

Please advise if your clients continue to oppose the request for leave to amend in light of this correction. If the opposition is withdrawn, I will notify the court that the request in Doc. 30 is now unopposed on 3/30/2026. If not, I will file a notice, it is opposed by both parties on 3/30/26. I appreciate a response as soon as possible.

EXHIBT C

Regarding the pending motion to amend as this case is in its earliest stages and a scheduling order has not yet been entered, I am proceeding under the liberal amendment standard of Federal Rule of Civil Procedure 15(a).

Correcting a misnomer (the naming of a party) at this juncture is a routine matter intended to ensure the record is accurate before discovery begins. Given that there is no "undue delay, bad faith, or dilatory motive" (*Foman v. Davis*, 371 U.S. 178), and no prejudice to your clients, I would appreciate your cooperation in treating this as an unopposed correction to avoid wasting the Court's time on a settled procedural point.

Please let me know by 3/30/2026 noon on your position and if you will withdraw your opposition so I may update the Court accordingly

Regards,