UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND WELLMARK INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**WELLMARK INC. GROUP DISABILITY INCOME PLAN'S RESISTANCE TO PLAINTIFF'S MOTION TO FILE A SUPERSEDING AMENDED COMPLAINT [ECF NO. 30]** |

**TABLE OF CONTENTS**


INTRODUCTION ........ 2

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........ 2

LEGAL STANDARD ........ 6

ARGUMENT ........ 7

I. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT CURE ITS LEGAL FAILINGS WITH REGARD TO ANY LTD PLAN-RELATED CLAIM ASSERTED AGAINST WELLMARK. ........ 7

II. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT CURE ITS LEGAL FAILINGS WITH REGARD TO PLAINTIFF'S STD-PLAN DOCUMENTS CLAIM PREMISED ON PLAINTIFF'S DECEMBER 28, 2023 REQUEST. ........ 9

III. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT STATE A VIABLE CLAIM FOR RELIEF AS TO HER FEBRUARY 27, 2024 RENEWAL OF HER DECEMBER 28, 2023 STD PLAN DOCUMENT REQUEST. ........ 10

CONCLUSION ........ 13

## INTRODUCTION

Plaintiff Sharilyn Ervin ("Plaintiff" or "Ervin"), who is proceeding *pro se*, is for the second and third times attempting to amend her lawsuit against both the claims administrator and the listed Plan Sponsor for her long-term disability ("LTD") plan (the "Plan") wherein she seeks to adjudicate her dispute after her claim for LTD benefits was denied and to seek redress against her short-term disability ("STD") Plan Sponsor related to a request for documents. She attempts to add allegations to her complaint that include neither new information nor information that can provide her relief against Defendant Wellmark In. Group Disability Income Plan ("Wellmark"). Given that she has amended her complaint once, with consent of the parties, she now may only amend her complaint with party consent or leave of this Court. *See* Fed. R. Civ. P. 15(a)(2). The Court should deny Plaintiff's request to amend her complaint, or at most, permit one final amendment, as the constant amendments in an attempt to respond to Wellmark's well-founded dismissal arguments with information that was previously known to Plaintiff and should have been asserted previously is prejudicial to Wellmark.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Long-Term Disability Plan

Plaintiff was previously employed by Wellmark, Inc. ECF No. 30-3, p. 2, ¶ 6. Wellmark, Inc. provided the Plan for its employees—including Plaintiff. ECF No. 30-3, p. 2, ¶ 5. Plaintiff has alleged that the Plan is a fully-insured plan for which Defendant The Lincoln National Insurance Company ("Lincoln") maintains complete discretion over the payment of LTD benefits and adjudication of claims. *See* ECF No. 30-3, p. 2, ¶ 4 (setting forth that Lincoln "is the claims administrator and insurer for the LTD plan Policy Number: GF3-840-435301-02"); ¶ 8

[1] All information stated herein is assumed true solely for purposes of this motion to dismiss.

("Defendant Lincoln is the fiduciary who approved Ms. Ervin's long-term disability benefits around May 2024 and paid the benefits"); ¶ 9 ("Lincoln denied the [LTD benefits] claim . . . ."); p. 3, ¶ 13 ("Lincoln failed to provide a full and fair review and did not provide a reason why there was no weight given to treating doctors. Lincoln also failed to have over 35 medical documents reviewed by as [sic] medical doctor during the appeal."). The Plan documents support this conclusion as well.

Specifically, the Plan states that Lincoln at all times is the fiduciary that exercises decision-making with regard to when benefits will be paid under the terms of the Policy: "Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding." Ex. A, p. 39. Other terms reinforce Lincoln's comprehensive discretion and fiduciary role with regard to this fully-insured plan:

- "When Lincoln receives Proof that a Covered Person is Disabled . . . , Lincoln will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy." Ex. A, p. 23.

- "The Proof must be given upon Lincoln's request and at the Covered Person's expense." Ex. A, p. 23.

- "Lincoln reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered." Ex. A, p. 36.

- "Lincoln, at its own expense, may have the right and opportunity to have a Covered Person, whose Injury or Sickness is the basis of a claim, examined or evaluated at reasonable intervals deemed necessary by Lincoln." Ex. A, p. 38.

Further, all notices of claims and supporting proof are required to be submitted solely to Lincoln. Ex. A, p. 40. "Lincoln reserves the right to determine if the Covered Person's Proof of loss is satisfactory." Ex. A, p. 40. Additionally, if any overpayment is made on a claim, then *Lincoln* has the right to recover any such overpayment. Ex. A, p. 41.

