IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY; and WELLMARK INC. GROUP DISABILITY INCOME PLAN,<br><br>Defendant. | 4:25-cv-00438-RGE-HCA<br><br>ORDER GRANTING MOTION TO WITHDRAW AND SUBSTITE AND GRANTING SUPERSEDING SECOND MOTION TO AMEND |

## I. BACKGROUND

Plaintiff Sharilyn Ervin ("Ervin") filed a Motion to Withdraw and Superseding Motion to Amend Complaint. ECF No. 30. Defendant Wellmark Inc. Group Disability Income Plan ("Wellmark") resisted the motion. ECF No. 33. Ervin's deadline to file a reply to Wellmark's resistance has not passed, but the Court finds a reply unnecessary and elects to rule on the motion without waiting for a reply. *See* LR 7(g). Neither party requested oral argument on the motion, and the Court finds a hearing is not necessary. *See* LR 7(c). The Court deems the motion ready for ruling. For the following reasons, the Court **grants** the motion.

## II. ANALYSIS

### A. Motion to Withdraw and Substitute

Ervin's motion first asks the Court to withdraw her previously filed second motion to amend, ECF No. 27, and allow her to file a superseding second motion to amend. ECF No. 30. Ervin attached the proposed superseding second motion to amend. ECF Nos. 30-1 to 30-7. The Court previously granted, ECF No. 21, Ervin's unopposed, First Motion to Amend the Complaint, ECF No. 20, and Ervin filed an Amended Complaint, ECF No. 22. In response, Wellmark filed a

motion to dismiss, ECF No. 25, and Ervin filed a second motion to amend the complaint, ECF No. 27. Before Wellmark responded to the second motion to amend, Ervin filed a motion to withdraw the second motion to amend and asked to substitute a superseding second motion to amend in place of the original second motion to amend. ECF No. 30. Wellmark consents to Ervin's request to withdraw her original second motion to amend, ECF No. 32. Wellmark, however, opposes granting Ervin's superseding second motion to amend. ECF No. 33.

"District courts have the duty and power to manage their dockets." *Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993) (citing *Janousek v. French*, 287 F.2d 616 (8th Cir. 1961)). The Court believes allowing Ervin to withdraw the original second motion to amend and substitute the superseding second motion to amend furthers the concept of judicial economy. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, the Court **grants** Ervin's motion to withdraw and substitute the superseding complaint. ECF No. 27 is hereby withdrawn and the Court treats ECF Nos. 30-1 through 30-7 as Ervin's Superseding Second Motion to Amend Complaint and supporting exhibits.

**B. Superseding Second Motion to Amend Complaint**

Next, the Court considers Ervin's Superseding Second Motion to Amend, ECF No. 30-1 through 30-7. Federal Rule of Civil Procedure 15 provides in pertinent part, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may "deny leave to amend 'where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."'" *Horras v. Am. Cap. Strategies, Ltd.*, 729

F.3d 798, 804 (8th Cir. 2013) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also Hammer v. City of Osage Beach,* 318 F.3d 832, 844 (8th Cir. 2003).

In the superseding second motion to amend, Ervin seeks to add new "Wellmark" defendants, additional factual allegations, and a second claim to the complaint. ECF No. 30-2. Wellmark resists the amendment, arguing the amendment would be futile as Ervin's proposed superseding second amended complaint would not cure the legal deficiencies present in the first amended complaint. ECF No. 33 at 7–13.

As an initial matter, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Therefore, the Court holds Ervin's filings to less-stringent standards given her status as a pro se litigant. *See Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)("[A pro se complaint] must be held to 'less stringent standards than formal pleadings drafted by lawyers'"). Even so, Ervin still must comply with court rules and requirements. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005).

Wellmark's arguments against Ervin's superseding second motion to amend are substantially similar to the arguments raised in the motions to dismiss. *Compare* ECF No. 33 *with* ECF Nos. 10, 25. The Court found Wellmark's first motion to dismiss moot after granting Ervin's first motion to amend, ECF No. 23, and has not issued a ruling on Wellmark's renewed motion to dismiss, ECF No. 25. Because the Court has not yet considered the merits of Wellmark's argument in a fully briefed motion to dismiss, the Court determines that the best course of action is to allow this final second amended complaint and address the merits in the context of a motion to dismiss.

