**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff(s),<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. (d/b/a Wellmark Blue Cross and Blue Shield of Iowa); and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN<br><br>Defendants. | No. 4:25-cv-00438-RGE-HCA<br><br>**LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Second Amended Complaint (the "Complaint") filed by Plaintiff Sharilyn Ervin ("Plaintiff") and states as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Lincoln admits that the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA") and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that venue is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this allegation.

4. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that it issued Group Disability Income Policy Number GF3-840-435301-02 (the "Policy") to Wellmark, Inc. ("Wellmark"), which Policy, at certain times, insured benefits paid by the Wellmark, Inc. Group Disability Income Plan (the "LTD Plan"). Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Wellmark sponsored the LTD Plan to provide disability benefits to certain Wellmark employees and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln is without sufficient knowledge regarding Wellmark's status as a business entity and, accordingly, Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## SUMMARY OF ACTION

6. Lincoln admits that Plaintiff was, at certain times, employed by Wellmark as a Customer Experience Advocate I. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Wellmark, Inc. Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff was, at certain times, employed by Wellmark as a Customer Experience Advocate I and that Plaintiff's last day of work at Wellmark was November 14, 2023. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, her previous employer and, accordingly, denies those and all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits that it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it issued the Policy to Wellmark and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that documentation of communications between Lincoln and Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding

communications with, and actions or inactions by, her previous employer and, accordingly, denies those and all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it sent a letter to Plaintiff dated October 9, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 23 of the Complaint.

24. The allegations contained in Paragraph 24 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

25. Lincoln admits that it sent letters to Plaintiff dated April 29, 2024, and April 30, 2024, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

27. The allegations contained in Paragraph 27 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

28. The allegations contained in Paragraph 28 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

29. The allegations contained in Paragraph 29 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

30. Lincoln admits that it sent a letter to Plaintiff dated September 5, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it received a copy of email correspondence from Plaintiff dated February 27, 2024, which is contained in the administrative record, and Lincoln refers to the email itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

34. Lincoln admits it received a copy of email correspondence from Plaintiff dated February 27, 2024, which is contained in the administrative record, and Lincoln refers to the email itself as the best evidence of its contents. Lincoln specifically denies that this email contained any request for Lincoln to produce documents to Plaintiff. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

35. The allegations contained in Paragraph 35 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond.

37. The allegations contained in Paragraph 37 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 39 of the Complaint.

40. The allegations contained in Paragraph 40 appear to pertain to Wellmark and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information to either admit or deny Plaintiff's allegations regarding communications with, and actions or inactions by, Wellmark and, accordingly, denies those and all remaining allegations contained in Paragraph 40 of the Complaint.

**COUNT I**

**(Against Defendant Lincoln: CLAIM FOR BENEFITS UNDER THE PLAN - 29 U.S.C. § 1132(a)(1)(B))**

41. Lincoln incorporates its responses to Paragraphs 1-40 by reference as if fully set forth herein.

42. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that it sent a letter to Plaintiff dated December 31, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that it sent letters to Plaintiff dated December 31, 2024, and October 9, 2025, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales

that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

**COUNT II**

**Against Defendant Wellmark: FAILURE TO PROVIDE PLAN DOCUMETS PURSUANT TO 29 U.S.C. § 1132(a)(1)(A) AND (C)**

46-52. The allegations contained in Paragraphs 46-52 pertain only to Wellmark and, accordingly, Lincoln is not required to respond.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was arbitrary and capricious because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of any award of other

earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any amounts received from third parties under the Policy's subrogation and reimbursement provisions.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing from it by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: May 1, 2026

**LAW OFFICES OF IWANA RADEMAKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

**LEDERER WESTON CRAIG PLC**

By: /s/ Brenda K. Wallrichs
Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184

Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Cedar Rapids Division, using the ECF system which will send notification of such filing to the following individual or counsel of record:

**Pro Se Plaintiff**
Sharilyn Ervin
Email: ervinsharilyn2009@yahoo.com

**Counsel for Defendant**
**Wellmark, Inc. Group Disability Income Plan**
Leslie Christine Behaunek
Email: lcbehaunek@nyemaster.com
Benjamin Patrick Roach
Email: bproach@nyemaster.com

/s/ Iwana Rademaekers
Iwana Rademaekers