UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK INC., AND WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 37)** |

Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap-Around Plan (collectively referred to herein as "Wellmark"), by and through their undersigned counsel, hereby submit their Answer to the Second Amended Complaint filed at ECF No. 37 as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f),29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of the plan. 502(a)(1)(A) and 502(c), 29 U.S.C. § 1132(a)(1)(A) and § 1132(c)(1) for Defendant's failure to provide plan documents within 30 days of a written request as required by 29 U.S.C. § 1024(b)(4).

f29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 by failing to provide a full and fair review of Plaintiff's claim.

**ANSWER: Admitted that this Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA") and venue is proper in this Court. Denied as to the remainder of this paragraph to the extent it alleges Wellmark is liable for any violation of the law. Also deny to the extent it seeks to allege proper jurisdiction over the Plaintiff's time-barred claim associated with her request for STD plan documents in December 2023.**

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

**ANSWER: Admitted that venue is proper in this Court. Denied as to the remainder of this paragraph to the extent it alleges Wellmark is liable for any violation of the law.**

## PARTIES

3. Plaintiff, Sharilyn Ervin, is an adult individual who resides in West Des Moines, Iowa 50266.

**ANSWER: Admitted.**

4. Defendant, The Lincoln National Life Insurance Company, is the claims administrator and insurer for the LTD plan Policy Number: GF3-840-435301-02 defined by Erisa with its place of business located at 8801 Indian Hills Dr Omaha Nebraska 68114-4066.

**ANSWER: Admitted that Lincoln is an Indiana corporation with its principal place of business in Radnor, Pennsylvania. Admitted that Lincoln issued Group Disability Income Policy Number GF3-840-435301-02 (the "Policy") to Wellmark, Inc. Admitted that Lincoln was claims administrator for long-term disability plan for claims under the Policy. Denied as to the remainder of this paragraph for lack of knowledge.**

5. Defendant, The Wellmark, Inc. Group Disability IncomePlan, is the Plan under ERISA Policy Number: GF3-840-435301-02 administered by the Plan Sponsor, Wellmark Inc Plan Administrator 1331 Grand Avenue Station 1W408 Des Moines Iowa 50309. Defendant, Wellmark, Inc. is an Iowa corporation 1331 Grand Ave, Des Moines, IA 50309. Wellmark, Inc. is the Plan Sponsor and Plan Administrator of the Wellmark, Inc. Welfare Benefit Wrap-Around Plan (Plan No. 510) as defined by ERISA § 3(16)(A). Defendant Wellmark, Inc. Welfare Benefit Wrap-Around Plan is an employee benefit plan defined by ERISA § 3(1) is a proper defendant under ERISA §502(d) (1).

**ANSWER: Admitted that Plan GF3-840-435301-02 is The Wellmark, Inc. Group Disability Income Plan and that Wellmark, Inc. is the plan sponsor. Admitted that Wellmark, Inc., is located at 1331 Grand Avenue, Des Moines, Iowa 50309 and is an Iowa corporation. Further admitted that Wellmark, Inc. is the plan sponsor for the Wellmark, Inc. Welfare Benefit Wrap-Around Plan (Plan No. 510). Admitted that both of the referenced plans herein are governed by ERISA. Admitted that Wellmark, Inc., is the proper defendant for a claim pursued against the plan sponsor of either of these plans. Denied as to the remainder of this paragraph.**

## SUMMARY OF ACTION

6. Plaintiff, Sharilyn Ervin, was employed by Wellmark,Inc. asa Customer Service Advocate she was advised in 2023 to apply for short-term disability by Wellmark Inc HR person.

**ANSWER: Admitted that Plaintiff was employed as a Customer Experience Advocate I and that Plaintiff was advised she had the option to apply for short-term disability benefits in 2023 by a Wellmark employee. Denied as to the remainder of this paragraph.**

7. Around November 2023, Plaintiff was unable to continue working fulltime in her own occupation as a Customer Advocate 1 due to migraines, chronic neck pain, convergence CI degenerative disc as support by an X-Ray dated August 2025, depression, anxiety, sleep disturbances, and fatigue. Request for part time work was not approved.

