UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK INC., AND WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN'S MOTION FOR PROTECTIVE ORDER**<br><br>***Expedited Relief Requested*** |

Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap-Around Plan (collectively referred to herein as "Wellmark"), by and through their undersigned counsel, hereby submit this Motion for Protective Order and state in support thereof as follows:

1. On November 4, 2025, Plaintiff filed a Complaint for a Civil Case ("Complaint") against Defendants The National Life Insurance Company ("Lincoln") and Wellmark (collectively, the "Defendants") in this Court. Wellmark was served with the Complaint on January 26, 2026.

2. On February 13, 2026, Wellmark filed its first Motion to Dismiss the Complaint. ECF No. 10.

3. On February 26, 2026, Plaintiff filed her First Amended Complaint following this Court' order granting her leave to do so. *See* ECF Nos. 21, 22.

4. On April 17, 2026, Plaintiff filed her Second Amended Complaint following this Court's order granting her leave to do so. *See* ECF Nos. 35, 37.

5. In her Second Amended Complaint, Plaintiff brings one claim (Count I) against Lincoln related to the denial of Long Term Disability ("LTD") benefits under 29 U.S.C. § 1132(a)(1)(B). *See* ECF No. 37, pp. 8-9.

6. In her Second Amended Complaint, Plaintiff brings one claim (Count II) against Wellmark for purported failure to provide Short Term Disability ("STD") plan documents under 29 U.S.C. § 1132(a)(1)(A) and (c). *See* ECF No. 37, pp. 9-10.

7. On April 15, 2026, the parties held a conference call to discuss discovery and scheduling in this case. At no point during that call did Plaintiff indicate a desire to conduct discovery aside from the exchange of initial disclosures, conflict of interest discovery directed to Lincoln National Life Insurance Company, and filing of the Administrative Record.

8. Later in the day on April 15, 2026, Plaintiff filed a Proposed Scheduling Order on behalf of the parties. *See* ECF No. 34.

9. On May 19, 2026, Plaintiff then served 22 Interrogatories, 31 Requests for Production of Documents, and 14 Requests for Admissions (collectively, the "Discovery Requests"). A true and accurate copy of those Discovery Requests are attached hereto as Exhibit 1.

10. Plaintiff's Discovery Requests go well beyond the narrow claim at issue in this litigation against Wellmark: Whether Wellmark provided Plaintiff with the operative STD plan documents related to her February 27, 2024 reiteration of her previous request for documents in December 2023.

11. Plaintiff's Discovery Requests seek far-reaching discovery about Wellmark's general processes in responding to document requests, which has no bearing on the present case.

12. Her Discovery Requests also seek information about Lincoln's role related to her STD and LTD plans. There is no claim in this case against any defendant regarding any claim for STD benefits. Further, the administrative record, in conjunction with the conflict-of-interest discovery sought by Plaintiff with Lincoln, is the only discovery that can be sought in relation to Plaintiff's LTD benefit-denial claim against Lincoln.

13. In short, the vast majority of Plaintiff's Discovery Requests seek information that is well outside the bounds of relevant information to any of the claims she is pursuing in this lawsuit. Wellmark is concerned that this will only continue, based on Plaintiff's discovery conduct in a separate pending case. *See Ervin v. Wellmark, Inc. et al.*, Case No. 4:25-cv-00086-RGE-HCA (S.D. Iowa).

14. Further, Wellmark is concerned that Plaintiff is now seeking discovery she never indicated she would be requesting during the parties' prior discovery conference, and it is anticipated she may seek further written discovery and/or depositions in the future that have no bearing on the narrow issues in this case.

15. Wellmark has proposed to Plaintiff that she withdraw her pending discovery requests because the parties had previously discussed discovery including only the administrative record, initial disclosures, and narrow conflict of interest discovery. This was memorialized in the parties' agreed proposed scheduling order.. Plaintiff refused to withdraw her pending discovery requests and indicated Wellmark could file its protective order "anytime" but that she would "not withdraw" the discovery she had served.

16. Lincoln Financial consents to the filing of this motion.

17. Wellmark has therefore satisfied Local Rule 7(k) and now seeks Court intervention.

18. Wellmark's objections and responses to the Discovery Requests are due on June 18, 2026. Wellmark therefore requests expedited relief given that the normal briefing schedule will not conclude until close to or after this deadline.

19. Wellmark provides herewith a brief in support of this motion in accordance with the Local Rules.

WHEREFORE, Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap-Around Plan request that the Court grant its Motion for Protective Order, including the following relief:

a) A complete stay of discovery until this motion is ruled on in full;

b) Quash the Discovery Requests;

c) State that Plaintiff is prohibited from taking any depositions in this case;

d) State that Plaintiff is prohibited from seeking any written discovery in this case beyond what is set forth in the agreed-upon Proposed Scheduling Order; and

e) For such other relief as the Court deems appropriate and just.

*/s/ Leslie Behaunek*

Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted Pro Hac Vice*

And

Brenda K. Wallrichs
Lederer Weston Craig PLC
118 Third Avenue SE, Suite 700
PO Box 1927
Cedar Rapids, IA 52406-1927
Telephone: (319) 365-1184
Facsimile: (319) 365-1186
Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

*/s/ Amanda Johnson*