UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK INC., AND WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>***Expedited Relief Requested*** |

**Introduction**

This case is unusual, as it includes a benefits-denial claim against one defendant while pursuing a failure-to-provide-documents claim against a set of additional defendants. The benefits-denial claim only provides for the provision of the Administrative Record and potentially limited additional documents for the Court's consideration of Plaintiff Sharilyn Ervin's ("Plaintiff") allegations against Defendant The Lincoln National Life Insurance Company ("Lincoln"). Plaintiff's failure-to-provide-documents claim is also pursued under ERISA, and it is a narrow claim. Because Plaintiff's December 2023 request for documents is not within the applicable two-year statute of limitations, only her February 27, 2024 reiteration of her prior request for Short Term Disability ("STD") plan documents is at-issue in this case against Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap-Around Plan (collectively referred to herein as

"Wellmark"). Plaintiff is already requesting expansive discovery into irrelevant issues and/or issues that are not proper under ERISA, and it is anticipated this conduct could continue in the future in this matter. Court intervention at this early stage to help define the scope of allowable discovery in this ERISA action is therefore warranted.

**Factual Background**

On April 17, 2026, Plaintiff filed her Second Amended Complaint following this Court's order granting her leave to do so. *See* ECF Nos. 35, 37. In her Second Amended Complaint, Plaintiff brings one claim (Count I) against Lincoln related to the denial of Long Term Disability ("LTD") benefits under 29 U.S.C. § 1132(a)(1)(B). *See* ECF No. 37, pp. 8-9. In her Second Amended Complaint, Plaintiff brings one claim (Count II) against Wellmark for purported failure to provide STD plan documents under 29 U.S.C. § 1132(a)(1)(A) and (c). *See* ECF No. 37, pp. 9-10.

On April 15, 2026, the parties held a conference call to discuss discovery and scheduling in this case. At no point during that call did Plaintiff indicate a desire to conduct discovery aside from the exchange of initial disclosures, conflict of interest discovery directed to Lincoln National Life Insurance Company, and filing of the Administrative Record. Later in the day on April 15, 2026, Plaintiff filed a Proposed Scheduling Order on behalf of the parties. *See* ECF No. 34.

On May 19, 2026, Plaintiff then served 22 Interrogatories, 31 Requests for Production of Documents, and 14 Requests for Admissions (collectively, the "Discovery Requests"). A true and accurate copy of those Discovery Requests is attached hereto as Exhibit 1.

**Argument**

Plaintiff's Discovery Requests go well beyond the narrow claim at issue in this litigation against Wellmark: Whether Wellmark provided Plaintiff with the operative STD plan documents

related to her February 27, 2024 reiteration of her previous request for documents in December 2023. *Compare* ECF No. 37 with Exhibit 1. Plaintiff's Discovery Requests seek far-reaching discovery about Wellmark's general processes in responding to document requests, which has no bearing on the present case. *Id.*

Her Discovery Requests also seek information about Lincoln's role related to her STD and LTD plans. Exhibit 1. There is no claim in this case against any defendant regarding any claim for STD benefits. *See* ECF No. 37. Further, the administrative record, in conjunction with the conflict-of-interest discovery sought by Plaintiff with Lincoln Financial, is the only discovery that can be sought in relation to Plaintiff's LTD benefit-denial claim against Lincoln. *Ehler v. Wheaton Franciscan Med. Plan*, 2009 WL 722065, *3 (N.D. Iowa Mar. 18, 2009).

In short, the vast majority of Plaintiff's Discovery Requests seek information that is well outside the bounds of relevant information to any of the claims she is pursuing in this lawsuit. Wellmark is concerned that this will only continue, based on Plaintiff's discovery conduct in a separate pending case. *See Ervin v. Wellmark, Inc. et al.*, Case No. 4:25-cv-00086-RGE-HCA (S.D. Iowa). Further, Wellmark is concerned that Plaintiff is now seeking discovery she never indicated she would be requesting during the parties' prior discovery conference, and it is anticipated she may seek further written discovery and/or depositions in the future that have no bearing on the narrow issues in this case.

"The scope of discovery in an ERISA case . . . must be viewed in the light of the evidence that is admissible in ERISA cases." *Ehler*, 2009 WL 722065, *3 (quoting *Galm v. Eaton Corp.*, 360 F. Supp. 2d 978, 982 (N.D. Iowa 2005)). Specific to benefits review cases under ERISA, the scope of discovery is limited because the admissible evidence is limited. *Id.*; *see also Borntrager v. Central States, Southeast and Southwest Areas Pension Fund*, 2007 WL 715766, *2 (N.D. Iowa

Mar. 6, 2007). "Generally, in an ERISA benefits-denial case, the district court may not consider evidence which is not contained in the administrative record." *Ehler*, 2009 WL 722065, *3. "Such additional evidence gathering is ruled out on deferential review, and discouraged on de novo review, to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Id.* (quoting *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)). "A district court may admit additional evidence in an ERISA benefits-denial case, however, if the plaintiff shows good cause for the district court to do so." *Id.* (quoting *Brown*, 140 F.3d at 1200).

Here, the administrative record, initial disclosures, and conflict of interest discovery—in addition to the documents already voluntarily provided to Plaintiff by the Defendants over the course of this litigation—will encompass all of the information Plaintiff requires concerning her benefits-denial and failure-to-provide-documents claims, and no further discovery is warranted. She has not demonstrated "good cause" to seek any discovery beyond what is contemplated and agreed upon in the Proposed Scheduling Order, and no such additional discovery is therefore allowable.

**Conclusion**

Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap-Around Plan request that the Court grant its Motion for Protective Order, including the following relief:

a) A complete stay of discovery until this motion is ruled on in full;

b) Quash the Discovery Requests;

c) State that Plaintiff is prohibited from taking any depositions in this case;

d) State that Plaintiff is prohibited from seeking any written discovery in this case beyond what is set forth in the agreed-upon Proposed Scheduling Order; and

e) For such other relief as the Court deems appropriate and just.


*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted Pro Hac Vice*

And

Brenda K. Wallrichs
Lederer Weston Craig PLC
118 Third Avenue SE, Suite 700
PO Box 1927
Cedar Rapids, IA 52406-1927
Telephone: (319) 365-1184
Facsimile: (319) 365-1186
Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

*/s/ Amanda Johnson*