Re: Ervin v. Wellmark et al. - request to withdraw pending discovery requests

From: Sharilyn Ervin (ervinsharilyn2009@yahoo.com)
To: lcbehaunek@nyemaster.com
Cc: bpr@nyemaster.com
Date: Thursday, May 28, 2026 at 03:25 PM CDT

You can file it today, anytime but I will not withdraw the questions.
Your Initial disclosures are due soon as well, and it appears you agreed to current order.

FYI you have not met and confered with me to show cause for your refusal

Regards

Sharilyn Ervin
I am a Spirit
John 4:24
*THE MOST HIGH is Spirit, and those who worship Him must worship in spirit and truth."*

On Thursday, May 28, 2026 at 03:12:11 PM CDT, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Ms. Ervin,

We were surprised to receive your discovery requests given that discovery served on Wellmark was never proposed during our discovery conference in April. We were under the impression the parties were in agreement that only the administrative record, initial disclosures, and narrow conflict of interest discovery was anticipated. Wellmark does not believe discovery outside of the above-listed categories is allowed for or warranted in this case. Further, the discovery you served goes well beyond the narrow claim asserted in this case against Wellmark.

Please withdraw your discovery requests served on May 19, 2026, or Wellmark will be forced to seek assistance from the Court.

We intend to file a motion for protective order tomorrow after 3 p.m. if we do not hear from you due to the short timeframe between now and the deadline to respond to the pending requests.

Thanks,
Leslie

EXHIBIT A

NYEMASTER

**LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**

**Shareholder Attorney**

700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899

lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendant | Case No. 4:25-CV-00438-RGE-HCA<br><br>Notice<br><br>PLAINTIFF'S NOTICE TO THE COURT REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PROCEDURAL GAMESMANSHIP DOC 48 |

PLAINTIFF'S NOTICE TO THE COURT REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PROCEDURAL GAMESMANSHIP

COMES NOW Plaintiff, Sharilyn Ervin, proceeding *pro se*, and respectfully submit this Notice to the Court regarding Defendant Wellmark's Motion for Protective Order (ECF No. 48) and supporting Brief (ECF No. 48-1) filed on May 29, 2026. Plaintiff provides this Notice to advise the Court of severe procedural defects in Wellmark's filings, clarify the actual timeline of dispute, and prevent the Court from operating under the false assumption that an "emergency" exists. **Plaintiff will respond by 6/9/2026**

Plaintiff respectfully states as follows:

1. Wellmark Blew Past Its Own Deadline and Failed to Meet and Confer in Paragraph 15 of its Motion, Wellmark provides a highly sanitized, misleading summary of the parties' communications. Wellmark intentionally omitted the actual email exchange because it exposes an absolute failure to act in good faith under Federal Rule of Civil Procedure 26(c)(1) and Local Rule 7(k):

- May 19, 2026: Plaintiff properly served her First Set of Written Discovery.
- May 19 – May 28, 2026: Wellmark sat in total, absolute silence for nine (9) full days. They did not pick up the phone, request a conference, or outline a single specific objection to Plaintiff's questions.
- May 28, 2026 (3:12 PM): Counsel for Wellmark, Leslie Behaunek, sent a single email throwing a heavy-handed corporate ultimatum, demanding Plaintiff completely withdraw her core discovery requests by 3:00 PM the following day, Friday, May 29, or face a motion. EXHIBT A
- May 28, 2026 (3:25 PM): Just thirteen minutes later, Plaintiff responded, refusing to be bullied into withdrawing valid requests, and explicitly calling out Defense Counsel for failing to meet and confer to discuss their specific concerns.
- May 29, 2026 (Morning): Rather than attempting a genuine verbal dialogue to address their concerns, Defense Counsel blew past their own arbitrary 3:00 PM Friday deadline and sprinted to the courthouse to file a motion raising extensive legal topics and scope complaints that they never once discussed with Plaintiff.

2. No Urgency Exists to Warrant "Expedited Relief" Wellmark's request for expedited relief is a manufactured crisis designed to overwhelm a *pro se* litigant. As Wellmark notes in Paragraph 18, their actual objections and answers to the Discovery Requests are not due until June 18, 2026. Furthermore, as memorialized in the parties' Proposed Scheduling Order (ECF No. 34), Wellmark already formally agreed to the active discovery parameters of this case. There is no pending deposition or immediate cutoff that justifies bypassing standard briefing schedules.

3. Irrelevance of the Separate Pending Matter In an effort to poison the record, Wellmark references discovery conducts in a separate pending case (*Ervin v. Wellmark, Inc. et al.*, Case No. 4:25-cv-00086-RGE-HCA). While a protective order exists in that separate matter, the defense in *this* case has completely failed to explain what specific information they are withholding or why a protective order in an entirely different docket gives them a legal leg to stand on here. Their blanket reliance on a separate case is mere distraction from their current failure to communicate. Plaintiff will show in her response due on June 12 to the protective order she has asked counsel in that case not to ambush her with context not discussed in meet and confers. Plaintiffs believe this motion is premature as no meet and confer was done.

4. Plaintiff's Intent to Respond The Court's automated system properly dictates that Plaintiff has until June 12, 2026, to file her formal Response to the Motion for Protective Order. Plaintiff intends to fully respond by that date, at which time Plaintiff will attach the complete, unvarnished email chain as Exhibit A to prove Wellmark's procedural bad faith.

WHEREFORE, Plaintiff respectfully requests the Court take notice of Wellmark's procedural gamesmanship, deny their request for expedited relief, and allow Plaintiff to submit her full, evidence-backed Response and Opposition on or before the established June 12, 2026 deadline.

Dated on the 29th day of May 2026.

Respectfully submitted,

/s/ Sharilyn Ervin

Sharilyn Ervin

*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin 8790 EP True Parkway, #303 West Des Moines, IA 50266 PRO SE PLAINTIFF

Iwana Rademaekers Law Offices of Iwana Rademaekers, P.C. 17304 Preston Road, Suite 800 Dallas, TX 75252 Telephone: (214) 579-9319 Facsimile: (469) 444-6456 Email: iwana@rademaekerslaw.com Admitted Pro Hac Vice And Brenda K. Wallrichs Lederer Weston Craig PLC 118 Third Avenue SE, Suite 700 PO Box 1927 Cedar Rapids, IA 52406-1927 Telephone: (319) 365-1184 Facsimile: (319) 365-1186 Email: bwallrichs@lwclawyers.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN