**EXHIBIT: COMPARATIVE DISCOVERY ANALYSIS OF both DEFENDANTS' ANSWERS**

### *1. COMPLAINT PARAGRAPHS 4 & 29: LONG-TERM DISABILITY PLAN ADMINISTRATOR IDENTITY*

- **Wellmark's Answer:** "Admitted that Wellmark, Inc. is the plan sponsor for the Wellmark, Inc. long-term disability plan... Denied as to the remainder of this paragraph [alleging it is the Plan Administrator]."
- **Lincoln's Answer:** "Lincoln admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan."
- **The Conflict Exposed:** Both named corporate Defendants explicitly deny holding the title of "Plan Administrator" for the Long-Term Disability Plan under oath. Lincoln points back to the policy terms, while Wellmark limits its role strictly to "Plan Sponsor" and denies the remainder. By operation of law under 29 U.S.C. § 1002(16)(A)(ii), when an instrument fails to designate an administrator, the Plan Sponsor inherits that statutory status. This operational vacuum directly explains why the Plaintiff was issued an obsolete 2012 Summary Plan Description referencing a completely different, defunct corporate entity.

### *2. COMPLAINT PARAGRAPH 28: SHORT-TERM DISABILITY PLAN ADMINISTRATOR STATUS*

- **Wellmark's Answer:** "ANSWER: Admitted that Wellmark, Inc. is the plan administrator for the Wellmark, Inc. Short Term Disability Plan."
- **Lincoln's Answer:** N/A (The paragraph pertains to Wellmark; Lincoln is not required to respond).
- **The Conflict Exposed:** While Wellmark asserts a blanket defense that it had "no role" in reviewing, approving, or denying disability benefit determinations or appeals, it explicitly admits under oath that it is the designated, statutory Plan Administrator for the Short-Term Disability Plan. This formal admission directly contradicts its position of complete non-involvement and firmly anchors its statutory obligation to maintain and produce accurate plan documents upon request.

### *3. COMPLAINT PARAGRAPH 5: BUSINESS ENTITY KNOWLEDGE & CORPORATE RELATIONSHIP*

- **Wellmark's Answer:** "Admitted that Plan GF3-840-435301-02 is The Wellmark, Inc. Group Disability Income Plan and that Wellmark, Inc. is the plan sponsor... Admitted that

Wellmark, Inc., is located at 1331 Grand Avenue, Des Moines, Iowa 50309 and is an Iowa corporation."

- **Lincoln's Answer:** "Lincoln admits that Wellmark sponsored the LTD Plan to provide disability benefits to certain Wellmark employees... Lincoln is without sufficient knowledge regarding Wellmark's status as a business entity and, accordingly, Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint."
- **The Conflict Exposed:** Lincoln acknowledges issuing a master Group Disability Income Policy directly to Wellmark, Inc. to cover Wellmark's own employees. However, Lincoln states under penalty of perjury that it lacks "sufficient knowledge" to determine whether its own group-policy client is a valid business entity. This assertion bypasses the fundamental reality of their integrated commercial partnership and underscores the necessity of discovery into their internal operational workflows and corporate tracking records.