UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | Case No. 4:25-CV-00438-RGE-HCA<br><br>**WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK INC., AND WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

## Introduction

This case is governed by ERISA, so it is not subject to the same rules as other non-ERISA litigation cases, and discovery is limited. Further, this case involves only two narrow claims: Count I is a claim against Lincoln for allegedly failing to pay benefits owed under Plaintiff's LTD policy, and Count II is a claim against Wellmark for allegedly failing to provide Ervin's STD plan documents upon request. *See* ECF No. 37, pp. 8-10.[1] It is important to consider the narrow scope of the claims asserted in this case, as the majority of her resistance to the pending motion for protective order ("Resistance"), as well as the majority of her discovery requests served on Wellmark ("Discovery Requests"), are focused on claims that Plaintiff is not pursuing in this lawsuit and evidence she believes she needs to support those unasserted claims. *See* ECF No. 51 and ECF No. 48-2.

## Argument

### I. Plaintiff fails to set forth any legal support for her request for discovery beyond what is contemplated by the agreed Proposed Scheduling Order.

Plaintiff cites *Chesnut v. Montgomery*, 307 F.3d 698, 704 (8th Cir. 2002) in support of her argument that she should be able to obtain wide-ranging discovery on her failure-to-provide documents claim. *See* ECF No. 51 p. 2. That case involved a purported failure to provide a section 1166(a)(4) notice to a qualifying beneficiary so that individual would have "notice of his right to elect continuation coverage" as contemplated under 29 U.S.C. § 1167(3)(A)(i). *See Chesnut*, 307 F.3d at 704. It does not support the Plaintiff's request for discovery in this case.

[1] Although Plaintiff says "STD/LTD" in paragraph 52 of her Second Amended Complaint, the request for documents upon which her claim is premised only sought STD plan documents. *See* ECF No. 37-3, p. 2 (statute of limitations-barred request for STD summary plan description on December 28, 2023) and ECF No. 37-1, p. 1 (reiterating her prior request for STD plan documents on February 27, 2024).

Plaintiff also cites *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 947-48 (8th Cir. 1999) to support her resistance argument. *See* ECF No. 51, p. 2. But that case does not provide guidance regarding discovery in ERISA cases. *See Kerr*, 184 F.3d at 947-48.

Plaintiff then contends she should be allowed to seek "extrinsic discovery" beyond the administrative record "for procedural challenges and penalty claims" where the administrative record in the case "is inherently silent or incomplete. *See* ECF No. 51, p. 3. Plaintiff will receive the administrative record from Lincoln, conflict of interest discovery from Lincoln, *and* Wellmark's initial disclosures—in addition to all of the documents and communications previously filed on the docket as exhibits by Wellmark in this case. *See* ECF Nos. 34, 48, 48-1. In other words, Plaintiff will already receive *more than the administrative record*, and to the extent she can establish "good cause" to go beyond the scope of that information, such a request is not ripe until after the above-mentioned categories of discovery have been served by the Defendants. Further, Plaintiff has *already received* or separately has in her possession all relevant communications between herself (or her prior attorney) and Wellmark related to Count II of her Second Amended Complaint. *See, e.g.*, ECF Nos. 37-1, 37-3, 33-3, 33-6, 33-7. No discovery beyond what the parties have already agreed to is warranted in this case.

## II. Plaintiff has not established "good cause" for discovery beyond what is provided for in the Proposed Scheduling Order.

Even if some limited discovery were warranted, upon a showing of "good cause," as Plaintiff avers, Plaintiff has not established "good cause" to request additional discovery beyond what is set forth in the Proposed Scheduling Order[2] at this juncture. Plaintiff contends there are

[2] Undersigned counsel was incorrect when stating "Plaintiff filed a Proposed Scheduling Order on behalf of the Parties" in Wellmark's opening brief. *See* ECF No. 48-1. The agreed Proposed Scheduling Order was agreed to by all of the parties—including Plaintiff—but was ultimately filed by counsel for Lincoln. *See* ECF No. 34.

issues with the STD summary plan description she received from Wellmark in response to her request for STD plan documents. *See* ECF No. 51, p. 4. She argues this is a "per se breach of the fiduciary duty of disclosure." *Id.* Plaintiff, however, is not bringing a claim related to the information contained in the STD summary plan description she received from Wellmark, and she is not bringing a breach of fiduciary duty claim against Wellmark; she is only alleging that she did not receive requested STD plan documents. *See* ECF No. 37, pp. 9-10. Any discovery into the content of the STD plan documents she *did* receive and whether she believes there are errors in those documents is outside the scope of this litigation.

Plaintiff also argues in her Resistance about the funding of her STD benefits and the parties' roles in relation to her STD plan. *See* ECF No. 51, pp. 4 and 7. But Plaintiff has not pursued any claim appeal related to her STD benefits in this lawsuit. *See* ECF No. 37. Any discovery into any claims for STD benefits or denials thereto is outside the scope of this litigation.

Plaintiff also mentions Wellmark purportedly having or attempting to insulate itself from having a conflict of interest such that discovery is warranted on that topic. *See* ECF No. 51, pp. 4-5. There is no claim related to her STD benefits (or any conflict of interest related thereto) in this lawsuit, however, so this again should be rejected. *Compare* ECF No. 51, p. 7 with ECF No. 37.

