UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br>Defendant | Case No. 4:25-CV-00438-RGE-HCA<br><br><br><br>PLAINTIFF’S NOTICE OF DEFENDANTS’ PARTIAL DISCOVERY COMPLIANCE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER Docket 48 |

Plaintiff Sharilyn Ervin, proceeding *pro se*, respectfully submits this Notice to update the Court regarding the status of the ongoing discovery and statutory document disputes discussed during recent status proceedings Docket 48:

1. December 28, 2023: Plaintiff requests plan documents. Sheri Ragan refuses. It is not our practice to send internal documents.
2. February 14, 2024: Wellmark sends a partial packet containing 2012 SPD naming Liberty Mutual as administrator.
3. February 27, 2024: Plaintiff sends a new formal statutory demand quoting § 1024(b)(4) verbatim. Lists every document category. Warns of $110/day penalty. Sets March 28 deadline.
4. March 28, 2024: Deadline passes. Nothing is produced from Wellmark to Plaintiff.

5. March 2026: Defense counsel attaches Master Policy to court filing. Plaintiff notes the contract she requested in 2024 was in Wellmark's possession throughout the period it claimed confusion about what she meant by contract.
6. April 6, 2026: O'Neill declaration filed under penalty of perjury claiming Wellmark did not understand what Plaintiff meant by contract despite her email quoting the statute verbatim.
7. May 19, 2026: Plaintiff serves discovery targeting the document production failures.
8. May 29, 2026: Wellmark files emergency motion to block all discovery despite throwing the entire proverbial kitchen sink in their answer with many affirmative defenses that Plaintiff deserves discovery on. Docket 42
9. June 1, 2026: Plaintiff files comprehensive opposition with ten exhibits.
10. June 3, 2026: Plaintiff sends email demanding Form 5500 production by June 5 at 1:00 PM.
11. June 4, 2026: Wellmark produces Form 5500 — 828 days after demand — characterizing it as publicly available document she always had access to.
12. June 11, 2026: Wellmark produces SARs and Liberty agreement — 835 days after demand — characterizing her requests as shifting and unclear. Exhibit A
13. Plaintiff advises the Court that while these productions constitute partial compliance, these mandated materials were delivered exactly 835 days after Plaintiff's initial, compliant statutory document demand under 29 U.S.C. § 1024(b)(4) dated February 27, 2024 (Exhibit G Docket 51)

14. Plaintiff further acknowledges the Defendants have not advised if all governing documents have been produced and page 24 of Wellmark's own (2012) Summary Plan Description explicitly mandates that the Plan Administrator is required by law to furnish each participant with a copy of this summary annual report and all documents governing the Plan. (Exhibit D Docket 51)
15. The 2012 Policy (Exhibit D Docket 51) goes on to say on page 25: Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the Plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator.

    Current figures but still calculating- 805 x $110 = 88,550(pending all documents produced)

Dated: June 11, 2026.

Respectfully submitted,

/s/ Sharilyn Ervin

*Plaintiff Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2026, I presented the foregoing for filing and uploading into the ECF system, which will send notification of such filing to the following:

Sharilyn Ervin 8790 EP True Parkway, #303 West Des Moines, IA 50266

**PRO SE PLAINTIFF**

Iwana Rademaekers Law Offices of Iwana Rademaekers, P.C. 17304 Preston Road, Suite 800 Dallas, TX 75252 Telephone: (214) 579-9319 Facsimile: (469) 444-6456 Email: iwana@rademaekerslaw.com Admitted Pro Hac Vice And Brenda K. Wallrichs Lederer Weston Craig PLC 118 Third Avenue SE, Suite 700 PO Box 1927 Cedar Rapids, IA 52406-1927 Telephone: (319) 365-1184 Facsimile: (319) 365-1186 Email: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com

**ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN**