EXHIBIT A

# Re: Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order

From: Sharilyn Ervin (ervinsharilyn2009@yahoo.com)

To: iwana@rademaekerslaw.com

Cc: bpr@nyemaster.com; bwallrichs@lwclawyers.com; lcbehaunek@nyemaster.com

Date: Friday, July 17, 2026 at 12:29 AM UTC

Let the record be clear: neither Wellmark nor Lincoln even mentioned a protective order until I objected to discovery exchanges being conducted across multiple cases without proper FRCP channels.

At this time, I do not know why Wellmark is attempting to force such a complex, overbroad order, and Wellmark has yet to justify the actual need for all of its highly restrictive paragraphs. Because I do not agree to Wellmark's draft, Wellmark will need to file its own Motion for a Protective Order under Rule 26(c) if it seeks court protection. I will not be signing or jointly submitting Wellmark's draft. Documents showing *why* a plan administrator failed to provide legally required plan documents is direct evidence of a statutory violation. Courts do not allow protective orders to be used as a shield to hide potential legal or fiduciary violations. The order as written is a burden and prejudice. Further since I do not fully understand it as written Wellmark has not attempted to explain each paragraph and the need the only thing that both parties assert is this is normal items, yet I have seen less complex targeted protective orders.

The only active dispute regarding outstanding discovery is that Lincoln is currently withholding responsive documents under the guise of needing a protective order, yet Lincoln has produced absolutely nothing to date.

If Lincoln requires a protective order to produce its claims manuals, the burden is entirely on Lincoln to secure the protection it desires. I remain willing to sign a standard, separate confidentiality order limited strictly to protecting Lincoln's actual proprietary claims manuals. Wellmarks proposal seeks to burden the process. I agree to protect highly sensitive, non-public information where disclosure would cause concrete, documented harm. Not emails pertaining to general activities.

If Lincoln wants such an order, please send over a standard, narrow, Lincoln-only draft by Monday, July 20, 2026. Otherwise, Lincoln must produce the withheld discovery immediately.

If Lincoln fails to provide a narrow, separate order or produce the discovery by Monday, I will proceed with a Motion to Compel under Rule 37. I have stated my position several times now, thank you

Sincerely,

Sharilyn Ervin

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

On Thursday, July 16, 2026 at 04:42:26 PM CDT, Iwana Rademaekers <iwana@rademaekerslaw.com> wrote:

To clarify what is in dispute, you remain in agreement with the resolution of objections that you and I reached and that I set out in my June 29th email to you except that you do not agree to the terms of a protective order in Wellmark's latest draft under which such documentation would be protected.  If that is accurate, then it appears that the issue is ready to submit to the Court to decide, as proposed in Wellmark's counsel's email (submit your and Wellmark's versions to the Court).

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Direct:  (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

On Jul 16, 2026, at 4:24 PM, Sharilyn Ervin <ervinsharilyn2009@yahoo.com> wrote:

This email serves as my final attempt to confer in good faith regarding Lincoln’s outstanding discovery obligations prior to filing a formal Motion to Compel under Rule 37.

To date, Lincoln has withheld responsive discovery—specifically including its internal claims manuals—stating that it will only produce these documents pursuant to a protective order.

Please be advised of the following:

1. **Discovery is Not Stayed:** Under the Federal Rules of Civil Procedure, the absence of an entered protective order does not halt, stay, or excuse Lincoln's obligation to produce responsive documents.
2. **Lincoln’s Burden to Act:** As the party seeking to protect its own proprietary claims manuals, the burden has been on Lincoln to propose a narrowly tailored protective order to secure its own documents. Instead, Lincoln has sat silently for months while Wellmark attempts to negotiate an overbroad, joint protective order designed to shield standard administrative emails.

I have repeatedly stated that I agree to protect Lincoln’s actual proprietary claims manuals. I will not, however, sign Wellmark’s, joint protective order, nor will I allow Wellmark’s separate disputes to freeze my discovery timeline against Lincoln.

