UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants | Case No. 4:25-CV-00438-RGE-HCA<br><br>BRIEF IN SUPPORT<br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY |

Plaintiff Sharilyn Ervin, proceeding pro se, respectfully moves this Court under Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 37(a) for an Order compelling Defendant Lincoln National Life Insurance Company ("Lincoln") to produce overdue discovery responses and materials responsive to Plaintiff's First Set of Requests for Production (Nos. 8 and 31) and Interrogatories (Nos. 11 and 12). In support thereof, Plaintiff states as follows:

*I. STATEMENT OF FACTS AND PROCEDURAL HISTORY*

1. Discovery Deadline Missed: Defendant Lincoln was required to complete and serve its responses and production to Plaintiff's written discovery requests on or before June 19, 2026. Ex A

2. Explicit Agreement to Produce Ex B: On June 29, 2026, Lincoln's counsel confirmed in writing that Lincoln explicitly agreed to produce responsive materials for the following disputed requests:
    a. Request for Production No. 8 & Interrogatory Nos. 11 and 12: Lincoln agreed to produce provisions in its technical reference tools, claims manuals, and guidelines specifically relevant to Plaintiff's claim.
    b. Request for Production No. 31: Lincoln agreed to produce contracts between Lincoln and Dane Street, as well as data regarding the number of referrals made by Lincoln to Dane Street from January 1, 2023, through December 31, 2025.
3. Conditioned on Protective Order: Lincoln explicitly conditioned its production on the entry of an agreed protective order and represented that its counsel would circulate a draft tailored to this agreement prior to July 9, 2026.
4. Failure to Circulate Draft or Produce: Lincoln failed to circulate any draft protective order. Instead, Defendant Wellmark, Inc. circulated a broad, disputed template (Doc. 57-1) on July 1, 2026, seeking expansive confidentiality designations for standard records across both Defendants.
5. Continued Withholding: Plaintiff has repeatedly confirmed her willingness to execute a standard, narrow confidentiality agreement specifically tailored to Lincoln's claims manuals, technical tools, and personal identifying information (PII). Despite Plaintiff's cooperation, Lincoln continues to withhold all responsive documents, now more than a month past its statutory deadline.

*II. LEGAL ARGUMENT*

A. An Unentered Protective Order Does Not Stay Discovery Obligations Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling production if a party fails to produce documents or inspect items requested under Rule 34 or answer an interrogatory under Rule 33.

It is a well-settled principle of federal civil procedure that the lack of a protective order does not operate as an automatic stay or excuse a party from fulfilling its discovery obligations. *See General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Lincoln cannot unilaterally suspend its compliance with the Federal Rules of Civil Procedure while waiting for a co-defendant's broader, unrelated motion for a protective order to be resolved. EFC 58

B. Lincoln Has Waived Objections and Admitted Relevance By written agreement on June 29, 2026, Lincoln conceded that the requested technical reference materials, claims guidelines, and Dane Street vendor records are discoverable and relevant to Plaintiff's claims. Lincoln's insistence on holding these agreed-upon documents hostage behind a broad protective order it did not draft—and which extends far beyond the scope of protection Lincoln itself stated it required—is improper and prejudices Plaintiff's ability to prosecute this action.

*III. CERTIFICATE OF GOOD-FAITH CONFERRAL (LOCAL RULE 37(a))*

Pursuant to Local Rule 37(a) and Fed. R. Civ. P. 37(a)(1), Plaintiff certifies that she has in good faith conferred with Lincoln's counsel via email and telephone regarding these outstanding discovery requests. Lincoln maintains that it will not produce the agreed-upon discovery until a protective order is entered by this Court, rendering further informal conferral futile.

*IV. CONCLUSION AND REQUESTED RELIEF*

WHEREFORE, Plaintiff respectfully requests that the Court:

1. GRANT Plaintiff's Motion to Compel Discovery against Defendant Lincoln National Life Insurance Company;
2. ORDER Defendant Lincoln to produce all responsive materials and answers to Request for Production Nos. 8 and 31 and Interrogatory Nos. 11 and 12 within fourteen (14) days of the Court's Order;
3. Direct that such production be subject to a narrow, Lincoln-specific confidentiality agreement strictly covering proprietary claims manuals, technical tools, Dane Street contract terms, and PII; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Sharilyn Ervin, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July 2026, I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588 Leslie C. Behaunek, AT0011563 NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com lcbehaunek@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC./ GROUP DISABILITY INCOME PLAN

Brenda K. Wallrichs AT0008203 118 Third Avenue SE, Suite 700 P. O. Box 1927 Cedar Rapids, IA 52406-1927 Phone: (319) 365-1184 Fax: (319) 365-1186 E-mail: 14 bwallrichs@lwclawyers.com Iwana Rademaekers 17304 Preston Road, Suite 800 Dallas, Texas 75252 Main: (214) 579-9319 Fax: (469) 444-6456 Email: iwana@rademaekerslaw.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY and

Pro se Plaintiff; Sharilyn Ervin 515-423-1809 Ervinsharilyn2009@yahoo.com