IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY; WELLMARK INC. GROUP DISABILITY INCOME PLAN; WELLMARK, INC.; and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | 4:25-cv-00438-RGE-HCA<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL |

## I. BACKGROUND

In this Employment Retirement Income Security Act ("ERISA") case, Defendants Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap–Around Plan (collectively "Wellmark") filed a Motion for Protective Order. ECF No. 48. Plaintiff Sharilyn Ervin ("Ervin") resisted the motion, ECF No. 51, and Wellmark replied, ECF No. 53.[1] Subsequently, Ervin filed a motion to compel against Defendant Lincoln National Life Insurance Company ("Lincoln"), ECF No. 59. Ervin requested oral argument on the motion for protective order. ECF No. 51 at 1. The Court finds a hearing is not necessary on either motion. *See* LR 7(c). The Court deems both motions ready for

[1] After Wellmark replied, Ervin filed a notice, ECF No. 54. The Court does not consider the notice with the motion as Ervin did not seek leave of Court to file a sur–reply, and the Court generally does not need nor allow sur–reply briefs. *See* LR 7(g).

ruling.[2] For the following reasons, the Court **grants** the motion for protective order and **denies** the motion to compel.

## II. ANALYSIS

The Court is afforded broad discretion in resolving discovery disputes. *Corkrean v. Drake Univ.*, No. 4:21-cv-00336-RGE-SHL, 2022 WL 18632, at *2 (S.D. Iowa Jan. 3, 2022) (citing *Haviland v. Cath. Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010)); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("We review the district court's exercise of its broad discretion with respect to discovery motions for 'gross abuse of discretion resulting in fundamental unfairness' at trial") (citing *United States v. Hintzman*, 806 F.2d 840, 846 (8th Cir. 1986)). Federal Rule of Civil Procedure 34 provides in pertinent part: "A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . items in the responding party's possession, custody, or control." Rule 26 authorizes the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the "scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Despite this broad standard, the scope of discovery is not unlimited. Courts may limit discoverable evidence if the requested information is privileged, unreasonably cumulative, or cheaper or easier to obtain from some other source. *Id*. 26(b)(2)(C); (b)(5). The party objecting to discovery carries the burden of proving its objection. *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). If a party fails to produce documents or provides evasive

[2] The deadline for Lincoln to respond to the motion to compel has not yet passed, but the Court does not find a response necessary. *See* LR 7(e) (permitting the Court to "rule on a motion without waiting for a resistance or response").

or incomplete disclosures, the requesting party may motion the court for "an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a).

### A. Motion to Compel

Ervin asks the Court to compel Lincoln to respond to discovery requests. ECF No. 59 at 1. Ervin asserts Lincoln previously agreed to provide responses but is now withholding responses pending the entry of a protective order. ECF No. 59-1 ¶ 3.

Ervin brought one ERISA claim for wrongful denial of Long Term Disability benefits against Lincoln. ECF No. 37 at 8. In an ERISA benefits review case, the scope of discovery is extremely narrow as admissible evidence is generally limited to the information the administrator relied on in denying benefits—i.e. the administrative record. *Ehler v. Wheaton Franciscan Med. Plan*, No. C08–2021, 2009 WL 722065, at *3 (N.D. Iowa Mar. 18, 2009). Courts rarely permit extrinsic evidence beyond the administrative record in a denial of benefits case. *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). A movant seeking to compel extrinsic discovery is required to show good cause. *Id*.

Ervin argues Lincoln waived any objection to the discovery requests by previously agreeing to respond. ECF No. 59-1 at 3. A party is not prohibited from changing its position on a disputed issue. Furthermore, Ervin has not shown good cause for extrinsic discovery in the first place. Accordingly, the Court denies the motion to compel.

### B. Motion for Protective Order

Federal Rule of Civil Procedure 26(c) allows any party from whom discovery is sought to move for a protective order for good cause shown. "'Good cause' exists, according to Rule 26(c), when justice requires the protection of 'a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense.'" *Rolscreen Co. v. Pella Prod. St. Louis, Inc.*, 145 F.R.D.

