IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY; WELLMARK INC. GROUP DISABILITY INCOME PLAN; WELLMARK, INC.; and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | 4:25-cv-00438-RGE-HCA<br><br>ORDER ON MOTION FOR CLARIFICATION |

Plaintiff Sharilyn Ervin, ("Ervin") filed a motion for clarification, ECF No. 66, of the Court's July 27, 2026, Order Granting Motion for Protective Order and Denying Motion to Compel, ("Order") ECF No. 62. The deadline for Defendants Lincoln National Life Insurance Co., Wellmark Inc. Group Disability Income Plan, Wellmark, Inc., and Wellmark Inc. Welfare Benefit Wrap–Around Plan (collectively "defendants") to respond to the motion for clarification has not yet passed. At the August 5, 2026, status conference in case 4:25–cv–86, *Ervin v. Wellmark, Inc. et al*, Wellmark's counsel indicated that he did not plan to file a written response to the motion for clarification provided it was noted that Wellmark disagreed with Ervin's characterization in her motion that Count II alleged a claim based on both the short-term disability ("STD") policy and the long-term disability ("LTD") policy. The Court does not find a written response necessary. *See* LR 7(e) (permitting the Court to "rule on a motion without waiting for a resistance or response").

Ervin seeks clarification on three issues:

1) "[W]hether the Court's characterization of Count II was intended to limit the claim strictly to STD plan instruments, or whether responsive LTD plan instruments remain within the scope of Count II for purposes of briefing and any ultimate statutory penalty calculation under 29 U.S.C. § 1132(c)(1)(B);"
2) "[W]hether the discovery stay on page 8 extends to Defendant Lincoln, given that Lincoln's Administrative Record has already been filed and the stay-relief procedure explicitly cites Wellmark's briefing schedule;" and
3) "[W]hether she may file a motion for leave to seek conflict-of-interest discovery as to Lincoln prior to the September 30, 2026, deadline, or whether all discovery as to all parties is stayed until after merits briefs are submitted."

The Court provides the following clarification:

First, the order was limited to the issues presented to the Court in the parties' motions—Wellmark's motion for protective order, ECF No. 48, and Ervin's motion to compel, ECF No. 59. The Court made no ruling on the scope or viability of Ervin's claims in her second amended complaint, ECF No. 37. The Court notes that in Count II, Ervin mentions both STD and LTD policies, but she also references only a singular plan in Count II. ECF No. 37 at 9–10. Accordingly, at this time, the Court's Order did not limit Count II to only the STD policy.

Likewise, Lincoln did not request a protective order or a stay of discovery. The Court considered Wellmark's request for a protective order in ordering a stay of discovery. Accordingly, the stay of discovery pertains only to Wellmark at this time. However, in considering the motion to compel, the Court denied Ervin's request for extrinsic discovery, with the exception of the previously permitted conflict of interest discovery, from Lincoln. ECF No. 62 at 3. The Court

cautions Ervin that while the stay of discovery does not apply to Lincoln, the legal principles regarding permissible discovery propounded in the order certainly still apply to any discovery Ervin may seek from Lincoln.

Finally, the parties agreed to exchange conflict of interest discovery by September 30, 2026. Proposed Scheduling Order ¶ 3, ECF No. 34. The order did not address or alter this deadline. Ervin need not seek leave of court to conduct discovery on the limited issue of the conflict of interest issue.

IT IS SO ORDERED.

Dated August 5, 2026.

Helen C. Adams
Helen C. Adams
U.S. Magistrate Judge