IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br>Plaintiff<br><br>V<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br>Defendants | Case No. 4:25-cv-00438-RGE-HCA<br><br>BRIEF IN SUPPORT OF<br>Motion for Leave to File a Sur-Reply |

Plaintiff Sharilyn Ervin submits this Sur-Reply to correct the factual record regarding Defendants' assertion in Paragraph 9 of their Reply Brief [ECF No. 61].

1. In Paragraph 9, Defense Counsel Leslie Behaunek asserts that *"It is apparent in this case that Ms. Ervin is utilizing a generative AI tool or program of some sort."* Defendants cite no filings, emails, formatting, or evidence to substantiate this claim. It is a bare assertion presented without foundation. Further defendants failed to mention this in the conference with all parties on June 29, 2026.
2. This AI narrative was not born out of genuine confidentiality risks in this action. Rather, it originated in Plaintiff's related employment lawsuit, *Ervin v. Wellmark, Inc., et al.*, Case No. 4:25-cv-00086-RGE-HCA, where Attorney Benjamin P. Roach represents Wellmark (and is counsel in this action).
    a. On April 30, 2026, the Court in Case No. 4:25-cv-00086 entered an order compelling Wellmark to answer Plaintiff's interrogatory regarding termination decision dates.

b. The very next morning, May 1, 2026, Attorney Roach emailed Plaintiff accusing her of using AI based on "recent documents" and demanding a protective order prohibiting AI use (Exhibit A).

c. Counsel Roach noted that certain documents produced by Plaintiff refer to Plaintiff in the third person. Plaintiff explained that proofreading software automatically inserts the word 'The' before 'Plaintiff' when checking for grammar errors. Plaintiff assured Counsel that any instances where 'The' was left remaining were strictly unintentional oversight during editing.

d. Attorney Roach subsequently drafted a proposed protective order in Case No. 4:25-cv-00086 attempting to ban the use of routine editing and proofreading applications—specifically naming everyday tools like Grammarly and Quill Bot—for *all* discovery documents, whether marked confidential or not (Exhibit B).

e. Plaintiff has consistently been open to satisfying reasonable, standard protective provisions to safeguard confidential documents. However, Plaintiff objects to the continuous insertion of unsupported AI accusations in emails and pleadings, which create collateral disputes and cause unnecessary delays in moving this case forward. Plaintiff should not be subjected to perpetual, speculative AI accusations every time a motion is filed, or routine email correspondence is sent. Using unfounded AI allegations as a recurring tactic creates unnecessary side disputes, disrupts effective communication, and causes continual delays in the discovery process.

f. Under Federal Rule of Civil Procedure 26(c), a party seeking a protective order bears the burden of establishing "good cause" by demonstrating specific, concrete harm. In Paragraph 6 of their Reply, Defendants explicitly admit that they were willing to remove the AI provision entirely during negotiations but re-inserted it only after negotiations broke down on unrelated paragraphs. Using a proposed protective term as tactical leverage—rather than out of a demonstrated necessity to protect confidential information—confirms that no genuine risk or "good cause" exists under Rule 26(c)

3. Conclusion: Because Defendants have failed to demonstrate any factual basis or concrete harm regarding AI usage in *this* record, their unsupported accusations in Paragraph 9 should be disregarded.

Dated: August 6, 2026

Respectfully submitted,

Sharilyn Ervin

*PRO SE PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing using the ECF system which will send notification of such filing to the following individuals or counsel of record:

Benjamin P. Roach, AT0006588 Logan Jay Eliasenleliasen@nyemaster.com

NYEMASTER GOODE, P.C. 700 Walnut Street, Suite 1300 Des Moines, IA 50309 Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com ATTORNEYS FOR DEFENDANT WELLMARK INC./ GROUP DISABILITY INCOME PLAN

Brenda K. Wallrichs AT0008203 118 Third Avenue SE, Suite 700 P. O. Box 1927 Cedar Rapids, IA 52406-1927 Phone: (319) 365-1184 Fax: (319) 365-1186 E-mail: bwallrichs@lwclawyers.com Iwana Rademaekers 17304 Preston Road, Suite 800 Dallas, Texas 75252 Main: (214) 579-9319 Fax: (469) 444-6456 Email: iwana@rademaekerslaw.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY and

Pro se Plaintiff; Sharilyn Ervin 515-423-1809 Ervinsharilyn2009@yahoo.com