IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | Case No. 4:25-cv-00438-RGE-HCA<br><br>BRIEF IN SUPPORT PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Plaintiff Sharilyn Ervin pro se, respectfully moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant The Lincoln National Life Insurance Company (Lincoln) to respond fully to Plaintiff's discovery requests and to produce all documents properly belonging in the administrative record. In support of this motion, Plaintiff states as follows:

## *I. INTRODUCTION*

This is an action under the Employee Retirement Income Security Act (ERISA) to recover long-term disability benefits denied by Lincoln, the claims administrator and insurer responsible for both evaluating and paying claims under the plan at issue. Plaintiff seeks two categories of relief: (1) an order confirming that certain categories of documents are mandatory components of the administrative record as a matter of regulatory definition, not discretionary discovery; and (2) an

order compelling Lincoln to respond to Plaintiff's conflict-of-interest discovery, which was served with Lincoln's agreement and which Lincoln has since refused to answer.

## *II. FACTUAL AND PROCEDURAL BACKGROUND*

1. On July 22, 2025, Plaintiff requested the specific policy provision upon which Lincoln's benefit determination was based, and further requested Lincoln's internal guidelines applicable to Plaintiff's diagnosis in order to evaluate whether the claims-handling process had been applied fairly and consistently.
2. On October 9, 2025, Lincoln issued its final denial of Plaintiff's claim despite Plaintiff submitting new medical records, stating that the additional documents received do not provide significant new clinical findings that would alter the previous assessment. Notably, Lincoln did not have a medical specialist review the new medical records submitted during the appeal process, notwithstanding that 29 C.F.R. § 2560.503-1(h)(3)(iii) requires a plan fiduciary to consult a health care professional where an adverse benefit determination is based in whole or in part on a medical judgment. Further one of the medical providers, Dr McCarthy relied upon made comments that a sleep diagnosis was not confirmed, but Plaintiff did provide the confirmed diagnosis, yet Lincoln did not allow Dr. McCarthy to review the medical records he identified.
3. On September 5, 2025, Lincoln — the entity that both determined Plaintiff's eligibility for benefits and would have paid any benefits awarded — directed Plaintiff to contact Wellmark for copies of the governing plan documents.
4. On November 2025, Plaintiff filed this case with the Southern District of Iowa.
5. On April 5, 2026, Lincoln served its initial disclosures.

6. On April 10, 2026, Lincoln produced the administrative record.
7. While Wellmark's production presented no access difficulties, Plaintiff' and Lincoln's counsel, Iwana Raedmakers, spent several weeks attempting to resolve access issues with the administrative record Lincoln had produced.
8. On May 1, 2026, in the course of that effort, Plaintiff' wrote to Lincoln's counsel to confirm the completeness of the record, stating in relevant part:

Plaintiff sent an email showing the issue with the link on 4/30/2026. I want to continue to advise that in 29 C.F.R. § 2560.503-1(m)(8), documents requested under (m)(8) are part of the administrative record as a matter of law, not supplemental discovery. I object to their exclusion from the record you are preparing and again ask that you please verify this information will be included. I will file a Motion to Supplement if, once I review the record, the information is not in there.

Plaintiff' further advised that the following materials are mandatory components of the administrative record by regulatory definition, not supplemental discovery items, and that Plaintiff would not stipulate to a record that excluded them:

a. Internal Claims Handling Guidelines — all manuals, standard operating procedures, and adjudication protocols (e.g., Claims Handling Manual, Best Practices) in effect during the review of Plaintiff's claim;

b. All Generated Medical Reviews — every medical or peer review report generated during the claim process, including those not ultimately cited in the final denial letter;

c. Complete Communication Logs — all internal emails, claim notes, and third-party vendor correspondence submitted, considered, or generated during the review;

d. Vocational Evidence — any vocational assessments or labor market surveys considered or generated, regardless of whether relied upon in the final determination; and

e. Quality Assurance Materials — any QA audits or internal reviews specifically related to the handling of Plaintiff's claim.

9. On May 19, 2026, Plaintiff served conflict-of-interest discovery, the scope of which the parties had previously agreed upon.
10. On June 18, 2026, Lincoln objected to Plaintiff's interrogatories and requests for production. A true and correct copy of Lincoln's responses and objections is attached hereto as Exhibit 1.
11. Plaintiff's thereafter contacted Lincoln's counsel and was advised that Lincoln intends to stand by its objections and will not furnish the requested information.
12. To assist the Court in evaluating the scope and pattern of Lincoln's objections, Plaintiff has prepared and attaches hereto as Exhibit 2 a cross-reference chart correlating each of Lincoln's discovery responses to the four conflict-of-interest theories identified in the administrative record.

