**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff(s),<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY and THE WELLMARK, INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. (d/b/a Wellmark Blue Cross and Blue Shield of Iowa); and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN<br><br>Defendants. | No. 4:25-cv-00438-RGE-HCA |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

**TO:** Plaintiff, Sharilyn Ervin

Defendant The Lincoln National Life Insurance Company ("Lincoln") serves its Objections and Responses to Plaintiff Sharilyn Ervin's Interrogatories and Requests for Production of Documents as follows:

**RESERVATION OF RIGHTS**

Lincoln asserts the following objections and incorporates them into each response as if set forth fully therein:

1. Lincoln objects generally to Plaintiff's Interrogatories and Requests for Production to the extent they were not timely served.

2. Lincoln objects generally to each Interrogatory and Request to the extent they seek information and/or documents subject to the attorney-client or attorney work product privileges, or information and/or documents that are otherwise privileged or protected and not subject to discovery.

3. Lincoln objects generally to each Interrogatory and Request to the extent they impose on Lincoln obligations inconsistent with or in addition to the Federal Rules of Civil Procedure.

4. Lincoln objects to each Interrogatory and Request to the extent they would require Lincoln to warrant that the information provided is exhaustive. Lincoln will endeavor to provide information in good faith consistent with its obligations under the Federal Rules of Civil Procedure. Lincoln reserves the right to supplement its answers and responses should additional information be discovered in the future.

5. Lincoln objects to each Interrogatory and Request to the extent they seek information and/or documents of a confidential business, or proprietary nature. Lincoln will only produce such information and/or documents pursuant to an agreed Protective Order between the parties.

6. Lincoln objects to each Interrogatory and Request to the extent they seek information and/or documents from Lincoln unrelated to the claims alleged in this lawsuit. Any such request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

7. The responses and objections provided herein are subject to the right of Lincoln to object on any ground, at any time, to a demand for further response to these or other interrogatories and requests or other discovery procedures involving or relating to the subject matter of the Interrogatories and Requests herein.

8. Lincoln objects to the Interrogatories and Requests to the extent they may be construed to require Lincoln to search for and disclose information and documents that are otherwise as equally accessible to Plaintiff as they are to Lincoln.

9. Lincoln objects to the Interrogatories and Requests to the extent they assume incorrectly that the policy at issue is an individual policy rather than a group policy.

10. All responses to the Interrogatories and Requests are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

(a) all objections to the competence, relevance, and admissibility of any documents or information produced in response to the Interrogatories and Requests as evidence for any purpose in subsequent proceedings in this or any other action, arbitration, proceeding, or investigation;

(b) the right to object on any ground at any time to the use of any of the documents or information produced in response to the Interrogatories and Requests, or the subject matter thereof, in any subsequent proceedings in this or any other action, arbitration, proceeding or investigation; and

(c) the right to object on any ground at any time to a demand for further responses to the Interrogatories and Requests, or to other discovery proceedings involving or relating to the subject matter of these Interrogatories and Requests.

11. Lincoln's decision to provide information or documents notwithstanding the objectionable nature of any of the Interrogatories and Requests should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the General Objections or the objection asserted in response to a specific Interrogatory; or (c) an agreement that requests for similar documents or information in this or any other related proceeding will be treated in a similar manner.

12. Lincoln's responses to the Interrogatories and Requests are made after a reasonable inquiry into the relevant facts within the time allowed for responding to the Interrogatories and Requests. Lincoln expressly reserves the right to supplement, amend, correct, or modify its respective responses or objections.

## REQUEST FOR PRODUCTION

**Request No. 1.** All DOCUMENTS referred to, relied on or identified by YOU in YOUR responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00001-22591).

**Request No. 2.** All DOCUMENTS contained in the files maintained by DEFENDANT or LINCOLN pertaining to the CLAIM during the RELEVANT TIME PERIOD, including but not limited to LINCOLN's underwriting file for THE PLAN.

**RESPONSE:**

Lincoln responds that all relevant non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00001-22591).

**Request No. 3.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Dr. Philip McCarthy by LINCOLN regarding how to evaluate disability claims.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The

documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff are not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 00812-00818, 01060, 01843-01850, and 01944-01946).

