# EXHIBIT 2

Case: 4:25-cv-00438-RGE-HCA (S.D. Iowa) Purpose: Cross-reference Lincoln's discovery objections/responses (served 6/18/26) against the four conflict-of-interest theories identified in the administrative record summary, to support the argument that the conflict-discovery reaches these specific discovery requests.

| | |
|---|---|
| Conflict Theory 1 — Omission of Administrative Safeguards & Guidelines Basis: 29 C.F.R. § 2560.503-1(m)(8) — claimants entitled to documents/guidelines relied upon or generated to establish compliance with administrative safeguards. Lincoln withheld internal claim handling manuals, guidelines, and diagnostic criteria during the appeal. | RFP NO: 2,8,9,10,11,12,13,27,28,29,30<br><br>INT NO: 10,11,12 |
| Conflict Theory 2 — Failure to Conduct Physician Review of Appeal Evidence Basis: 29 C.F.R. § 2560.503-1(h)(3)(iii), (h)(4) — an administrator deciding an appeal based on medical judgment must consult a qualified health care professional. Lincoln received substantial new medical evidence (Sept–Oct 2025) on appeal but did not send it to a physician reviewer. | RFP NO: 24,28<br><br>INT NO: 3,8 |
| Conflict Theory 3 — Reviewer Bias & Credibility of Dane Street Basis: Lincoln relied on paper-only reviews from Dane Street, a vendor with documented credentialing failures (including physician impersonation in another case), while disregarding treating-physician evidence | RFP NO: 3-6,14-19,21,22,25,26,31,32<br><br>INT NO:6,7,8 |
| Conflict Theory 4 — Financial Incentives, Compensation Safeguards & the Wellmark Document-Shifting Issue Basis: 29 C.F.R. § 2560.503-1(b)(7) (independence/impartiality safeguards) and § 2560.503-1(m)(8) (decision-maker must furnish documents relied upon). Lincoln had sole discretionary authority and paid the claim, yet redirected plaintiff to Wellmark for governing plan documents, and discovery is needed on compensation structures tied to denial rates. | RFP NO:20,23,31-32,33-34<br><br>INT NO:4,5,13,14,15 |