IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHARILYN ERVIN,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY; WELLMARK INC. GROUP DISABILITY INCOME PLAN; WELLMARK, INC.; and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br><br>Defendants. | 4:25-cv-00438-RGE-HCA<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

## I. BACKGROUND

In this Employment Retirement Income Security Act ("ERISA") case, defendants Lincoln National, Wellmark Inc. Group Disability Income Plan, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark, Inc. Welfare Benefit Wrap–Around Plan (collectively "defendants") filed a Joint Motion for Protective Order. ECF No. 57. The motion included a copy of the proposed protective order ("proposed order"). ECF No. 57-1. Plaintiff Sharilyn Ervin ("Ervin") resisted the motion, raising concerns with paragraphs 2, 6, 8, 12, and 13. ECF No. 58. Defendants replied, ECF No. 61, and Ervin filed a sur–reply, ECF No. 70. The Court heard oral argument on the motion for protective order. ECF No. 72. At oral argument, Ervin withdrew her objections to paragraphs 8 and 12 as originally drafted. Accordingly, the Court shall only address the issues raised regarding paragraphs 2, 6, and 13.

## II. ANALYSIS

Federal Rule of Civil Procedure 26 allows the court for good cause shown to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c). Moreover, the court "must limit the frequency or extent of discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). The Court is afforded broad discretion in resolving discovery disputes. *Corkrean v. Drake Univ.*, No. 4:21-cv-00336-RGE-SHL, 2022 WL 18632, at *2 (S.D. Iowa Jan. 3, 2022) (citing *Haviland v. Cath. Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010)); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("We review the district court's exercise of its broad discretion with respect to discovery motions for 'gross abuse of discretion resulting in fundamental unfairness' at trial") (citing *United States v. Hintzman*, 806 F.2d 840, 846 (8th Cir. 1986)).

Paragraph two of the proposed order includes seven subparts specifying when "[a] party may designate a document 'confidential.'" ECF No. 57-1 ¶ 2. Ervin takes issue with subpart (c), permitting the designation of, "Research, technical, commercial, or financial information that the party has maintained as confidential," arguing the classification will attach to too wide a range of potential documents, especially emails. *See id*. Ervin's primary concern was focused on the word "research." No party intends to produce any "research" documents. The Court finds and concludes with the removal of "research," there is good cause to include the classification in the protective order as "technical, commercial, or financial information," whether contained in an email or another form of documentation. Accordingly, the parties shall amend the proposed order to remove the word "research" from provision 2(c).

Paragraph 6 governs the usage of confidential information with artificial intelligence ("AI") tools. ECF No. 57-1 ¶ 6. The paragraph provides,

> In the event a Party utilizes an artificial intelligence ("AI") tool, such AI tool may only process Confidential information that (a) operates

> on dedicated hardware under the party's control; (b) does not transmit Confidential information to third-party servers; (c) does not use data for model training; and (d) allows secure deletion or claw back of data upon request.

*Id*. At oral argument, Ervin expressed concern regarding the chosen verbiage of subpart (a) and its applicability to a pro se plaintiff such as herself rather than a law firm. Ervin also indicated that the provision as written was difficult to comprehend. Wellmark represented it would not object to the deletion of the clause entirely, while Lincoln requested retaining the clause to protect its confidential data from being uploaded to an unsecure and/or non-private AI tool. To preserve all parties' interests, the amended proposed order's paragraph 6 shall read as follows, "In the event a Party seeks to input Confidential information into an artificial intelligence ("AI") tool, such AI tool must (a) include privacy settings so the data is not shared beyond the party in receipt of the Confidential information; (b) not use data for model training; and (c) allow secure deletion of data upon request. This provision does not apply to the use of AI tools with regards to non-confidential information. If Ervin has any uncertainty as to whether she might violate this provision, she may raise the issue with the Court after first conferring with defendants' counsel in an attempt to resolve the uncertainty."

Paragraph 13 details the Confidential information disposition procedure. The clause includes an exemption for the return or destruction of documents, allowing attorneys "to retain a set of all documents pursuant to their respective internal document retention policies" and " all correspondence and attorneys' notes or other work product generated in connection with the action." ECF No. 57-1 ¶ 13. Because Ervin is proceeding pro se, the amended proposed order must include an analogous exception so she may also retain a copy of such documents. However, all Confidential information is to be used for this case only, including any Confidential information retained after disposition.

## III. CONCLUSION

For the foregoing reasons, the Court **grants in part and denies in part** the motion for protective order, ECF No. 57. Defendants shall prepare and file an amended proposed order, signed by Ervin and defense counsel, as revised above by **August 31, 2026**.

IT IS SO ORDERED.

Dated August 20, 2026.

Helen C. Adams
U.S. Magistrate Judge