**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SHARILYN ERVIN,<br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, WELLMARK INC. GROUP DISABILITY INCOME PLAN, WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, and WELLMARK, INC. WELFARE BENEFIT WRAP-AROUND PLAN,<br>Defendants. | Case No. 4:25-cv-00438-RGE-HCA<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESISTANCE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Resistance to the Motion to Compel Discovery filed by Plaintiff Sharilyn Ervin ("Plaintiff").

## I. INTRODUCTION AND FACTUAL BACKGROUND

The above-styled action pertains to the claim submitted by Plaintiff for long-term disability benefits from the Wellmark, Inc. Group Disability Plan (the "Plan"), which were insured by a Group Disability Income Policy (the "Policy") issued to Wellmark, Inc. ("Wellmark") by Lincoln.

The Policy provides for benefits from the Wellmark, Inc. Group Disability Income Plan (the "LTD Plan"). Plaintiff applied for and received benefits from the LTD Plan from May 13, 2024, until December 26, 2024, when her benefits were terminated because she no longer met the Policy's definition of "disabled." During the first 24 months of Plaintiff's claim, to satisfy the definition, Plaintiff must have been unable to perform "the Material and Substantial duties of his own occupation,"[1] which is performed at the sedentary level of physical demand. The basis for

[1] Exhibit A, Declaration of Paula McGee, Exhibit 1, Policy at Lincoln/Ervin 10.

Lincoln's decision was outlined in a letter dated December 31, 2024, and Plaintiff was provided an opportunity to request an appeal review of the denial. Plaintiff appealed that decision and Lincoln conducted a thorough review and upheld its decision in a letter to Plaintiff dated October 9, 2025, as Lincoln determined the information does not contain significant exam findings, test results or other forms of medical documentation supporting Plaintiff's impairments and symptoms remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering Plaintiff unable to perform the duties of her occupation beyond December 26, 2024.

In her Complaint, Plaintiff seeks recovery of these benefits under §502(a)(1)(B)[2] of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiff served Interrogatories and Requests for Production to Lincoln on May 19, 2026. Lincoln served responses to this written discovery on June 18, 2026. Plaintiff then requested a discovery conference before filing a motion to compel regarding Lincoln's "explicit failure to comply with 29 C.F.R. § 2560.503-1 due to its refusal to produce mandatory claim file elements, including internal rules, guidelines, manuals, and specific medical diagnosis protocols."[3] A telephone call between Plaintiff and Lincoln's counsel occurred on June 29, 2026, that lasted 51 minutes. The objections Lincoln raised to Plaintiff's specific discovery requests were addressed, and an agreement was reached between Ervin and Lincoln. Lincoln's counsel sent an email to the Plaintiff immediately after the June 29th call to memorialize the agreement:

> Thank you for our discussion this afternoon. To recap, we have agreed on the following discovery requests that were in dispute:
>
> 1. Request No. 8 – Lincoln agrees to provide, subject to the terms of an agreed protective order, any provision in Lincoln's technical reference tools that is specifically relevant to Plaintiff's claim.

[2] 29 U.S.C. § 1132(a)(1)(B).
[3] Exhibit B, email from Ervin to Lincoln's counsel dated June 23, 2026.

2. Request No. 31 – Lincoln agrees to provide, subject to the terms of an agreed protective order, contracts between it and Dane Street, along with information regarding the number of referrals made by Lincoln to Dane Street from 1/1/2023 until 12/31/2025.

3. Interrogatory Nos 11 and 12 - Lincoln agrees to provide, subject to the terms of an agreed protective order, any provision in Lincoln's technical reference tools that is specifically relevant to Plaintiff's claim.

Additionally, we will circulate a draft of an Agreed Protective Order before you return on July 9th.

Finally, I look forward to receiving your settlement offer after you return, which I will promptly send to my client for a response.[4]

On July 1, 2026, Wellmark circulated Defendants' draft of the proposed protective order for the case. However, on July 16, Plaintiff emailed Lincoln's counsel, objecting to "Lincoln's unilateral decision to accept Wellmark's July 1st draft,"[5] which pertained to the draft of the protective order. Ervin further complained that Lincoln did not send a "simple, standard protective order that applies only to Lincoln's produced documents." Ervin also complained that "holding Lincoln's revised discovery responses until this disputed protective order is signed is unacceptable." Ervin further demanded that the revised discovery responses (referring to the agreement) would be served immediately. However, Lincoln's agreement was that these would be produced upon the entry of an agreed protective order, as provided by the Lincoln's and Ervin's agreement. The normal procedure is for the Parties to adopt a protective order for the entire case, which is what Defendants' draft did. The Court recently granted Defendants' motion for protective order with minor changes,[6] and the Parties are currently working on the final protective order in accordance with that order. Plaintiff then emailed Lincoln's counsel on August 6, 2026, stating that Lincoln's failure to "produce mandatory regulatory materials" means the Parties are at an

4 Exhibit C, email from Lincoln's counsel to Ervin dated June 29, 2026.
5 Exhibit D, email from Ervin to Lincoln's counsel dated July 16, 2026.
6 Order on Motion for Protective order (Doc 73).

impasse.[7] Plaintiff has now moved (Dkt. 71) to compel responses to her expansive and burdensome discovery requests she served on Lincoln. Lincoln now files this response to Plaintiff's Motion. Lincoln's Response is supported by the attached Exhibits.