The Class 2 Certificate of Coverage for the Plan (the "Certificate"), reinforces that Lincoln is the fiduciary exercising discretion over the provision or denial of LTD benefits under the Plan. *See* Ex. B, p. 37 ("Lincoln shall possess the authority, in its sole discretion, to construe the terms of this plan and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this plan and benefit eligibility shall be conclusive and binding."); pp. 44-47 (setting forth the claim denial appeal process, which requires the participant to appeal any decisions made by Lincoln to Lincoln directly). Because this is a fully-insured plan, Wellmark, Inc.—as Plan Sponsor—pays the premiums for the Plan, though the "Benefits of the Plan are insured" by the insurance company: Lincoln. Ex. B, p. 41. As Plaintiff herself recognizes, any LTD benefits "paid to Ms. Ervin are paid from Lincoln's own assets . . . ." ECF No. 30-3, p. 3, ¶ 15.

**B. Short-Term Disability Plan**

Plaintiff attaches to her proposed Second Amended Complaint a copy of an email dated December 28, 2023, wherein she requests the summary plan description ("SPD") for her STD plan as well as for Family and Medical Leave Act ("FMLA") documents. *See* ECF No. 30-6.[2] Plaintiff admits that on February 14, 2023, she received a copy of the requested STD documents—a 27-page SPD. *See* ECF No. 30-3, ¶¶ 32, 37.[3] Less than two weeks later, Plaintiff sent another email to Wellmark seemingly renewing her prior request for STD plan documents. *See* ECF No. 30-4. Wellmark had just provided the operative STD SPD, and nothing had changed during that few week period of time, so there was nothing new to provide to Plaintiff, as the additional documents

[2] Plaintiff has not at any time in this lawsuit asserted any claim related to the FMLA.
[3] A copy of that SPD is thus provided herewith as Exhibit C since it is incorporated by reference into Plaintiff's proposed Second Amended Complaint. *See* Declaration of Bryan O'Neill, ¶ 5; Exhibit C.

listed in Plaintiff's email (which merely recited the statute) either did not exist for the STD Plan or were publicly available to her at all times. *See* Bryan O'Neill Declaration at ¶¶ 7-10.

### C. Procedural History

On February 26, 2026, Plaintiff filed her First Amended Complaint against Lincoln and Wellmark (collectively, the "Defendants") in this Court. In her First Amended Complaint, Plaintiff requests that this Court declare that she should receive LTD benefits, address purported procedural abuses associated with Lincoln's handling of her LTD benefits claim and appeal, and find that Wellmark failed to timely provide STD plan documents following her December 28, 2023 request for such documents. *See* ECF No. 22, pp. 6-7. On March 9, 2026, Wellmark filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") and supporting documents. *See* ECF No. 25, 25-1, 25-2, 25-3, and 25-4. Wellmark argued in its Motion to Dismiss that Plaintiff failed to state a claim for relief against Wellmark on her LTD benefits claim and that Plaintiff failed to bring her STD plan documents claim prior to the expiration of the applicable statute of limitations. *Id.* On March 23, 2026, Plaintiff resisted the Motion to Dismiss. *See* ECF No. 26.

On March 25, 2026, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which was not consented to by the Defendants. *See* ECF No. 27. The proposed Second Amended Complaint was filed at the same time. *See* ECF No. 27-2. Wellmark's deadline to respond was April 8, 2026. Just a few days later, however, on March 28, 2026, Plaintiff filed a Motion to Withdraw and File a Superseding Amended Complaint wherein she requested to withdraw her motion at ECF No. 27 and the filings provided therewith "in its entirety to prevent docket confusion" and file another document entitled "Second Amended Complaint" provided therewith. *See* ECF Nos. 30, 30-3. Wellmark's response deadline to Plaintiff's newest motion is April 13,

2026. On April 7, 2026, Wellmark filed a Notice with the Court to indicate its consent for Plaintiff to withdraw her filings at ECF No. 27. *See* ECF No. 32.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure Rule 15(a), a plaintiff who has previously amended a complaint once as a matter of course may do so again only with the consent of the opposing party or with the Court's permission. *See* Fed. R. Civ. P. 15(a)(2). "The decision to grant leave to amend is within the sound discretion of the district court." *Sweat v. City of Fort Smith, Arkansas*, 265 F.3d 692, 698 (8th Cir. 2001); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court may deny 'a motion for leave to amend when there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."'" *Penguin Random House LLC v. Robbins*, No. 4:23-CV-00478-SHL-SBJ, 2024 WL 1699115, at *2 (S.D. Iowa Mar. 28, 2024) (quoting *Anderson v. Bank of the W.*, 23 F.4th 1056, 1060 (8th Cir. 2022). Further, "a court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal." *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 384 F. Supp. 2d 1334, 1348 (S.D. Iowa 2005), *aff'd*, 464 F.3d 1339 (Fed. Cir. 2006) (citing *Mississippi River Revival, Inc. v. City of Minneapolis,* 319 F.3d 1013, 1018 (8th Cir. 2003).