Besides arguing the amendment would be futile, Wellmark briefly argues it is prejudiced by the repeated amendments. ECF No. 33 at 7 n. 4. While the superseding second amended complaint will require Wellmark to respond, the Court expects the responsive pleading will be substantially similar to Wellmark's previous motions to dismiss and resistance to this motion, minimizing the "additional fees" Wellmark would incur responding "to the newest permutation of [Ervin's] claims." *Id*. Additionally, the "obvious consequences" of a delay—such as "additional legal fees"—are insufficient to deny leave to amend. Order Granting Pl.'s Mot. Leave File at 7, *Thornton v. Am. Interstate Ins. Co.*, No. 1:23-cv-32-RGE-WPK (S.D. Iowa Oct. 14, 2024), ECF No. 40.

Because the Court is to construe pro se litigants' filings liberally and freely give leave to amend, the Court **grants** the superseding second motion to amend, ECF Nos. 30-1 through 30-7.

### C. Case Scheduling Deadlines

In the alternative, Wellmark asks the Court to permit Ervin to file only one final amended complaint, asserting "the constant amendments in an attempt to respond to Wellmark's well-founded dismissal arguments with information that was previously known to Plaintiff and should have been asserted previously is prejudicial to Wellmark." ECF No. 33 at 2. The Court agrees the superseding second amended complaint shall be the final one. The Court also finds that this case would benefit from additional case management tools and scheduling procedures. The Court will address these measures next.

Most of the cases that come before the Court require Rule 16 scheduling conferences and associated deadlines. Fed. R. Civ. P. 16. One of the required Rule 16 deadlines is a deadline for parties to amend pleadings and add parties. *Id*. 16(b)(3)(A). After the deadline to amend the pleadings passes, Rule 15's liberal amendment standard no longer applies. Fed. R. Civ. P.

15(a)(1)(f), 16(b)(4). Instead, Rule 16 governs, allowing courts to grant a motion to amend "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* L.R. 16(f); *Burke v. Lippert Components, Inc.*, 112 F.4th 574, 580 (8th Cir. 2014); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.") (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (emphasis and alteration in original).

In this case, Ervin brings claims under the Employee Retirement Income Security Act ("ERISA"). ECF No. 30-3 at 8–10; *see* 29 U.S.C. § 1132. ERISA claims are among the few cases the local rules exclude from Rule 16's scheduling order requirements. LR 16(d) ("A proposed scheduling order and discovery plan must be submitted in all civil cases, except for the following: . . . An action for judicial review based on an administrative record, such as. . . a claim-review case brought under the Employee Retirement Income Security Act of 1974"); Fed. R. Civ. P. 16(b)(1) ("Except in categories of actions exempted by local rule, the [judge] . . . must issue a scheduling order."). Instead, the local rules require parties seeking judicial review of an administrative record to "confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs" within 90 days of filing the complaint. LR 16(h). The parties have filed a proposed briefing schedule. ECF No. 34. The Court accepts the parties proposed briefing schedule and sets the following deadlines:

i) Lincoln National Life Insurance Company's deadline to serve the Administrative Record as a searchable PDF file: **May 30, 2026**
ii) Deadline to exchange initial disclosure: **July 1, 2026**
iii) Deadline to complete conflict of interest discovery: **September 30, 2026**
iv) Administrative Record to be filed under seal: **July 14, 2026**
v) Plaintiff's opening brief: **October 30, 2026**
vi) Defendants' briefs: **November 30, 2026**
vii) Plaintiff's reply briefs: **December 21, 2026**

## III. CONCLUSION

For the foregoing reasons, the Court **grants** Ervin's Motion to Withdraw and Superseding Motion to Amend Complaint, ECF No. 30., and **grants** Ervin's Superseding Second Motion to Amend Complaint, ECF No. 30-1. The Clerk shall detach and docket ECF Nos. 30-3 to 30-7 as Ervin's Second Amended Complaint. The Court also accepted the parties' proposed briefing schedule and set case management deadlines as noted above.

IT IS SO ORDERED.

Dated April 17, 2026.

Helen C. Adams
U.S. Magistrate Judge