**ANSWER: Admitted that around November 2023, Plaintiff was unable to continue working fulltime as a Customer Experience Advocate I due to medical conditions. Denied as to the remainder of this paragraph.**

8. Defendant Lincoln is the fudiciary who approved Ms. Ervin's long-term disability benefits around May 2024 and paid the benefits.

**ANSWER: Admitted that Lincoln was the fiduciary who made claim decisions in relation to Plaintiff's LTD benefits. Wellmark lacks knowledge to admit or deny the remaining allegations in this paragraph, so it is denied.**

9. After eight months of "own occupation" long-term benefits Lincoln denied the claim with reason based on medical judgement of peer review doctors and faxes.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

10. Prior to making the adverse decision on December 31, 2024, Lincoln did not advise Ms. Ervin their peer review doctor could not contact the treating doctors.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

11. During the course of Ms. Ervin's "own occupation" period of disability for long term benefits she supplied Lincoln with proof of disability despite Lincoln advising what "specific" proof was required.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

12. Ms. Ervin met and continues to meet the requirements of the insurance policy to receive monthly benefits under the LTD policy.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

13. Lincoln failed to provide a full and fair review and did not provide a reason why there was no weight given to treating doctors. Lincoln also failed to have over 35 medical documents reviewed by as medical doctor during the appeal.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

14. Without considering Ms. Ervin missed numerous workdays related to disability Lincoln denied LTD benefits. Lincoln was provided medical records of an Independent Medical Exam performed by board certified neurologist Dr Wolfe that noted several essential duties exacerbated medical conditions and could result in future injury.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

15. At all times Lincoln has been operating under inherent and structural conflicts of interest because any monthly benefits paid to Ms. Ervin are paid from Lincolns own assets with each payment depleting some of those same assets.

**ANSWER: Admitted that benefits paid to Plaintiff under the applicable LTD policy are paid by Lincoln. Denied as to the remainder of this paragraph as calling for a legal conclusion.**

16. The policy required Ms. Ervin to submit an Attending Physician Statement but Lincolns Christine C. advised one was not needed.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

17. Plaintiff appealed this denial and submitted updated diagnostic evidence, multiple letters, and Attending Physician Statements that refute reviews Lincoln relied upon in its denial.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

18. Prior employer Wellmark Inc. did not approve part-time employment Ms. Ervin's treating physician, Dr Schissel M.D., sent numerous letters with objective evidence that support medical restrictions including not working more than four hours per day. Limit sitting to four house a day. Limit screen time, and notates limitations due to fatigue making it impossible to maintain continual employment.

**ANSWER: Admitted that around November 2023, Plaintiff was unable to continue working fulltime as a Customer Experience Advocate I due to medical conditions. Denied as to the remainder of this paragraph.**

19. The long-term disability policy for "own occupation" requires that to receive benefits you must meet the following definition of disability:

(a) are unable to perform the Material and Substantial Duties of your Regular Job due to your Sickness or Injury;

(b) Regular attendance of a Physician.

(c) are under treatment that is available

**ANSWER: The LTD policy speaks for itself. This paragraph is denied to the extent it is inconsistent with the plain language of the policy.**

20. Defendants added 45-day extension to appeal without following Erisa guidelines. Lincoln had 21 days after tolling commenced, still no letter sent requesting 45-day extension.

**ANSWER: Denied. Wellmark did not have any role in reviewing, approving, or denying Plaintiff's request for disability benefits, and it did not have any role in relation to Plaintiff's appeal of her denied claim.**

21. Defendants' denied appeal of long-term disability benefits, on October 9, 2025. Plaintiff has not received the monthly benefits to which she is entitled and has exhausted her administrative procedures.