Finally, it appears Plaintiff is confused about which entity administered claims for Plaintiff's LTD plan, which relates to her claim against Lincoln in Count I of her Second Amended Complaint. *See* ECF No. 37; ECF No. 51, pp. 5-7. The Defendants *agree*, and the Plan documents unequivocally state, that Lincoln administered claims and had sole discretion to make benefits determinations for Plaintiff's LTD plan.[3] No discovery is needed on this issue.

---

[3] *See, e.g.,* ECF No. 42, ¶ 4 ("Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy."); ¶ 9 ("Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from

Wellmark has reviewed Plaintiff's "redlined" Discovery Requests. *See* ECF No. 51-3. Plaintiff's remaining discovery requests continue to seek information that (1) has already been provided to Plaintiff, (2) will be provided in the agreed-upon discovery set forth in the Proposed Scheduling Order, (3) is outside the scope of the two claims asserted by Plaintiff (and Defendants' defenses thereto), and/or (4) is outside the scope of what is permissible in an ERISA case. A handful of the most obvious examples include but are not limited to the following:

- ECF No. 51-3, p. 7, ¶ 18 (requesting information about Wellmark's failure to provide the "trust agreement" for the STD plan, which Wellmark has already stated through an attorney, under oath, did not exist for that plan).
- ECF No. 51-3, p. 7, ¶ 19 (requesting information about a corporate response to the Iowa Insurance Division about Case 120981, which is outside the scope of this case).
- ECF No. 51-3, p. 10, ¶ 5 (requesting information related to Plaintiff's Iowa Insurance Division complaint, which is again outside the scope of this case).
- ECF No. 51-3, p. 15, ¶ 26 (requesting documents related to Plaintiff's "failure to cooperate" with Wellmark over the course of a multi-year period of time, which has connection to the claims asserted in this case).

To the extent the Court is inclined to allow any discovery beyond what the parties have agreed to in the Proposed Scheduling Order, any consideration of additional discovery should be postponed until after the parties have exchanged initial disclosures in July 2026.[4]

### III. Plaintiff's remaining arguments in her Resistance do not support provision of additional discovery in this case.

---

the LTD Plan under the Policy were evaluated by Lincoln, . . . ."), ¶ 17 ("Lincoln admits that it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, . . . ."); *see also* ECF No. 43, ¶ 4 ("Admitted that Lincoln was claims administrator for the long-term disability plan for claims under the Policy."), ¶ 8 ("Admitted that Lincoln was the fiduciary who made claim decisions in relation to Plaintiff's LTD benefits."); *see e.g.,* ECF No. 10-2, p. 23 ("When Lincoln receives Proof that a Covered Person is Disabled . . . , Lincoln will pay the Covered Person a Monthly Benefit . . . ."), p. 39 ("Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.").

[4] At that juncture, Plaintiff will have received both the administrative record and the Defendants' initial disclosures, and it will become clear whether "good cause" supports any additional discovery.

Plaintiff appears to misunderstand how ERISA works and believes Wellmark has been withholding internal STD plan documents to which she believes she is entitled for years. The section she keeps citing to and quoting—29 U.S.C. § 1024(b)(4)—is meant to address requests for various types of documents for innumerable ERISA-governed plans. But not every employee benefit plan is the same. Some may include a bargaining agreement. Some may include a trust agreement. Wellmark has stated—under oath through an attorney—that her STD Plan did not have certain documents listed in section 1024(b)(4) because they do not exist. *See* ECF No. 33-9, ¶¶ 8, 9, 10. Plaintiff's misunderstanding of section 1024(b)(4) does not support a basis for discovery.

Additionally, Plaintiff contends that Lincoln has not objected to the discovery requests Plaintiff served on May 19, 2026. *See* ECF No. 51, p. 8. The discovery requests attached as Exhibit 1 to Wellmark's Motion for Protective Order are only directed to "Wellmark Inc." and do not appear to have been served on Lincoln. *See* ECF No. 48-2. Regardless, a co-defendant to whom discovery is not directed is not typically expected to object to discovery requests served on another party, so this argument should be rejected. *See* Fed. R. Civ. P. 33(b)(1) (noting that the responding party is "the party to whom [the discovery requests] are directed" or their officer or agent).

Plaintiff has not presented any justification for discovery beyond what is listed in the agreed Proposed Scheduling Order. Although Wellmark does not believe any additional discovery is warranted, Wellmark is open to the Court holding a status conference in July 2026 to determine whether Plaintiff can show "good cause" to support any additional discovery in this case based on the claims she has actually asserted in this lawsuit and the Defendants' defenses thereto.

**Conclusion**

For the reasons set forth in Wellmark's opening motion and herein, Wellmark respectfully requests that this Court grant the Motion for Protective Order.

*/s/ Leslie Behaunek*
Benjamin P. Roach, AT0006588
Leslie C. Behaunek, AT0011563
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: bproach@nyemaster.com
lcbehaunek@nyemaster.com
**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin
8790 EP True Parkway, #303
West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted Pro Hac Vice*

And

Brenda K. Wallrichs
Lederer Weston Craig PLC
118 Third Avenue SE, Suite 700
PO Box 1927
Cedar Rapids, IA 52406-1927
Telephone: (319) 365-1184
Facsimile: (319) 365-1186
Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

*/s/ Amanda Johnson*