If Lincoln does not **either**:

- Send me a simple, separate protective order limited *solely* to Lincoln's proprietary claims manuals by **Monday, July 20, 2026**, OR
- Immediately produce the withheld discovery documents,

I will file a **Motion to Compel Production and for Sanctions under Rule 37**.

I look forward to your prompt response and the immediate resolution of this delay.

Please be advised that the Plaintiff does not require, seek, or intend to pursue a protective order for any discovery or documents in this case and will seek to amend upon further review of consolidating the cases based on discovery exchanges. Plaintiff will meet and confer when needed on this issue.
If Wellmark wishes to file its own protective order to protect future filings, it may do so however Wellmark has not properly conferred on this issue and I will bring this to the court's attention.

However, because I do not require a protective order, the only party currently withholding discovery under the guise of needing an order is Defendant Lincoln. I will not allow Wellmark's separate drafting preferences to delay Lincoln's distinct discovery obligations any further.

*Sharilyn Ervin*
*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

On Thursday, July 16, 2026 at 03:25:29 PM CDT, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Ms. Ervin,

Wellmark does not agree to alter the standard language set forth in paragraphs 2, 8, 12, and 13. Paragraphs 8 and 12 help to avoid conflict in the future if there are any issues with confidentiality designations or determining who has obtained access to confidential documents, and paragraph 13 similarly helps to avoid conflict by making clear how “confidential” documents are treated at the conclusion of the case. Paragraph 2 encompasses the most likely categories of documents the parties may deem to be “confidential” and should help to avoid the need to revise the protective order to include additional categories in the future. If you are concerned with a party’s confidentiality designation, you can use the process in paragraph 12 to contest such designation.

I have revised the protective order draft circulated on July 1, 2026, to remove the AI provision. I then re-numbered the remaining paragraphs. What were originally paragraphs 8, 12, and 13 are now 7, 11, and 12.

I think it makes sense to file the attached draft protective order and include with it a statement that sets forth your proposed revised language for paragraph 2 and your desire to remove what is now set forth as paragraphs 7, 11, and 12. Then the Court can decide what language to ultimately include.

Please let me know if you are amenable to this compromise approach. Ms. Rademaekers, please let us know your client's position as well.

Best,
Leslie


<Nyemaster_Logo_ea2b11c5-1aed-4872-be23-8fa7dc10efa8.png>

**LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**
**Shareholder Attorney**
700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899
lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108



NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.


---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Thursday, July 16, 2026 1:32 PM
**To:** Leslie C. Behaunek <lcbehaunek@nyemaster.com>; Benjamin P. Roach <bpr@nyemaster.com>; bwallrichs@lwclawyers.com; iwana@rademaekerslaw.com
**Subject:** Re: Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order


**Warning –** This message was sent from outside the firm ervinsharilyn2009@yahoo.com.
Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.


---

Thank you for your response. While removing the AI provision in Paragraph 6 is agreeable, that is not the primary issue holding up this joint protective order. To ensure this protective order is narrowly tailored and does not inadvertently restrict standard, non-proprietary communications, I propose we modify **Paragraph 2** to define "Confidential" documents strictly as follows:

"2. A party may designate a document 'Confidential' ONLY to protect the following specific categories of information:

- (a) Highly sensitive personal identifying information (such as Social Security Numbers, financial account numbers, or tax returns);
- (b) Certified corporate trade secrets; and
- (c) Defendant Lincoln National Life Insurance Company's internal claims manuals, claims guidelines, and training policies.

**For the avoidance of doubt, standard business communications, emails between employees regarding claims administration or plan documents, and the administrative record itself do not qualify for a 'Confidential' designation under this Order."**

**Paragraphs 8.12.13. I do not agree to as written and object to these items. I do not believe this complex order is needed for Wellmark who is on the case for failure to provide documents. At this time, I agree to marking certain documents confidential, paragraph 4, and the others not including the ones I just objected to.**

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

On Thursday, July 16, 2026 at 01:13:41 PM CDT, <iwana@rademaekerslaw.com> wrote:

When I stated that "all issues you raised during our call were resolved during the conference," I was referring to the issues and agreements discussed in our June 29th call regarding Lincoln's discovery responses, as memorialized in my June 29th email. I was not referencing anything with regard to Wellmark's draft of the protective order in the second paragraph of my email. I apologize if my language in the email was unclear.