92, 96 (S.D. Iowa 1992). Moreover, the court "must limit the frequency or extent of discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). A movant bears the burden of establishing the need for a protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).

In this case, the Court adopted the parties' proposed briefing schedule, including a deadline for initial disclosures. ECF No. 35. Ervin served discovery requests on Wellmark prior to the initial disclosure deadline and prior to the administrative record filing deadline. ECF No. 48-2. The requests include 22 interrogatories, 31 requests for production of documents, and 14 requests for admission. *Id*. The requests cover a wide breadth of topics, including Wellmark's training policies, past practices, relationship with Lincoln, communications about Ervin, and complaints with state agencies, amongst a plethora of other requests. *Id*. Wellmark seeks a protective order quashing the discovery requests, prohibiting Ervin from taking depositions, and barring written discovery beyond what the parties stipulated to in the proposed discovery plan. ECF No. 48-1 at 4–5.

**1. Failure to Provide Documents**

As with the benefits review claim, the scope of discovery "must be viewed in the light of the evidence that is admissible in ERISA cases." *Id*. (quoting *Galm v. Eaton Corp.*, 360 F. Supp. 2d 978, 982 (N.D. Iowa 2005)). Ervin brought a single ERISA claim against Wellmark for failure to provide Short Term Disability plan documents. ECF No. 37 at 9. Under 29 U.S.C. § 1024(b)(4),

"The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." Section 1024, and thus the documents an individual is entitled to, has been narrowly construed. *Brown v. Am. Life. Holdings, Inc.*, 64 F. Supp. 2d. 882, 889–890 (S.D. Iowa 1998).

The Court may award statutory damages for every day "a plan administrator 'fails or refuses to comply with a request' from a participant for information that the administrator is required by ERISA to furnish." *Wilson v. Moog Auto., Inc. Pension Plan & Tr. U.A.W. Emps.*, 193 F.3d 1004, 1010 (8th Cir. 1999) (quoting 29 U.S.C. § 1132(c)(1)(B)). "A failure to comply with § 1024(b)(4) would trigger penalties pursuant to § 1132(c)(1)(B). Thus, to recover on a claim for a § 1132(c) penalty, for a failure to comply with § 1024(b)(4), the claimant must prove (1) that he or she requested the plan description in writing and (2) that the plan administrator failed to provide it." *Hoskins v. Snap–On Inc.*, No. C08-3069-MWB, 2010 WL 2899074, at *22 (N.D. Iowa July 20, 2010) (citing *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 948 (8th Cir. 1999)).

"In exercising its discretion to impose statutory damages, a court primarily should consider 'the prejudice to the plaintiff and the nature of the plan administrator's conduct.' Although relevant, a defendant's good faith and the absence of harm do not preclude the imposition of the § 1132(c)(1)(A) penalty." *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006) (citations omitted). "When determining penalty amounts under § 1132(c), courts may look to factors such as bad faith, or lack of control, on the part of the administrator, and prejudice or harm to the participant, but the existence of those factors is not a prerequisite to the imposition of liability." *Am. Life Holdings, Inc.*, 64 F. Supp. 2d at 891 (citations omitted).