## *III. LEGAL ARGUMENT*

A. The documents identified in Plaintiff's May 1, 2026, correspondence are mandatory components of the administrative record and are not subject to Lincoln's discovery objections.

Federal regulations require that, in connection with an adverse benefit determination on review, the plan administrator provide the claimant access to and copies of all documents, records, and other information relevant to the claimant's claim for benefits. 29 C.F.R. § 2560.503-1(i)(5), (j)(3). A document is relevant within the meaning of the regulation if it (i) was relied upon in

making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, regardless of whether it was relied upon; (iii) demonstrates compliance with the administrative processes and safeguards required under 29 C.F.R. § 2560.503-1(b)(5); or (iv) constitutes a statement of policy or guidance concerning the denied benefit, again without regard to whether it was relied upon in the final determination. 29 C.F.R. § 2560.503-1(m)(8).

Section 2560.503-1(b)(5), in turn, requires that a plan's claims procedures include administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and applied consistently to similarly situated claims. Where, as here, a plan fiduciary relies upon an internal rule, guideline, protocol, or similar criterion in reaching an adverse determination, the regulation requires that the specific rule or guideline be provided to the claimant, or that the claimant be advised such materials will be provided upon request. 29 C.F.R. § 2560.503-1(j)(5)(i).

The five categories of documents identified in Plaintiff's May 1, 2026, correspondence — internal claims-handling guidelines, all generated medical reviews, complete communication logs, vocational evidence, and quality assurance materials — fall squarely within these regulatory definitions of relevant documents. They are therefore properly part of the administrative record as a matter of law and are not subject to exclusion on the basis of discovery objections.

B. Plaintiff is separately entitled to limited discovery on the issue of Lincoln's structural conflict of interest.

Independent of the administrative-record dispute, Plaintiff is entitled to conduct limited, targeted discovery into whether individuals who reviewed her claim had a financial incentive to deny it, and into the significance of the fact that Lincoln — the entity that decided Plaintiff's eligibility for benefits and would pay any benefits awarded — directed her to Wellmark for plan documents on September 5, 2025.

Courts have long recognized that limited discovery is appropriate to determine whether a palpable conflict of interest or serious procedural irregularity affects the standard of review in an ERISA benefits case, notwithstanding that discovery in ERISA actions is otherwise narrowly circumscribed. *See Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998) (conducting limited discovery to determine the appropriate standard of review does not conflict with the general prohibition on evidence outside the administrative record). A claimant seeking less deferential review must come forward with material, probative evidence establishing both a conflict or irregularity and a connection between that conflict and the substantive decision reached. *Delta Family-Care Disability & Survivorship Plan v. Marshall*, 258 F.3d 834, 840–41 (8th Cir. 2001) (quoting *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998)); *Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund*, 76 F.3d 896, 901 (8th Cir. 1996).

Where the same entity both evaluates and pays claims, the Eighth Circuit has applied a less deferential standard of review upon a showing that claims reviewers received financial incentives or bonuses tied to claims savings — a showing made possible only through discovery into the reviewers' incentive structures. *Armstrong v. Aetna Life Ins. Co.*, 128 F.3d 1263, 1265 (8th Cir. 1997). The Supreme Court's subsequent decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 2350–51 (2008), confirmed that an evaluator/payor conflict is a proper factor for a reviewing court to weigh in assessing abuse of discretion. While *Glenn* did

not convert the standard of review to de novo review or mandate special evidentiary rules, it likewise did not disturb the settled principle that discovery aimed narrowly at uncovering such a conflict remains permissible. Similarly, in *Barnhart v. UNUM Life Insurance Co. of America*, 179 F.3d 583, 589 (8th Cir. 1999), the Eighth Circuit held that allegations of procedural irregularity, including the secret processing of a claim, were properly subject to discovery — underscoring that where irregularities are not apparent on the face of the administrative record, targeted discovery is the appropriate means of bringing them to light.