**Request No. 4.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Dr. Colton McCoy by LINCOLN regarding how to evaluate disability claims.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 01058, 01836-01842, and 01944-01946).

**Request No. 5.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Dr. Thomas Finstein by LINCOLN regarding how to evaluate disability claims.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 00807-00811, 01057, 01882-01886, and 01940-01943).

**Request No. 6.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Dr. Tracey Lewis by LINCOLN regarding how to evaluate disability claims.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate

Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 00737-00747, 00794-00802, and 01944-01946).

**Request No. 7.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Iowa Insurance Board by LINCOLN regarding disability claims.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln responds no such documents are in its possession, custody, or control.

**Request No. 8.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Christine Colaneri C by LINCOLN regarding how to handle, evaluate, or monitor disability claims.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document

ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Request because it seeks documents that constitutes confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 9.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to claims department by LINCOLN regarding how to determine whether to provide disability claimants with assistance for obtaining social security disability insurance benefits.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Request because it seeks documents that constitutes confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 10.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Tawnya Valliere by LINCOLN regarding how to review, handle, evaluate, or determine whether to approve or deny disability claims.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Request because it seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 11.** All DOCUMENTS describing, evidencing, or constituting any training or instruction given to Jason M (vocation person) by LINCOLN regarding how to review, handle, evaluate, or determine whether to approve or deny disability claims.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad

because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Request because it seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 12.** All DOCUMENTS describing, evidencing, or constituting LINCOLN's evaluation of disability claimants who claim disability, in whole or in part, based on complaints of pain, including but not limited to handouts, instructions, memorandums, PowerPoint or other presentations, claims practice guidelines, claim handling procedures, internal guidelines or protocols created or in effect from January 1, 2023 through the end of the RELEVANT TIME PERIOD.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to

the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 13.** All DOCUMENTS describing, evidencing, or constituting LINCOLN's claims handling manuals, claims practice guidelines, audits and audit policies, or any other practices or procedures employed by LINCOLN in the handling, processing, or investigation of long term disability claims at any time during the RELEVANT TIME PERIOD, including but not limited to the Lincoln Claims Management Guidelines.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time as the term "relevant time period" is not defined. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 14.** All PERFORMANCE EVALUATIONS of Dr. Philip McCarthy by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 15.** All PERFORMANCE EVALUATIONS of Dr. Colton McCoy by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 16.** All PERFORMANCE EVALUATIONS of Dr. Thomas Finstein by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 17.** All PERFORMANCE EVALUATIONS of Dr. Leila B. Laitman by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict

in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 18.** All PERFORMANCE EVALUATIONS of Dr. Syed Rizvi by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 19.** All PERFORMANCE EVALUATIONS of Dr. Tracey Lewis by LINCOLN.

**RESPONSE:**

Lincoln objects to this Request to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Request as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this

case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**<u>Request No. 20.</u>** All DOCUMENTS describing, evidencing, or constituting, LINCOLN's standards, considerations, or procedures for assessing an employee's performance as it relates to the handling of a disability claim in effect during the RELEVANT TIME PERIOD.

**<u>RESPONSE</u>:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects on the grounds that the Request seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln states that its decision with regard to Plaintiff's claim for long term disability benefits was the result of a review of the administrative record in compliance with the terms of the relevant plan documents. No other factor influenced the decision on Plaintiff's claim for benefits. Moreover, Lincoln does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and information before the administrator. Accordingly, the documents sought are irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**<u>Request No. 21.</u>** All DOCUMENTS constituting Physician Consultant Reviews or any other medical reviews prepared by DANE STREET for LINCOLN for the years 2019 through 2026. Please refer to Instruction H above regarding the redaction of private information.

**<u>RESPONSE</u>:**

Lincoln objects to this Request to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which the disputed benefit calculation issue pertaining to Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Request on the basis that it is overly broad in that it contains an unreasonable time limitation. Lincoln further objects to this Request on the basis that it violates statutory and common law regarding protection and prohibition of disclosure of the personnel records of employees. Lincoln further objects to the Request because it seeks documents of a highly sensitive and confidential business nature and because the Request violates the privacy rights of Lincoln's employees. Lincoln further objects on the basis that the Request is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan or policy at issue in this litigation. Lincoln further objects to this Request on the basis that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning such entities is irrelevant because these entities are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 22.** All DOCUMENTS describing, evidencing, constituting, or referring to LINCOLN's decision to hire Dane Street reviewers for purposes of conducting Physician Consultant Reviews or any other medical reviews.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591).