The documents and information that Lincoln agreed to provide were to be produced subject to an agreed Protective Order. However, after an agreement was reached and while the Parties, including Wellmark, were discussing the terms of the Protective Order, Plaintiff then wanted a conference on a motion to compel the discovery responses and the undersigned advised her we had the agreement that we were bound by. When the Parties were unable to come to a mutual agreement on the content of the Protective Order, Defendants filed a Joint Motion for Stipulated Protective Order (Document 57). However, instead of waiting for the court's ruling or the entry of the Protective Order, Plaintiff filed (prematurely) her Motion to Compel (on the same date she filed her Opposition (Document 58) to Defendants' Joint Motion for Protective Order).

## II. STANDARDS APPLICABLE TO PLAINTIFF'S MOTION TO COMPEL

At the outset, Lincoln denies that it agreed to the specific discovery propounded by Plaintiff. While the Proposed Scheduling Order submitted by the Parties included a "deadline to complete conflict of interest discovery,"[8] this was not an agreement by Lincoln to any specific discovery request, or even that such discovery was appropriate in the case. The deadline was simply an agreement by the Parties as to the date by which any such discovery must be completed.

The discovery requests at issue in Plaintiff's Motion not only seek documents and information outside the administrative record for Plaintiff's claim for benefits from the Plan, but also information that is wholly irrelevant to Lincoln's decision to deny Plaintiff's claim. Although Lincoln cites numerous valid objections to the particular discovery requests, the common thread

[7] Exhibit E, email from Ervin to Lincoln's counsel dated August 6, 2026.
[8] Proposed Scheduling Order (Doc 34) at ¶ 3.

requiring denial of Plaintiff's Motion to Compel is that the requests do not seek information that can possibly lead to discovery of admissible evidence. Moreover, the breadth and amount of discovery sought by Plaintiff clearly violates the tenet that ERISA claims be resolved in a "speedy, inexpensive, and efficient" manner. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). The Court must consider if the burden of the discovery outweighs its likely benefit, the needs of the case, and the importance of the discovery in resolving the issues in the case, as well as ensure there has not been "an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louisiana Health Service and Indemnity Co*, 647 F.3d 258, 263 (5th Cir. 2011), *citing Murphy*, 619 F.3d at 1163. The sheer volume of the disability claims administered in 2023 (458,346) layered against Plaintiff's discovery requests indicate that the information sought is overly broad and unduly burdensome. Accordingly, such requests are clearly "an unwieldy, burdensome, and speculative fishing expedition."

The Eighth Circuit has held when an entity, such as Lincoln, is both the insurer of the benefits and the administrator of claims,[9] there is a clear conflict of interest and the administrative record is sufficient to permit a fair evaluation of Lincoln's decision. *Atkins v. Prudential Ins. Co.*, 404 Fed. Appx. 82, 85 (2010). Indeed, the Court noted that in such situations, any argument that *Glenn*[10] expanded discovery under ERISA is unconvincing. *Id.* Moreover, discovery in ERISA cases involving discretionary review of denied benefit claims "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641-42 (8th Cir. 1997)). To

9 Defendant's Answer to Plaintiff's Complaint (Doc. 12) at ¶ 4. Lincoln admits that it issued the Policy to Wellmark and was the claims administrator of the LTD Plan under the Policy.

10 *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 2350-51, 171 L. Ed. 2d 299 (2008).

obtain discovery of information outside the administrative record, Plaintiff must show good cause, which means "establishing that the administrative record is insufficient to establish a 'palpable conflict of interest' or a 'serious procedural [*5] irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-cv-2638-JCH, 2020 U.S. Dist. LEXIS 52554, (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)); *see also J.W. by & through Williams v. Cigna Health & Life Ins. Co.*, No. 4:21-cv-00324-SRC, 2022 U.S. Dist. LEXIS 73119 (E.D. Mo. Apr. 21, 2022). Determining if a serious procedural irregularity exists requires examining "whether the plan administrator's decision 'was made without reflection or judgment, such that it was the product of an arbitrary decision or the plan administrator's whim.'" *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 772 (8th Cir. 2006) (quoting *Pralutsky v. Metro. Life Ins. Co.*, 435 F.3d 833, 838 (8th Cir. 2006)). "A . . . serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts." *Farley*, 147 F.3d at 776 n.4

Plaintiff agrees that *Farley* requires a showing of "serious procedural irregularity," but fails to identify any such irregularities that are not apparent on the face of the administrative record. Plaintiff simply wants to "fish" around Lincoln's employee compensation, training, vendor agreements, and performance reviews, which is not within the permitted scope of discovery absent a special showing, which Plaintiff has failed to make. Nevertheless, as established by the Declaration of Paula McGee (Exhibit A), such materials are trade secrets and other protected information that are not subject to production through written discovery and are clearly not likely to lead to discoverable evidence with regard to Plaintiff's claim.[11]

[11] Exhibit A, Declaration of Paula McGee, ¶¶ 5-10.