Here, the Court should deny Plaintiff's request to amend her complaint for a second time because the amendments do not cure her pleading deficiencies and will not save her claims from dismissal. To the extent she continues to seek any relief from Wellmark in relation to her LTD benefits determination and the Plan, her proposed amended pleading does not redress the legal failings of that claim as set forth in Wellmark's previously-filed Motion to Dismiss. *See* ECF Nos. 25, 25-1. Further, her proposed amended pleading does not redress the statute of limitations issue with regard to her December 28, 2023 request for STD plan documents, as previously set forth in

Wellmark's dismissal papers. *Id.* Finally, the new information she seeks to add related to her February 27, 2024 reiteration of her December 2023 request for STD plan documents does not cure the statute of limitations associated with her December 2023 request, nor should it be allowed as it includes information Plaintiff has known about such that she should have pursued such claim before her most recent motion to amend—in other words, this is not a situation where she received "new information" such that she now is aware of the existence of a new claim related to her request for documents from two years ago. Due to the futility of Plaintiff's amendments, denial of her motion is warranted.[4]

## ARGUMENT

### I. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT CURE ITS LEGAL FAILINGS WITH REGARD TO ANY LTD PLAN-RELATED CLAIM ASSERTED AGAINST WELLMARK.

Wellmark previously explained in full why Plaintiff's LTD benefits claim against Wellmark should be dismissed for failure to state a claim for relief. *See* ECF Nos. 25, 25-1. In her proposed Second Amended Complaint, although Plaintiff sets forth her LTD benefits claim and requested damages separately from her plan documents claim, she continues to assert allegations against *both* Defendants associated with her LTD benefits claim. *See* ECF No. 30-3. To the extent Plaintiff is still asserting allegations regarding LTD benefits determinations and her LTD benefits appeal against Wellmark, such allegations and any damages sought for a purported violation of ERISA as

[4] Wellmark is also prejudiced in the form of a constant need to address new allegations and claims that could have been but were not originally asserted by Plaintiff following Wellmark's motion to dismiss that pointed out the failings of Plaintiff's pleadings. Every time she attempts to cure a noted deficiency, Wellmark has to incur additional fees to respond to the newest permutation of her claims, when she could have raised all of her related claims at the outset in a single comprehensive pleading.

it pertains to her LTD Plan do not cure the deficiencies previously articulated by Wellmark. *See* ECF Nos. 25, 25-1, 30-3.

Wellmark is not a proper defendant for the LTD claims in this case because it lacked any authority under the Plan terms to make benefit determinations or facilitate the claim submission, denial, or appeal processes. *See* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47. Instead, the discretion to make benefits determinations and facilitate and adjudicate any claim submissions, denials, and appeals rested solely with Lincoln. Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47. "Only the party that controls the administration of an ERISA plan is a proper defendant in an action concerning benefits." *Sentelik v. Nash Finch Co.*, No. 3:09-cv-00118-JEG, 2010 WL 11614250, *2 (S.D. Iowa Mar. 29, 2010) (citing *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2005) ("Under ERISA a person is a fiduciary only with respect to those aspects of the plan over which he or she exercises authority or control," which means that [w]hen an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a 'fiduciary' for ERISA purposes," and the employer that lacks "control or influence [over] the decision to deny benefits is not a fiduciary with respect to denial of benefit claims"); *Cunningham v. Assoc. Benefits Cor.*, No. 4:01-CV-10288, 2001 WL 1678747, *3 (S.D. Iowa Oct. 19, 2001) (granting motion to dismiss where although the employer was listed as "plan administrator" in the plan documents, the insurance company that served as claims administrator "possessed full control over decisions regarding eligibility and plan interpretation" such that the employer was "not a proper party defendant" in the case). This is because "[a] party is only liable for its *own* breach of fiduciary responsibility except in certain circumstances not applicable here." *Sentelik*, 2010 WL 11614250, *2. (emphasis added).

Just as in *Sentelik*, the facts here are straightforward and support the conclusion that Wellmark is not a proper defendant as it pertains to Plaintiff's LTD benefits-related claim and corresponding proposed remedies. Her request for unpaid LTD benefits, and reinstatement of those benefits going forward, is a claim that can only be pursued against the entity retaining discretionary authority to (1) determine claim eligibility and/or (2) pay such benefits. Lincoln has the sole discretion to make LTD eligibility decisions and is the entity that ultimately pays out such benefits from its own assets. *See* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47.