**ANSWER: Denied. Wellmark did not have any role in reviewing, approving, or denying Plaintiff's request for disability benefits.**

22. Defendant Wellmark Inc., acting as Plan Administrator, failed to provide governing Plan.

**ANSWER: Denied.**

23. Defendant Wellmark prevented Plaintiff from timely accessing internal policies – including a link Wellmark provide that was of no use after termination.

**ANSWER: Denied.**

24. Wellmark Inc. is a proper defendant because it exercises discretion over the consequences of disability determinations, as evidenced by management admissions that disability approval is the direct trigger for employment termination.

**ANSWER: Denied. The only basis for Wellmark, Inc. to be a "proper defendant" is in relation to Plaintiff's allegation that she requested and did not receive STD plan documents.**

25. Plaintiff was never required to file a separate application for LTD benefits; rather, Defendant Lincoln automatically transitioned and approved the LTD claim in around April 2024 based on the same medical record used for the STD claim.

**ANSWER: Wellmark lacks knowledge to admit or deny the allegations in this paragraph, so it is denied.**

26. Wellmark interfered with disability benefits on more than one occasion In November 2023.

**ANSWER: Denied.**

27. Defendant Wellmark failed to provide plan documents when Plaintiff was terminated, and Plaintiff did not have access to any link or internal systems after termination to verify her rights.

**ANSWER: Denied to the extent this alleges Wellmark "failed" to do anything. Admitted that Plaintiff's access to internal systems was turned off after she was**

**terminated. Denied that Plaintiff lacked any ability to "verify her rights" after her termination. The remainder of this paragraph is denied.**

28. Defendant Wellmark is the administrator for the short-term disability plan.

**ANSWER: Admitted that Wellmark, Inc. is the plan administrator for the Wellmark, Inc. Short Term Disability Plan. Denied as to the remainder of this paragraph.**

29. Defendant Wellmark is the administrator for the long-term disability plan.

**ANSWER: Admitted that Wellmark, Inc. is the plan sponsor for the Wellmark, Inc. long-term disability plan that includes Policy Number GF3-840-435301-02. Denied as to the remainder of this paragraph.**

30. Defendant Lincoln sent Plaintiff a letter in September 2025 advising Defendant Wellmark was responsible for providing plan documents.

**ANSWER: Admitted that Lincoln sent Plaintiff a letter dated September 5, 2025. The letter speaks for itself. To the extent this paragraph is inconsistent with the information Lincoln communicated in that letter, it is denied. Further, this paragraph is denied to the extent it implies any obligation by Wellmark to provide documents to Plaintiff.**

31. Since the Defendant Lincoln explicitly stated that the LTD approval was based on the STD record, the two are legally intertwined is "incorporated by reference" into the LTD claim:

a. Defendant Lincoln has effectively treated them as a single continuous benefit period by approving the LTD without an application.

b. Defendants are equitably estopped from asserting that the STD and LTD policies are unrelated or governed by undisclosed procedures because they represented the transition between benefits as 'automatic' while failing to produce a separate STD policy number or plan documents upon request.

c. Defendants' collective failure to provide the STD policy, while simultaneously using its records as the sole basis for the LTD determination, constitutes a denial of Plaintiff's right to a "full and fair review" under 29

U.S.C. § 1133, as Plaintiff was prevented from verifying the specific terms, internal criteria, or administrative procedures used to evaluate her primary claim.

**ANSWER: This compilation of allegations is improper under Federal Rule of Civil Procedure 8, as it does not set forth a short, plain statement of the facts entitling Plaintiff to relief. This paragraph, and all of its sub-parts, are therefore denied in full.**

32. Plaintiff received short-term documents from Defendants Wellmark on February 14, 2023, only 27 pages. Yet Defendants Wellmark produced a 50 page document in 2 motion to dismiss attempts in this case.

**ANSWER: Admitted that Plaintiff received the 27-page STD Summary Plan Description on February 14, 2024. Admitted that Wellmark has submitted a separate LTD-related policy in support of prior motions in this case. Denied as to the remainder of this paragraph.**

33. Plaintiff sent a new request on February 27, 2024, to both Defendants Lincoln and Wellmark requesting additional documents under 29 U.S.C. § 1024(b)(4) See Exhibit A.