**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com



*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*


---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Thursday, July 16, 2026 12:43 PM
**To:** 'Leslie C. Behaunek' <lcbehaunek@nyemaster.com>; 'Benjamin P. Roach' <bpr@nyemaster.com>; bwallrichs@lwclawyers.com; iwana@rademaekerslaw.com
**Subject:** Re: Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order

Ms. Rademaekers,

Lincoln's unilateral decision to accept Wellmark's July 1st draft does not obligate me to agree to terms that place an unequal, impossible technological burden on me as a *pro se* litigant. Further Wellmark has made no attempt to meet and confer on any of the loaded additions. I reject that proposed order.

Your assertion that "all issues" were resolved on our June 29th call is inaccurate. The highly restrictive, overly complex provisions—were **not** raised, discussed, or agreed to during our June 29th conference. They were quietly slipped into the draft circulated by Ms. Behaunek on July 1st. I cannot and will not agree to a verbal resolution on terms that were hidden until a written draft was produced days later.

Furthermore, holding Lincoln's revised discovery responses until this disputed protective order is signed is unacceptable. A dispute over confidentiality terms does not give Lincoln a license to withhold standard, non-confidential discovery that has already been agreed to.

As the plan fiduciary, Wellmark has a strict, legally mandated duty of loyalty and duty of disclosure directly to you under ERISA. In trust and ERISA law, there is a powerful doctrine called the Fiduciary Exception. Because a fiduciary is supposed to act solely in the interest of the beneficiary (me), courts

have ruled that a fiduciary cannot hide behind confidentiality or privilege when it comes to standard plan administration, claim evaluations, and benefits decisions.

To facilitate the efficient exchange of discovery, I have advised Lincoln that I am willing to agree to a protective order specifically tailored to their internal, proprietary claims manuals and training guidelines. However, I cannot agree to a blanket protective order covering the documents produced by Wellmark.
To clarify that I will not agree to designate emails involving Bryan O'Neil and Sherry Reagan regarding the withholding or non-provision of plan documents as Confidential.

A protective order is designed to safeguard legitimate trade secrets, proprietary commercial algorithms, or highly sensitive personal data. It cannot be used as a shield to hide relevant evidence of potential statutory violations or administrative failures. Correspondence discussing a fiduciary's decision to withhold mandatory ERISA plan documents from a participant does not constitute proprietary or confidential business information under Federal Rule of Civil Procedure 26(c). Since Lincoln is the only party requiring a protective order for its proprietary claims' manuals, I will only agree to a protective order that is strictly limited to certain documents produced by Defendant Lincoln National Life Insurance Company. I do not agree to a joint, blanket protective order that covers Wellmark's administrative and fiduciary communications.

I expect Lincoln's revised discovery responses to be served immediately. If they are not, they will be included in my upcoming Motion to Compel. If Lincoln intends to draft a targeted protective order, please advise this as well. If you want your proprietary manuals protected, send me a simple, standard protective order that applies only to Lincoln's produced documents no later than 7/20/2026.

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

On Thursday, July 16, 2026 at 11:28:25 AM CDT, <iwana@rademaekerslaw.com> wrote:

The Court normally will only enter one protective order to govern the entire case, and Lincoln advised all parties via email that it accepts Wellmark's draft that was sent to all parties on July 1st.

On the meet and confer, you and I had that telephone conference on June 29th, and all issues you raised during our call were resolved during the conference.  I confirmed our agreements on those issues in my email on the same date.  Once the protective order is entered, Lincoln will revise its responses in accordance with our agreements.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Direct:  (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE:  THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE*

*INTENDED RECIPIENT IS STRICTLY PROHIBITED.  IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER.  THANK YOU.*

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Thursday, July 16, 2026 9:29 AM
**To:** Leslie C. Behaunek <lcbehaunek@nyemaster.com>; Benjamin P. Roach <bpr@nyemaster.com>; iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com
**Subject:** Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order

Counsel,

I am writing to address the current status of discovery and the unresolved proposed protective order in this matter.