Neither party provides caselaw that directly addresses the issue of whether extrinsic evidence is permitted in an ERISA failure to provide documents case. ECF Nos. 48-1; 51. Wellmark relies on cases outlining the standard for extrinsic evidence in claim review cases rather than failure to provide documents cases, and Ervin provides failure to provide documents cases that do not address the extent of permissible discovery. *Compare Ehler*, 2009 WL 722065, at *3; *Galm*, 360 F. Supp. 2d at 982; *Borntrager v. Cent. States, Se & Sw Areas Pension Fund*, 2007 WL 715766, *2 (N.D. Iowa Mar. 6, 2007); *Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d at 1200 (all discussing permissible discovery in denial benefits cases) *with Chesnut v. Montgomery*, 307 F.3d 698, 704 (8th Cir. 2002) (evaluating a failure to give notice claim under COBRA); *Kerr,* 184 F.3d at 948 (determining appropriateness of award penalties); *Wilson*, 193 F.3d at 1010 (reviewing district court's denial of statutory damage award for failure to provide documents). *See also* ECF Nos. 48-1; 51. The realm of evidence necessary to prove or refute a failure to provide documents claim is inherently different than for a benefits denial claim. For a benefits denial claim, the Court must review the record the administrator relied on in denying the claim. *Ehler*, 2009 WL 722065, at *3. The information a claimant must proffer in a failure to provide documents claim is necessarily narrow—that the claimant made a written request and the administrator failed to provide the information. Such information may or may not be included in the administrative record. *See e.g.*, *Brubaker v. Deere & Co.*, 664 F. Supp. 2d 972 (S.D. Iowa 2009) (relying on "stipulated facts, along with all other pertinent evidence presented at trial").

**2. Permissible Discovery**

In this case, the administrative record had not yet been produced when Ervin first served Wellmark discovery requests and in the motion, Ervin did not specify if the necessary information would be contained in the administrative record. ECF No. 51. Similarly, the parties had not

exchanged initial disclosures when Ervin first served Wellmark discovery requests and in the motion, Ervin did not specify if the necessary information would be contained in the initial disclosures. *Id*. Rule 26 allows the Court to limit discovery when it is "unreasonably cumulative, or cheaper or easier to obtain from some other source." Fed. R. Civ. P. 26(b)(2)(C); (b)(5). If the information Ervin's discovery requests ask for is contained in the administrative record or has been produced with initial disclosures, there is no reason for its reproduction.

Further, Ervin's requests are exceedingly broad. Whether the Court were to apply the same good cause standard required for extrinsic evidence in ERISA denial of benefits claims or Rule 26's relevance requirement, Ervin has not met the requisite standard. The failure to provide documents claim is a narrow claim requiring minimal evidentiary support. *See Ehler*, 2009 WL 722065, at *3.

Ervin argues the discovery sought is all relevant as the Court may consider bad faith in determining a statutory penalty award and that Wellmark opened the door to the requested discovery by asserting an affirmative defense of good faith. ECF No. 51 at 6–7. In the affirmative defense Ervin alludes to, Wellmark asserts the "claim is barred or limited because, at all relevant times, Wellmark complied with all appliable laws, regulations, and standards, and has acted reasonably, appropriately, and in good faith." ECF No. 43 at 14. The Court does not read the affirmative defense as broadly as Ervin requests. Although the Court may consider bad faith in assessing a statutory penalty, it is not a requirement and would only be relevant if the Court determines a statutory penalty is warranted in the first place. *See Hoskins*, 2010 WL 2899074, at *22. Ervin's speculation regarding bad faith is not an excuse to conduct a fishing expedition.

Wellmark has shown good cause for a protective order limiting the permissible discovery at this stage of the litigation, as Ervin's requests are unduly burdensome, cumulative, duplicative,

irrelevant, and premature. The Court **grants** Wellmark's motion for protective order. Wellmark need not respond to any of Ervin's current outstanding discovery requests. Ervin may not serve additional discovery requests nor deposition notices in this ERISA case.

After Wellmark files its responsive brief, Ervin may file a motion to lift the stay if additional discovery is required. Any such motion must include a detailed description of how the discovery sought is relevant, non–cumulative, and narrowly tailored to respond to the issues raised in Wellmark's responsive brief.

## III. CONCLUSION

For the foregoing reasons, the Court **grants** Wellmark's Motion for Protective Order, ECF No. 48, as detailed above. The Court **denies** Ervin's Motion to Compel, ECF No. 59.

IT IS SO ORDERED.

Dated July 27, 2026.

Helen C. Adams

Helen C. Adams
U.S. Magistrate Judge