Conflict inquiry is not confined to Lincoln's payroll — because Lincoln outsourced its medical determinations to Dane Street and its reviewers, evidence of those vendors' compensation structure and denial rates is direct evidence of how Lincoln structured its process to avoid, or produce, exactly the outcome-bias Glenn contemplated, distinguished on the ground that Plaintiff isn't seeking a standard-of-review shift on structural conflict alone, but discovery into specific, particularized facts (the unreviewed appeal evidence, Dane Street's history).

---

Courts examining Lincoln's peer-review practices in comparable disability claims have found probative of inadequate claims handling: reviewers who never examined the complete record before them, and addenda that summarily reaffirm a prior conclusion without engaging newly submitted contrary evidence. *See, e.g., Berg v. Lincoln Nat'l Life Ins. Co.*, No. 2:24-CV-00097-SAB, EFC 41 (E.D. Wash. Jan. 21, 2025) (applying de novo review and finding that none of Lincoln's reviewing physicians had reviewed the complete record, and that a reviewer's addendum "did not change [the reviewer's] analysis" without discussion of why, which "called into question how thoroughly [Lincoln] looked at Plaintiff's benefits determination") (quoting *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 634 (9th Cir. 2009)). While *Berg* applied de novo review under Ninth Circuit law rather than the deferential standard at issue here, its findings illustrate the same claims-handling pattern Plaintiff alleges: Lincoln's October 9, 2025, denial letter states that Plaintiff's additional appeal documentation "does not provide significant new clinical findings that would alter the previous assessment," without disclosing whether Dr. McCarthy or any other medical professional actually reviewed the newly submitted records, including the confirmed sleep apnea diagnosis, the migraine calendars, or the October 2025 treatment notes. As in *Berg*, this unexplained, conclusory dismissal of new medical evidence is precisely the kind of claims-handling deficiency that the categories of documents sought here — all generated medical reviews and complete communication logs — are necessary to test

Here, the parties agreed to the scope of conflict-of-interest discovery, which Plaintiff served on May 19, 2026. Lincoln nonetheless objected to that discovery on June 18, 2026, and has since confirmed through counsel that it will not furnish the requested information. Lincoln's refusal is inconsistent with the discovery to which it previously agreed and with the weight of Eighth Circuit and Supreme Court authority permitting such discovery where, as here, the same entity both evaluated and would pay Plaintiff's claim.

*IV. CONCLUSION*

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Compel Discovery, order Lincoln to produce the documents identified above as mandatory components of the administrative record, and order Lincoln to fully respond to Plaintiff's conflict-of-interest interrogatories and requests for production. Plaintiff further notes that, in an effort to narrow the scope of this dispute and reduce any burden on Lincoln, the parties have agreed that the temporal scope of Plaintiff's conflict-of-interest discovery requests — including those seeking reviewer statistics, denial rates, and compensation information originally requested for the years 2019 (or, where stated, 2016) through 2026 — shall be limited to the period of January 1, 2023 through the present. Plaintiff's request for an order compelling discovery is made subject to, and consistent with, this agreed narrowing of scope. Plaintiff prays that this Court grant her Motion to Compel and grant such other and further relief as Plaintiff may be entitled to receive

Respectfully Submitted

/s/ Sharilyn Ervin

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I presented the foregoing by uploading into the ECF system, which will send notification of such filing to the following:
Sharilyn Ervin 8790 EP True Parkway, #303 West Des Moines, IA 50266 PRO SE PLAINTIFF

Iwana Rademaekers Law Offices of Iwana Rademaekers, P.C. 17304 Preston Road, Suite 800 Dallas, TX 75252 Telephone: (214) 579-9319 Facsimile: (469) 444-6456 Email: iwana@rademaekerslaw.com Admitted Pro Hac Vice

And

Brenda K. Wallrichs Lederer Weston Craig PLC 118 Third Avenue SE, Suite 700 PO Box 1927 Cedar Rapids, IA 52406-1927 Telephone: (319) 365-1184 Facsimile: (319) 365-1186 Email: bwallrichs@lwclawyers.com ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

And

Benjamin P. Roach, AT0006588. 700 Walnut Street, Suite 1300 Des Moines, IA 50309

Telephone: 515-283-3100 Facsimile: 515-283-8045 Email: bproach@nyemaster.com

Logan Jay Eliasen leliasen@nyemaster.com

ATTORNEYS FOR DEFENDANT WELLMARK INC. GROUP DISABILITY INCOME PLAN