**Request No. 23.** All DOCUMENTS describing, evidencing, constituting, or referring to COMMUNICATIONS between PLAINTIFF's former employer, Wellmark, and LINCOLN regarding the CLAIM, including but not limited to any COMMUNICATIONS regarding PLAINTIFF's job requirements as a Customer Service, and/or any effect of PLAINTIFF's claim on premiums for THE PLAN.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control governing the claims for benefits from the benefit plan at issue in this action have been produced (Lincoln/Ervin 00099-22591).

**Request No. 24.** Any factors, data, medical literature, or evidence considered by Defendant Lincoln Financial Group in denying Plaintiff's LTD claim that is not currently inside the formal administrative record, including but not limited to, information originating from her STD/LTD claim file.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 25.** Statistical data for the calendar years of [2020] through [2026], for Defendant Lincoln Financial Group's general approval and termination rates for all of its Long-Term Disability (LTD) claims and separately, for LTD claims involving Plaintiff's medical conditions.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a reasonable time limitation.

**Request No. 26.** The total amount of money from Defendant Lincoln Financial Group paid to Dane Street for peer review, independent medical examination (IME), or vocational services rendered in Defendant's disability claims over the calendar years of [2019] through [2026].

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Request No. 27.** For the calendar years of [2019] through [2026], provide the complete claims manuals, best practice guidelines, any policy concerning Plaintiffs diagnosis, and training materials Defendant Lincoln Financial Group used in its evaluation of Plaintiff 's LTD and STD claims.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees

who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 28.** All matters, documents, guidelines, or medical data submitted, generated, or considered by Defendant Lincoln Financial Group in denying Plaintiff's claim that are not currently included in the administrative record, regardless of whether Lincoln Financial Group explicitly relied upon them.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 29.** Claim administration materials and manuals utilized by the long-term disability claims unit in processing Plaintiff's claim and appeal.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 30.** Training materials and manuals utilized by the long-term disability claims unit in processing Plaintiff's claim and appeal.

**RESPONSE:**

Lincoln objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Request seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Request No. 31.** For each entity providing a medical opinion, provide: Contracts, including but not limited to, compensation and instructions or guidelines given on how to perform review(s); Draft and final reports, including all edits, audits, and quality review; Dictated opinions (recording and actual draft from dictation); Correspondence between the entity and insurer ( emails, notes, letters, instant messaging, etc.); Documents provided to the entity relating to Plaintiffs LTD claim and appeal( s ); and For the period of the past 10 years, documents identifying the number of times Defendant has used the entity and the number of times the entity has found the claimant not disabled or able to perform at least a sedentary occupation.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Request seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 00737-00747, 00794-00802, 00807-00811, 00812-00818, 01057, 01058, 01060, 01836-01842, 01843-01850, 01882-01886, 01940-01943, and 01944-01946).

**Request No. 32.** For each individual providing a medical opinion ("medical reviewer"), provide: Contracts, including but not limited to, compensation and instructions or guidelines given on how to perform review(s); Draft and final reports, including all edits, audits, and quality review; Dictated opinions (recording and actual draft from dictation); Correspondence between the medical reviewer and insurer ( emails, notes, letters, instant messaging, etc.); Documents provided to the medical reviewer relating to Plaintiffs LTD claim and appeal(s); and For the period of the past 10 years, documents identifying the number of times Defendant has used the medical reviewer and the number of times the medical reviewer has found the claimant not disabled or able to perform at least a sedentary occupation.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and

are subject to the Request have been produced (Lincoln/Ervin 00099-22591, specifically, 00737-00747, 00794-00802, 00807-00811, 00812-00818, 01057, 01058, 01060, 01836-01842, 01843-01850, 01882-01886, 01940-01943, and 01944-01946).