Additionally, much of Plaintiff's motion argues that certain documentation is required to be produced under 29 C.F.R. § 2560.503-1(i)(5) and (j)(3), but Plaintiff clearly misses that this regulation is relevant documentation that the claimant is entitled to receive during an adverse benefit determination on review upon request.[12] Additionally, "relevant" is defined as follows:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> > (i) Was relied upon in making the benefit determination;
> >
> > (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> >
> > (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> >
> > (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

As described below, the five categories of documents that Plaintiff states are "mandatory components of the administrative record and are not subject to Lincoln's discovery objections" are either not within the scope of § 2560.503-1(m)(8) and/or were produced with the administrative record.

1. Internal Claims Handling Guidelines. As set forth in the Declaration of Paula McGee,[13] "as stated in Lincoln's letter to Sharilyn Ervin dated October 9, 2025, upholding its decision to terminate benefits (Exhibit 2 at p. 19), "No internal rules, guidelines, protocols, standard or other

[12] 29 C.F.R. § 2560.503-1(j)(3) (emphasis added).
[13] Exhibit A, Declaration of Paula McGee, ¶10, Exhibit 2 at p. 19.

similar criteria were relied upon in rendering the claim determination." Accordingly, there are no such guidelines to be produced.

2. All Generated Medical Reviews. These documents were produced by Lincoln. Lincoln stated in response to Request No. 2, as follows:

> Request No. 2. All DOCUMENTS contained in the files maintained by DEFENDANT or LINCOLN pertaining to the CLAIM during the RELEVANT TIME PERIOD, including but not limited to LINCOLN's underwriting file for THE PLAN.
>
> RESPONSE:
> Lincoln responds that all relevant non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00001-22591).[14]

3. Complete Communication Logs. These documents were produced by Lincoln. Lincoln stated in response to Request No. 2, as follows:

> Request No. 2. All DOCUMENTS contained in the files maintained by DEFENDANT or LINCOLN pertaining to the CLAIM during the RELEVANT TIME PERIOD, including but not limited to LINCOLN's underwriting file for THE PLAN.
>
> RESPONSE:
> Lincoln responds that all relevant non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00001-22591).[15]

4. Vocational Evidence. These documents were produced by Lincoln. Lincoln stated in response to Request No. 2, as follows:

> Request No. 2. All DOCUMENTS contained in the files maintained by DEFENDANT or LINCOLN pertaining to the CLAIM during the RELEVANT TIME PERIOD, including but not limited to LINCOLN's underwriting file for THE PLAN.
>
> RESPONSE:

[14] Exhibit 1 to Plaintiff's Motion to Compel (Document 59-2) at p. 4.
[15] Exhibit 1 to Plaintiff's Motion to Compel (Document 59-2) at p. 4.

> Lincoln responds that all relevant non-privileged documents in its possession, custody, or control that pertain to Plaintiff's claim for benefits and are subject to the Request have been produced (Lincoln/Ervin 00001-22591).[16]

5. Quality Assurance Materials. These documents would not be included in the scope of § 2560.503-1(m)(8). However, if such documents were promulgated within the timeframe that Plaintiff's claim was under consideration, these would be in the claim file. If such documents pertained to an after-the-fact quality review, then they would not be relevant to Plaintiff's claim.

Lincoln requests that the Court deny Plaintiff's Motion to Compel in its entirety for the reasons stated herein.

WHEREFORE, Lincoln requests that the Court enter an Order:

1. Denying Plaintiff's Motion to Compel Discovery; and
2. Granting Lincoln such other relief to which it may show itself entitled.

Dated: August 25, 2026

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

**LEDERER WESTON CRAIG PLC**

By: /s/ Brenda K. Wallrichs
Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927

[16] Exhibit 1 to Plaintiff's Motion to Compel (Document 59-2) at p. 4.

Cedar Rapids, IA 52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail: bwallrichs@lwclawyers.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Cedar Rapids Division, using the ECF system which will send notification of such filing to the following individual or counsel of record:

**Pro Se Plaintiff**
Sharilyn Ervin
Email: ervinsharilyn2009@yahoo.com

**Counsel for Defendant**
**Wellmark, Inc. Group Disability Income Plan**
Leslie Christine Behaunek
Email: lcbehaunek@nyemaster.com
Benjamin Patrick Roach
Email: bproach@nyemaster.com

/s/ Iwana Rademaekers
Iwana Rademaekers