Additionally, to the extent Plaintiff's claim can be construed to seek recourse for purported procedural abuses during her claim submission, denial, and appeal processes, all of those allegations are directed toward Lincoln's conduct and processes within Lincoln's sole discretion and control. *See* ECF No. 30-3, p. 2, ¶¶ 4, 8-9; p. 3, ¶¶ 10-16; p. 4, ¶¶ 17, 20-21; *see also* Ex. A, pp. 23, 36, 38-41; Ex. B, pp. 37, 41, 44-47.

Because only Lincoln held discretionary authority over claim decisions—including the processes for appealing any denial of a claim for LTD benefits—only Lincoln is a proper defendant for adjudication of Plaintiff's LTD claim and requested relief. To the extent Plaintiff's proposed Second Amended Complaint seeks to include Wellmark in her LTD benefits-related claim, her new proposed pleading is futile.

## II. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT CURE ITS LEGAL FAILINGS WITH REGARD TO PLAINTIFF'S STD-PLAN DOCUMENTS CLAIM PREMISED ON PLAINTIFF'S DECEMBER 28, 2023 REQUEST.

As Wellmark argued in its Motion to Dismiss, Plaintiff's claim against Wellmark associated with her request for STD Plan documents on December 28, 2023 had a two-year statute of limitations that expired on January 28, 2026. *See* ECF No. 25-1, pp. 8-9; *see also Rote v. Titan Tire Corp.*, No. 4:07-cv-00496, 2009 WL 1485808, **5-6 (S.D. Iowa May 27, 2009). Plaintiff did not

file her STD Plan documents claim against Wellmark until after that date on February 26, 2026. *See* ECF No. 22. Any attempt to re-file that same claim fails to cure this deficiency.

Further, the relation-back doctrine does not apply to save Plaintiff's December 28, 2023 STD plan documents claim. Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading only relates back to the date of the original pleading when adding a new claim for relief if there is a "law that provides the applicable statute of limitations allows relation back" or "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." In this case, the original Complaint filed by Plaintiff only asserted claims associated with her LTD Plan. *See* ECF No. 1. There was no mention of any concern related to her STD Plan, nor was there any mention of a failure to provide documents when requested by the Plaintiff. *See id.* Only in her Amended Complaint filed at the end of February 2026 did Plaintiff assert a claim in this lawsuit against Wellmark related to her STD Plan. *See* ECF No. 22. Because Plaintiff cannot satisfy the relation back requirements in Rule 15(c), that doctrine does not save her late-filed claim.

Because Plaintiff cannot cure this statute of limitations deficiency, her STD plan documents claim premised on her December 28, 2023 request—and any requests she alludes to that occurred prior to December 28, 2023—will fail to state a claim for relief such that including them in her proposed Second Amended Complaint is futile.

## III. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT DOES NOT STATE A VIABLE CLAIM FOR RELIEF AS TO HER FEBRUARY 27, 2024 RENEWAL OF HER DECEMBER 28, 2023 STD PLAN DOCUMENT REQUEST.

The only new claim asserted by Plaintiff in her proposed Second Amended Complaint is an assertion that Wellmark violated ERISA when it failed to provide STD plan documents in

response to her renewed request on February 27, 2024 of her prior December 28, 2023 STD plan document request. *See* ECF No. 30-3, ¶¶ 32-33; ECF No. 30-4.

Specifically, Plaintiff provides a copy of her February 27, 2024 request for documents sent to Wellmark wherein she recited the applicable statute (29 U.S.C. § 1024(b)(4)) and reiterated her request for the STD plan document initially requested in December 2023. *See* ECF Nos. 30-4, 30-6. Nowhere in her communications to Wellmark on December 28, 2023 or February 27, 2024 did she mention any request for LTD plan documents; instead, her December 28, 2023 request expressly asked for STD and FMLA documents, and her February 27, 2024 request stated that "Wellmark previously failed follow [sic] federal law – to provide policy from initial request in December, 2023" –indicating that this was a renewed request for the same documents requested in December 2023. ECF Nos. 30-4, 30-6.