**ANSWER: Admitted that Plaintiff reiterated her prior request for the STD plan documents on February 27, 2024. Denied that this was a "new request".**

34. Defendants have not complied with the request made on February 27, 2024.

**ANSWER: Denied. Wellmark provided the requested STD Summary Plan Description shortly before the February 27 request, and the document had not changed during the following days. Wellmark has substantially complied with the requirements of the statute.**

35. On December 29, 2023, Defendant Wellmark's Human Resources Benefit Analyst, Sheri Ragan, explicitly refused Plaintiff's request for plan documents via email, stating: "Unfortunately, I will not be able to send you those documents. It is not our practice to send internal Wellmark documents to requests that are made outside of Wellmark." (See Exhibit C).

**ANSWER: The December 29, 2023 email speaks for itself. Denied that Wellmark refused to provide the STD Summary Plan Description to Plaintiff, as Wellmark did, in fact, provide a copy of that document to Plaintiff in February 2024.**

36. Referencing Number 35 This refusal constitutes a per se violation of 29 U.S.C. § 1024(b)(4), which mandates that a Plan Administrator furnish governing instruments to any participant or beneficiary upon written request, regardless of their current employment status.

**ANSWER: Denied. The statute speaks for itself.**

37. On February 14, 2024, Defendant Wellmark provided a 27-page summary of the plan. However, this production was incomplete and failed to include the full governing legal instruments with information on any limitations.

**ANSWER: Admitted that on February 14, 2024, Wellmark provided the 27-page STD Summary Plan Description as-requested by Plaintiff. Denied as to the remainder of this paragraph.**

38. On February 27, 2024, Plaintiff made a subsequent written request for the specific governing instruments that were omitted from the February 24th production. Defendant Wellmark again failed to provide the requested documents within the 30-day statutory period. Exhibit A.

**ANSWER: Admitted that Plaintiff reiterated her request for STD plan documents on February 27, 2024. Her correspondence on that date speaks for itself. She received those documents from Wellmark shortly before February 27, and they had not changed in the several day timeframe that had elapsed. Denied as to the remainder of this paragraph.**

39. Defendant Wellmark continued to withhold the complete, 50-page Master Policy—the primary legal instrument under which the Plan is operated—until it was eventually produced as an exhibit to Defendant's Motion to Dismiss in 2026.

**ANSWER: Denied. Plaintiff is confusing the Master Policy for the LTD plan, which was previously provided to her *and* which was not part of her document request at issue in this lawsuit.**

40. By withholding the Master Policy and only providing a partial summary, Defendant Wellmark deprived Plaintiff the "rulebook" necessary to understand the mandatory deadlines and

"Proof of Loss" requirements during her administrative appeal and any limitations pertaining to bringing forth a complaint in court.

**ANSWER: Denied.**

**<u>COUNT I</u>**

41. The averments set forth in Paragraph 1 through 21 above are incorporated by reference against Lincoln.

**ANSWER: This claim is pursued only against Lincoln, so no response by Wellmark is required.**

42. The Plan provides the Plaintiff is entitled to disability income "Disability Benefits") based upon her becoming disabled within the meaning of the Plan.

**ANSWER: This claim is pursued only against Lincoln, so no response by Wellmark is required.**

43. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is unable to perform one or more of the Essential duties of own occupation.

**ANSWER: This claim is pursued only against Lincoln, so no response by Wellmark is required.**

44. Defendant denied Disability Benefits and benefit were discontinued on December 31, 2024. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical condition prevents her from performing the duties of period of own occupation.

**ANSWER: This claim is pursued only against Lincoln, so no response by Wellmark is required.**

45. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits. Plaintiff exhausted all administrative remedies.

**ANSWER: This claim is pursued only against Lincoln, so no response by Wellmark is required.**

**COUNT II**

46. Incorporating facts 22-40 by reference against defendant Wellmark.

**ANSWER: Wellmark hereby incorporates by reference its responses to the preceding paragraphs.**

47. Plaintiff made multiple written requests for governing plan instruments, including a request on December 28, 2023, and a subsequent, independent request on February 27, 2024.