First, while Ms. Rademaker's verbally noted that she wanted to designate certain documents as confidential; no protective order has actually been circulated by Lincoln's counsel.

Second, the proposed protective order circulated by Ms. Behaunek is completely overloaded. It contains highly restrictive, complex technical provisions—such as the restrictive AI processing clause—that place an unequal and unnecessary burden on me as a self-represented litigant.  Wellmark in the other case seemed to be obsessed with AI however as I explained you need to be focused on software functions the proposal is completely detached from how modern computers and software actually work. AI is no longer just a standalone website like ChatGPT or Claude where you copy and paste text. AI is now baked directly into the infrastructure of standard computer programs and Wellmark has not conferred with me on this position avoiding explaining how a pro se can navigate this type of order. Wellmark uses fancy high end AI programs.

Wellmark is named in this case primarily for its failure to produce documents, an issue largely established by email exchanges and a limited subset of additional communications in Wellmark's possession. There is absolutely no necessity for such a complex, heavily technical protective order for this straightforward dispute. Wellmark alleges it is not responsible for LTD/STD benefits decisions.

I previously requested in writing that Ms. Behaunek provide Wellmark's formal position on this issue prior to our scheduled conference; however, this was not provided in a timely manner. To date, Wellmark has failed to properly meet and confer with me to discuss their positions or work in good faith to resolve these disputes.

Please be advised that because of the ongoing failure to provide sufficient, unhindered discovery and the failure to meet and confer on a reasonable, simplified confidentiality agreement, I will be moving forward with filing a Motion to Compel regarding Defendants' deficient production and outstanding responses.

If you are willing to discuss a simplified, standard confidentiality order that protects legitimate medical privacy without administrative or technological overreach, I remain open to a prompt and productive discussion. Otherwise, I will seek the Court's intervention.

from:

Sharilyn Ervin

*Plaintiff, Pro Se*

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

<Nyemaster_Logo_ea2b11c5-1aed-4872-be23-8fa7dc10efa8.png>

---

Re: Meet and Confer Reschedule

From: Iwana Rademaekers (iwana@rademaekerslaw.com)
To: lcbehaunek@nyemaster.com
Cc: ervinsharilyn2009@yahoo.com; bwallrichs@lwclawyers.com; bpr@nyemaster.com
Date: Wednesday, July 1, 2026 at 09:46 PM UTC

This draft is acceptable to Lincoln. Thank you for preparing it.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

On Jul 1, 2026, at 4:41 PM, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Ms. Ervin,

As I stated in my email below and during our call on Monday, Wellmark's position is that the parties should be allowed to use the LTD claim file produced in the present case (Case No. 4:25-cv-00438-RGE-HCA) in Case No. 4:25-cv-00086-RGE-HCA as well.

I understand from her prior email and from the call on Monday that Ms. Rademaekers' client is also not willing to agree to the draft protective order you circulated, as it lacks the standard language typically used in protective orders in federal court and does not address the use of documents exchanged by the parties other than the LTD claim file.

I have prepared a draft protective order for the parties' consideration (see attached). This is essentially the template protective order used in the Northern District of Iowa federal court, which shares local rules with the Southern District of Iowa. After updating the caption and formatting in the template, I made substantive modifications in red appropriate for this case.

Please let me know if you are in agreement to submit the attached protective order to the Court.

Ms. Rademaekers, please let me know if your client is agreeable to the attached protective order as well.

Thanks,
Leslie

<Nyemaster_Logo_ea2b11c5-1aed-4872-be23-

**LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**
**Shareholder Attorney**

<https://files.nyemaster.com/images/signature/8fa7dc10efa8.png>

8fa7dc10efa8.png> 700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899
lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Tuesday, June 30, 2026 2:55 PM
**To:** Leslie C. Behaunek <lcbehaunek@nyemaster.com>
**Cc:** iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com; Benjamin P. Roach <bpr@nyemaster.com>
**Subject:** Re: Meet and Confer Reschedule

**Warning –** This message was sent from outside the firm ervinsharilyn2009@yahoo.com.
Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

---

Leslie

Can you advise if we are at impasse on the usage of the LTD claim file in multiple lawsuits without proper discovery protocols? If so, I would like to file a protective order. I believe we are at an impasse I just wanted to confirm. I want to make sure there are no surprises or confusion.
Thanks

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

On Monday, June 29, 2026 at 12:55:53 PM CDT, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Ms. Ervin,

You can call my office line for the conference call today. 515-283-8187.

**LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**
**Shareholder Attorney**
700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899
<image001.png> lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Monday, June 29, 2026 12:23 PM
**To:** Leslie C. Behaunek <lcbehaunek@nyemaster.com>

**Cc:** iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com; Benjamin P. Roach <bpr@nyemaster.com>
**Subject:** Re: Meet and Confer Reschedule

**Warning –** This message was sent from outside the firm ervinsharilyn2009@yahoo.com.
Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

---

Counsel Leslie,

I am not agreeable to your proposal to allow cross-case utilization of the LTD claim file between these actions. I understand you will be legally advising on the call today what is Wellmark's right to objected discovery. In that case the parties only agreed to 8 providers if the defense in another case disagrees, they should be utilizing discovery. That case has a protective order that is similar to the one I request in this case.

To be clear, there is an additional, separate lawsuit being filed soon involving Wellmark and Lincoln pending pertaining to FMLA fraud. Because of this, it is critical that my Protected Health Information (PHI) is strictly confined to the specific case in which it is produced. The defendants in my other legal matters are entirely capable of requesting relevant documents through the proper discovery channels in those specific actions.

I am not interested in negotiating away my PHI privacy rights or creating an open backdoor for data sharing across different dockets. As a plan fiduciary, Wellmark's common interest should be the absolute protection and isolation of my private administrative claim data.

Please bring your standard, single-case protective order provisions to the call at 1:00 PM CT so we can execute a routine stipulation that protects this data strictly for Case No. 4:25-cv-00438. **Please provide the number you would like to be called as I will conference parties in/**

*Sharilyn Ervin*

*Spirit*

`Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion`

On Monday, June 29, 2026 at 11:47:23 AM CDT, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Ms. Ervin,

I am writing in regard to your request for feedback about the draft protective order you previously circulated.

Wellmark's position is that the parties should be allowed to use the LTD claim file produced in the present case (Case No. 4:25-cv-00438-RGE-HCA) in Case No. 4:25-cv-00086-RGE-HCA as well. Wellmark is open to negotiating a protective order that limits use of the LTD claim file to those two pending lawsuits. If that is agreeable to all of the parties, then I will prepare and send over a draft protective order for review that includes the specific provisions the Court will expect to see in such an order.

I plan to attend the 1 p.m. CT call today to see if we can reach agreement on this issue. Please let me know if there is a conference call number for this call.

Thanks,
Leslie

<image001.png> **LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**
**Shareholder Attorney**

700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899

lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Wednesday, June 24, 2026 4:51 PM
**To:** iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com; Benjamin P. Roach <bpr@nyemaster.com>; Leslie C. Behaunek <lcbehaunek@nyemaster.com>
**Subject:** Re: Meet and Confer Reschedule

**Warning –** This message was sent from outside the firm ervinsharilyn2009@yahoo.com.
Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

---

Subject: RE: Wellmark / Ervin (No. 4:25-cv-00438) - Scheduling and Protective Order Clarifications

Counsel,

Let's schedule our conference call for Monday, June 29th from 1:00 PM to 2:00 PM CST. Wellmark can leave the call upon discussing Motion to Compel Discovery for Lincoln.
Regarding the Protective Order, I want to ensure our upcoming call is productive and that we avoid the types of misunderstandings that have previously resulted in conflicting representations to the Court. To facilitate a meaningful meet-and-confer, please email me your specific proposed revisions or the exact provisions you believe are missing from my draft prior to our call on Monday. In past meet and confer parties have advised they were surprised for agreed upon discovery and I really want to avoid this. It is imperative to discuss or neutralize as much as possible to avoid conferences on the same subject. To be frank, a standard protective order should easily be agreed upon via email without requiring a formal conference; however, if a call is necessary to resolve this, I look forward to receiving your written revisions ahead of time.