**Request No. 33.** For each entity providing a vocational opinion, provide: Contracts, including but not limited to, compensation and instructions or guidelines given on how to perform review(s); Draft and final reports, including all edits, audits, and quality review; Dictated opinions (recording and actual draft from dictation); Correspondence between the entity and insurer ( emails, notes, letters, instant messaging, etc.); Documents provided to the entity relating to Plaintiffs LTD claim and appeal(s); and . For the period of the past 10 years, documents identifying the number of times Defendant has used the entity and the number of times the entity has found the claimant not disabled or able to perform at least a sedentary occupation.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591).

**Request No. 34.** For each individual providing a vocational opinion ("vocational reviewer"), provide: Contracts, including but not limited to, compensation and instructions or guidelines given on how to perform review(s); Draft and final reports, including all edits, audits, and quality review; Dictated opinions (recording and actual draft from dictation); Correspondence between the vocational reviewer and insurer ( emails, notes, letters, instant messaging, etc.); Documents provided to the vocational reviewer relating to Plaintiffs LTD claim and appeal(s); and For the period of the past 10 years, documents identifying the number of times Defendant has used the vocational reviewer and the number of times the vocational reviewer has found the claimant not disabled or able to perform at least a sedentary occupation.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Request on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant, non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00099-22591).

## INTERROGATORIES

**Interrogatory No. 1.** Please state the name, business address, job title ( description), employer of, and relationship to the Defendant, of the individual or individuals completing these interrogatories.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln.

Subject to and without waiving the foregoing objections, Lincoln identifies the following person who will sign a Verification of Answers to Interrogatories in the above-styled action:

Kayla Bick
Director, Claims Shared Services, Appeals
Lincoln Financial Group
c/o Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252

**Interrogatory No. 2.** Identify each person who made the final decision to deny Plaintiffs LTD claim. For each person, state their full name, business address, employer, job title (description), relationship to Defendant, and their manager (i.e., supervisor).

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections and pursuant to Fed R. Civ. P. 33(d), Lincoln refers to the administrative record concerning Plaintiff's claim for benefits that is the subject of this litigation (Lincoln/Ervin 00099-22591, specifically, 09894-09898).

**Interrogatory No. 3.** Identify each person who made the final decision to deny Plaintiff's appeal(s). For each person, state their full name, business address, employer, job title (description), relationship to Defendant, and their manager (i.e., supervisor).

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections and pursuant to Fed R. Civ. P. 33(d), Lincoln refers to the administrative record concerning Plaintiff's claim for benefits that is the subject of this litigation (Lincoln/Ervin 00099-22591, specifically, 00169-00187).

**Interrogatory No. 4.** Describe in detail Defendant's compensation practices for disability claim and appeal unit personnel.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln states that its decision with regard to Plaintiff's claim for long term disability benefits was the result of a review of the administrative record in compliance with the terms of the relevant plan documents. No other factor influenced the decision on Plaintiff's claim for benefits. Moreover, Lincoln does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and information before the administrator. Accordingly,

Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 5.** Describe in detail Defendant's efforts to minimize and/or eliminate its structural conflict of interest.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects to this Interrogatory on the grounds that it is vague and ambiguous. Lincoln further objects to the Interrogatory because it asks Lincoln to make a legal conclusion. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to the Interrogatory as it seeks information of a highly sensitive and confidential business nature.

Subject to and without waiving the foregoing objections, Lincoln states that it will provide information responsive to this Interrogatory under an acceptable protective order.

**Interrogatory No. 6.** Identify each medical opinion (e.g., medical record review, medical examination, functional capacity evaluation, etc.) Defendant obtained as part of its decision to deny Plaintiff's claim. For each medical opinion:

--Provide the name(s) of the entity providing the medical opinion(s) (e.g., Genex, B&B, Brown & Brown Insurance, Brown & Brown Insurance Absence Services Group, University Disability Consortium, MCN, Mitchell MCN, Medical Consultants Network, ICP, PDA, Professional Disability Associates, LLC, OSP, OMO, Exam Coordinators Network, ECN, Genex Services, LLC, RRS, Reliable Review Services, MES Peer Review Services, MES Solutions, Dane Street, MCMC, MLS, MLS Group of Companies, LLC, MLS National Medical Evaluation Services, DRMS, etc.);

--Describe in detail Defendant's relationship with the entity;

--Describe in detail Defendant's efforts to ensure the entity provides unbiased medical opinions and the entity complies with the terms of the policy;

--Describe in detail the compensation Defendant paid to the entity for the medical opinion(s); and

--Describe in detail Defendant's guidelines/instructions provided to the entity concerning the medical opinion (s).