Plaintiff admits, however, that Wellmark did provide the summary plan description ("SPD") to her on February 14, 2024, shortly before her renewed request on February 27, 2024. *See* ECF No. 30-3, ¶ 37. Thus, there is no allegation in Plaintiff's proposed Second Amended Complaint that she did not receive, or that she was ever prejudiced in any manner, by any delay in providing the STD SPD to her on February 14, 2024 or by not providing an exact replica of that document two weeks later after she sent another email requesting the same exact document she had just received. *See, e.g., Baxter v. Briar Cliff College Group Ins. Plan*, 409 F. Supp. 2d 1108, 1130 (N.D. Iowa 2006) (refusing to award statutory penalties where the defendant did not provide the same exact plan documents multiple times in response to multiple requests for the exact same document when such documents were provided to the requesting party previously).

Further, a number of the additional documents she requests in response to her February 27, 2024 email related to her STD plan do not exist, so they could not possibly have been provided by

Wellmark. *See* Bryan O'Neill Declaration, ¶¶ 7-10. And, as Plaintiff has made clear to the Court, she has always had access to the Form 5500 for the Plan, as that is always a publicly-accessible document. *See* ECF No. 31-3 (setting forth that Plaintiff was independently able to review the Form 5500, which is always provided to the public). Because Wellmark provided a specifically-enumerated document under section 1024(b)(4)—i.e., the STD SPD—it did not have any obligation under ERISA to provide *additional* documents that memorialize how the STD plan was established or operated. *See Brown v. Am. Life Holdings, Inc.*, 64 F. Supp. 2d 882, 889 (S.D. Iowa 1998) (recognizing that the conjunction in section 1024(b)(4) means that under the plain language of the statute, the Plan Sponsor need only provide the specified documents (i.e. a SPD) OR "other documents under which the plan is established or operated that would provide such information"); *see also Sepulveda-Rodriquez v. MetLife Group, Inc.*, 936 F.3d 723, 731-32 (8th Cir. 2019) (recognizing that section 1024(b)(4) states "a plan administrator must furnish to participants and beneficiaries an SPD *or other instruments under which the plan is established or operated* . . . upon written request").

Finally, Plaintiff alleges she should have received the documents filed as Exhibits A and B with Wellmark's Motion to Dismiss in response to her February 27, 2024 request for STD plan documents. *See* ECF No. 30-3, ¶ 39. Exhibits A and B, however, are the LTD Policy and the Class 2 Certificate for the LTD Policy that pertain to Plaintiff's LTD benefits claim against Lincoln. *See* ECF Nos. 10-2, 10-3, 10-4. They are not STD plan documents. Thus, those documents would not have been responsive to Plaintiff's February 27, 2024 renewed request for STD plan documents.[5]

---

[5] To the extent Plaintiff's STD plan documents claim is being contorted into a claim that Plaintiff had requested a copy of the LTD Plan policy in February 2024, that does not comport with the actual communications between the parties. In an abundance of caution and attempt to be completely transparent, Wellmark provides additional communications with Plaintiff and with Plaintiff's former workers' compensation attorney to demonstrate that Wellmark had expressly

As Plaintiff admits, Wellmark provided the STD SPD, which provides the information the Plaintiff would need to make any STD claims, work through any appeal process, etc., and they are the instrument demonstrating how the STD plan is established and operated. *See* 29 U.S.C. § 1024(b)(4). Thus, based on the allegations in Plaintiff's proposed Second Amended Complaint, Wellmark has satisfied its statutory obligation to provide responsive documents to Plaintiff's February 27, 2024 STD plan documents request such that the amended pleading will not state a new claim for relief and would be futile if allowed to proceed as the operative complaint. Denial of her request to amend is therefore warranted.

**CONCLUSION**

For the foregoing reasons, Defendant Wellmark Inc. Group Disability Income Plan requests that the Court deny Plaintiff's request to amend her operative pleading by filing the Second Amended Complaint set forth at ECF No. 30-3 and for such other relief as the Court deems appropriate and just.


*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**


asked Plaintiff's attorney to have his client refrain from requesting information or documents from Wellmark while she was working through her workers' compensation process in early December 2023 and again in early February 2024, and Wellmark did in fact timely provide—through counsel—a copy of the LTD Plan Policy (which was later attached as Exhibit A in support of Wellmark's Motion to Dismiss) upon request in April 2024. *See* Bryan O'Neill Declaration at ¶¶ 5-10; Leslie Behaunek Declaration at ¶¶ 3-5; Exhibits D, E, F, G.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted Pro Hac Vice*

And

Brenda K. Wallrichs
Lederer Weston Craig PLC
118 Third Avenue SE, Suite 700
PO Box 1927
Cedar Rapids, IA 52406-1927
Telephone: (319) 365-1184
Facsimile: (319) 365-1186
Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

*/s/ Amanda Johnson*