**ANSWER: Admitted that Plaintiff made two requests for STD plan documents, one on December 28, 2023, and a reiteration of that request on February 27, 2024. The correspondence from Plaintiff on each of the listed dates speaks for itself. Denied as to the remainder of this paragraph.**

48. In the February 27, 2024 request, Plaintiff specifically demanded the Master Policy / Contract and other instruments under which the plan is operated, which are required to be furnished under 29 U.S.C. § 1024(b)(4).

**ANSWER: The February 27, 2024 correspondence speaks for itself. Denied to the extent this calls for a legal conclusion.**

49. Defendant Wellmark, acting as the Plan Administrator, failed to provide these documents within 30 days. The violation for the February 2024 request accrued on Mary 29, 2024, making this claim timely under the applicable statute of limitations "As evidence by the 2024 Form 5500 filed with the Department of Labor (Exhibit B to Plaintiff's Motion), Defendant Wellmark, Inc. is the designated Plan Administrator. As such, it is the party legally responsible for furnishing the 'latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated' pursuant to 29 U.S.C. § 1024(b)(4)."

**ANSWER: Denied.**

50. Pursuant to 29 U.S.C. § 1132(c)(1), Plaintiff requests that the Court impose a penalty of $110 per day against Defendant Wellmark INC. for each day of non-compliance following the 30-day statutory period.

**ANSWER: Denied. Wellmark requests that this Court dismiss Plaintiff's claim against Wellmark with prejudice.**

51. Plaintiff was severely prejudiced by this failure, as she was forced to navigate a complex appeal process without the "rulebook" defining the mandatory deadlines and "proof of loss" requirements.

**ANSWER: Denied.**

52. Defendant Wellmark has not produced the STD / LTD polocies and other request made on February 27.2024.

**ANSWER: Denied. The request only sought documents related to the STD Plan, and those documents were provided or were already publicly-available to Plaintiff. The request at issue did not seek LTD documents.**

WHEREFORE, Wellmark requests that this Court deny Plaintiff's claims with prejudice, and for all other relief appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1. To the extent she asserts a claim for relief related to her December 2023 request for STD plan documents, that claim is barred by the applicable statute of limitations and should be dismissed with prejudice.

2. The Second Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales Plaintiff failed to raise in support of her claim against Wellmark.

4. Plaintiff's claim is barred, in whole or in part, because no act or omission by Wellmark, or by any person or entity for which Wellmark was responsible, was the proximate cause of any injury or harm alleged by Plaintiff, or because her injuries (if any) are the result of intervening or superseding causes, rather than any act or omission of Wellmark or any person or entity for which Wellmark was responsible.

5. Plaintiff's claim is barred due to the acts or omissions of third parties for whom Wellmark owes no legal responsibility.

6. Plaintiff's claim is barred or limited because, at all relevant times, Wellmark complied with all appliable laws, regulations, and standards, and has acted reasonably, appropriately, and in good faith.

7. Plaintiff's claim is barred, in whole or in part, by the following doctrines and legal theories: estoppel, laches, unclean hands, waiver, failure to mitigate, mistake, release, and/or failure to cooperate.

8. Wellmark reserves the right to identify and assert additional affirmative defenses.

## **REQUEST**

Wellmark requests that this Court enter judgment dismissing Plaintiff's claim against Wellmark with prejudice, that Wellmark be awarded its attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), and that Wellmark be awarded such other and further relief that the Court deems appropriate under the circumstances.

*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted Pro Hac Vice*

And

Brenda K. Wallrichs
Lederer Weston Craig PLC
118 Third Avenue SE, Suite 700
PO Box 1927
Cedar Rapids, IA 52406-1927
Telephone: (319) 365-1184
Facsimile: (319) 365-1186
Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

*/s/ Amanda Johnson*