Please send over your specific redlines or text additions for the Protective Order at your earliest convenience this week so I can review them ahead of Monday's 1:00 PM call.

Thank you,

Sharilyn Ervin

*Plaintiff Pro Se*

Sharilyn Ervin

I am a Spirit

John 4:24

*THE MOST HIGH is Spirit, and those who worship Him must worship in spirit and truth.”*

On Wednesday, June 24, 2026 at 11:33:59 AM CDT, Leslie C. Behaunek <lcbehaunek@nyemaster.com> wrote:

Of the timeframes identified by Ms. Rademaekers, I’m available next Monday from 1-2 and 3:30-4:30.

Best,

Leslie

---

**LESLIE BEHAUNEK | NYEMASTER GOODE, P.C.**

**Shareholder Attorney**

700 Walnut Street, Suite 1300, Des Moines, IA 50309-3899

<image001.png> lcbehaunek@nyemaster.com | **T** (515) 283-8187 | **F** (515) 283-3108

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

**From:** iwana@rademaekerslaw.com <iwana@rademaekerslaw.com>
**Date:** June 23, 2026 at 3:17:10 PM CDT
**To:** 'Sharilyn Ervin' <ervinsharilyn2009@yahoo.com>, bwallrichs@lwclawyers.com <bwallrichs@lwclawyers.com>, Leslie C. Behaunek <lcbehaunek@nyemaster.com>, Benjamin P. Roach <bpr@nyemaster.com>
**Subject:** RE: Meet and Confer Reschedule

**Warning –** This message was sent from outside the firm iwana@rademaekerslaw.com.
Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

---

Any issues regarding a Motion to Compel regarding documents you believe Lincoln should provide should be handled in a separate call between Plaintiff and Lincoln's counsel. From Lincoln's perspective, the proposed Protective Order will need to include documents marked confidential that are produced by any party. Additionally, there are specific provisions that the Court will expect to see in such an order, and the draft you prepared does not include those provisions. Accordingly, Lincoln will not agree to execute your draft.

I am not available the rest of this week, but I do have some availability on Monday afternoon and Tuesday morning. I am not available the rest of next week.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Tuesday, June 23, 2026 2:53 PM
**To:** iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com; lcbehaunek@nyemaster.com; bpr@nyemaster.com
**Subject:** Meet and Confer Reschedule

Counsel,

I need to reschedule our conference call. Please provide your availability for alternative dates and times later this week or early next week.

Our agenda for the rescheduled call will include the following items:

1. **The Proposed Protective Order:** Neither defense party has yet advised on or returned the draft distributed to isolate and safeguard my private health information from our concurrent litigation (*Case No. 4:25-cv-00086-RGE-HCA*). If you are prepared to sign it, we can execute that stipulation immediately; otherwise, it will be addressed on the call. Please advise some feedback to avoid many conferences.
2. **December 28, 2023, Emails:** Be advised that because these communications strictly concern day-to-day plan administration and a participant's document request, they are not protected under the ERISA Fiduciary Exception to the Attorney-Client Privilege.
3. **Motion to Compel Discovery (Lincoln):** This addresses Lincoln's explicit failure to comply with 29 C.F.R. § 2560.503-1 due to its refusal to produce mandatory claim file elements, including internal rules, guidelines, manuals, and specific medical diagnosis protocols. Lincoln's obstructive stance regarding these disclosures directly contradicts the positions and claim file parameters it has acknowledged in other federal matters, such as *Bruff v. The Lincoln National Life Insurance Company* (Case No. 5:26-cv-01720). Lincoln also did not answer discovery questions and Plaintiff will Motion this if needed

Please let me know your availability to speak as soon as possible.

Thank you,

Sharilyn Ervin

*Plaintiff Pro Se*

Sharilyn Ervin
I am a Spirit
John 4:24
*THE MOST HIGH is Spirit, and those who worship Him must worship in spirit and truth."*

<Draft Stipulated Protective Order.docx>