--State the number of disability claims by each reviewer annually from 2023 through 2026 where they found that the claimant could return to work

--State the number of disability claims by each reviewer annually from 2023 through 2026 which were ultimately denied or terminated by Lincoln at any point between January 1, 2023, and the present

--State the number of hours per week on average that each medical reviewer has spent for each year from 2023 through 2026 reviewing disability claims for LINCOLN.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and to the extent that such subpart is not limited to a reasonable time period or contains an unreasonable time period. Lincoln further objects to this Interrogatory as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 7.** With respect to each entity providing a medical opinion related to Plaintiff's claim and appeal(s):

--State the number of medical opinions provided by the entity to Defendant in the past 10 years;

--State the total compensation Defendant paid to the entity to date over the past 10 years;

--State the number of medical opinions that supported Defendant's decision to deny a claim in the past 10 years;

--State the number of medical opinions that did not support Defendant's decision to deny a claim in the past 10 years; and

--State the number of times in the past 10 years that the entity provided a medical opinion that a claimant was able to work in at least a sedentary occupation or found that a claimant was not disabled.

--State the number of disability claims by each reviewer annually from 2023 through 2026 where they found that the claimant could return to work

--State the number of disability claims by each reviewer annually from 2023 through 2026 which were ultimately denied or terminated by Lincoln at any point between January 1, 2023, and the present

--State the number of hours per week on average that each medical reviewer has spent for each year from 2023 through 2026 reviewing disability claims for LINCOLN.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Interrogatory as it violates privacy rights and seeks information of a highly

sensitive and confidential business nature. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that it does not contain a reasonable time period limitation.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 8.** For each individual providing a medical opinion ("medical reviewer") related to Plaintiff's claim and appeal(s):

-- Provide the medical reviewer's full name, business address, employer, job title (description), and relationship (if any) with Defendant;

--State the number of medical opinions the medical reviewer has provided to Defendant in the past 10 years;

--State the number of medical opinions the medical reviewer has provided to Defendant that supported Defendant's decision to deny a claim in the past 10 years;

--State the number of medical opinions the medical reviewer has provided to Defendant that did not support Defendant's decision to deny a claim in the past 10 years;

--State and describe in detail the compensation the medical reviewer was paid for the medical opinion(s) provided to Defendant related to Plaintiff's claim;

--State the total compensation the medical reviewer has been paid to date for medical opinions provided to Defendant in the past 10 years; and -State and explain in detail the steps taken to ensure

the medical reviewer's report(s) related to Plaintiff's claim was not altered and/or edited prior to submission to Defendant.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Interrogatory as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 9.** For each individual providing a vocational opinion ("vocational reviewer") related to Plaintiff's claim and appeal(s):

--Provide the vocational reviewer's full name, business address, employer, job title (description), and relationship (if any) with Defendant; State the number of vocational opinions the vocational reviewer has provided to Defendant in the past 10 years;

--State the number of vocational opinions the vocational reviewer has provided to Defendant that supported Defendant's decision to deny a claim in the past 10 years;

--State the number of vocational opinions the vocational reviewer has provided to Defendant that did not support Defendant's decision to deny a claim in the past 10 years;

--State and describe in detail the compensation the vocational reviewer was paid for the vocational opinion(s) provided to Defendant related to Plaintiff's claim;

--State the total compensation the vocational reviewer has been paid to date for vocational opinions provided to Defendant in the past 10 years;

--State and explain in detail the steps taken to ensure the vocational reviewer's report(s) related to Plaintiff's claim was not altered and/or edited prior to submission to Defendant; and describe in detail Defendant's guidelines/instructions provided to the individual concerning the vocational opinion(s).

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privileges. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Interrogatory as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that it does not contain a limitation to a relevant time period.

**Interrogatory No. 10.** State and describe in detail the specific training Defendant provides to its disability claims personnel who were involved with Plaintiff's claim and Plaintiff's appeal.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Interrogatory seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Interrogatory is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would

include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Interrogatory because it seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**Interrogatory No. 11.** Identify each document which "constitutes a statement of policy or guidance with respect to the plan concerning the denied ... benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." For each document identified, state and explain in detail Defendant's efforts to comply with the policy statements and/or guidance.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Interrogatory seeks information that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Interrogatory is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Subject to and without waiving the foregoing objections, Lincoln assumes that Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff. Accordingly, Lincoln further objects to the Interrogatory because it seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. The manual is a product of many years of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate the manual to the general

public or to its insureds. Moreover, disclosure of the manual to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**<u>Interrogatory No. 12.</u>** Identify each "document, record or other information" that demonstrates Defendant's "compliance with the administrative processes and safeguards required" by the claim regulation (29 CFR § 2560.503-1) when "making the benefit determination." For each document identified, state and explain in detail Defendant's efforts to comply with the administrative processes.

**<u>ANSWER</u>:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln and is not limited in scope as to time. Lincoln further objects because the Interrogatory is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects on the grounds that the Interrogatory seeks documents that constitute(s) confidential, proprietary material and/or trade secrets. Lincoln objects on the basis that the Interrogatory is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation. Lincoln further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in that, as literally construed, the Request would include each and every document ever read or reviewed by any employees who review Lincoln's STD or LTD claims, as such documents could be said to provide guidance, albeit infinitesimally small, to such employees.

Lincoln further objects to the extent Plaintiff is seeking to identify the technical reference tools used by Lincoln's claim processing staff because the Interrogatory seeks documents of a highly sensitive and confidential business nature. These technical reference tools are a product of many of experience and expertise of Lincoln in the insurance industry, and extensive research conducted by several different departments within Lincoln over an extended period of time. Lincoln does not disseminate these tools to the general public or to its insureds. Moreover, disclosure of the tools to Lincoln's competitors would harm Lincoln's competitive advantage in the insurance industry.

**<u>Interrogatory No. 13.</u>** Describe the compensation arrangement between Mathew Schaapveld and Lincoln, including but not limited to, the basis of his compensation and how any bonuses are determined.

**<u>ANSWER</u>:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for

benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln states that its decision with regard to Plaintiff's claim for long term disability benefits was the result of a review of the administrative record in compliance with the terms of the relevant plan documents. No other factor influenced the decision on Plaintiff's claim for benefits. Moreover, Lincoln does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and information before the administrator. Accordingly, Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 14.** Describe the compensation arrangement between Tawnya Valliere and Lincoln, including but not limited to, the basis of her compensation and how any bonuses are determined.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln states that its decision with regard to Plaintiff's claim for long term disability benefits was the result of a review of the administrative record in compliance with the terms of the relevant plan documents. No other factor influenced the decision on Plaintiff's claim for benefits. Moreover, Lincoln does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and information before the administrator. Accordingly, Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**Interrogatory No. 15.** Describe the compensation arrangement between Christine Colaneri and Lincoln, including but not limited to, the basis of her compensation and how any bonuses are determined.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections, Lincoln states that its decision with regard to Plaintiff's claim for long term disability benefits was the result of a review of the administrative record in compliance with the terms of the relevant plan documents. No other factor influenced the decision on Plaintiff's claim for benefits. Moreover, Lincoln does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and information before the administrator. Accordingly, Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

Respectfully submitted,

By: ________________________________

Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS

AND

**LEDERER WESTON CRAIG PLC**

By: /s/ Brenda K. Wallrichs

Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927

Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was forwarded via Electronic Mail on the 18th day of June 2026, to the following counsel of record:

**Pro Se Plaintiff**
Sharilyn Ervin
Email: ervinsharilyn2009@yahoo.com

**Counsel for Defendant**
**Wellmark, Inc. Group Disability Income Plan**
Leslie Christine Behaunek
Email: lcbehaunek@nyemaster.com
Benjamin Patrick Roach
Email: bproach@nyemaster.com

Iwana Rademaekers