**From:** Sharilyn Ervin
**To:** "Leslie C. Behaunek"; "Benjamin P. Roach"; bwallrichs@lwclawyers.com; iwana@rademaekerslaw.com
**Subject:** Re: Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order
**Date:** Thursday, July 16, 2026 12:43:33 PM

Ms. Rademaekers,

Lincoln's unilateral decision to accept Wellmark's July 1st draft does not obligate me to agree to terms that place an unequal, impossible technological burden on me as a *pro se* litigant. Further Wellmark has made no attempt to meet and confer on any of the loaded additions. I reject that proposed order.

Your assertion that "all issues" were resolved on our June 29th call is inaccurate. The highly restrictive, overly complex provisions—were **not** raised, discussed, or agreed to during our June 29th conference. They were quietly slipped into the draft circulated by Ms. Behaunek on July 1st. I cannot and will not agree to a verbal resolution on terms that were hidden until a written draft was produced days later.

Furthermore, holding Lincoln's revised discovery responses until this disputed protective order is signed is unacceptable. A dispute over confidentiality terms does not give Lincoln a license to withhold standard, non-confidential discovery that has already been agreed to.

As the plan fiduciary, Wellmark has a strict, legally mandated duty of loyalty and duty of disclosure directly to you under ERISA. In trust and ERISA law, there is a powerful doctrine called the Fiduciary Exception. Because a fiduciary is supposed to act solely in the interest of the beneficiary (me), courts have ruled that a fiduciary cannot hide behind confidentiality or privilege when it comes to standard plan administration, claim evaluations, and benefits decisions.

To facilitate the efficient exchange of discovery, I have advised Lincoln that I am willing to agree to a protective order specifically tailored to their internal, proprietary claims manuals and training guidelines. However, I cannot agree to a blanket protective order covering the documents produced by Wellmark. To clarify that I will not agree to designate emails involving Bryan O'Neil and Sherry Reagan regarding the withholding or non-provision of plan documents as Confidential.

A protective order is designed to safeguard legitimate trade secrets, proprietary commercial algorithms, or highly sensitive personal data. It cannot be used as a shield to hide relevant evidence of potential statutory violations or administrative failures. Correspondence discussing a fiduciary's decision to withhold mandatory ERISA plan documents from a participant does not constitute proprietary or confidential business information under Federal Rule of Civil Procedure 26(c). Since Lincoln is the only party requiring a protective order for its proprietary claims' manuals, I will only agree to a protective order that is strictly limited to certain documents produced by Defendant Lincoln National Life Insurance Company. I do not agree to a joint, blanket protective order that covers Wellmark's administrative and fiduciary communications.

I expect Lincoln's revised discovery responses to be served immediately. If they are not, they will be included in my upcoming Motion to Compel. If Lincoln intends to draft a targeted protective order, please advise this as well. If you want your proprietary manuals protected, send me a simple, standard protective order that applies only to Lincoln's produced documents no later than 7/20/2026.

*Sharilyn Ervin*
*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion

EXHIBIT

D

On Thursday, July 16, 2026 at 11:28:25 AM CDT, <iwana@rademaekerslaw.com> wrote:

The Court normally will only enter one protective order to govern the entire case, and Lincoln advised all parties via email that it accepts Wellmark's draft that was sent to all parties on July 1st.

On the meet and confer, you and I had that telephone conference on June 29th, and all issues you raised during our call were resolved during the conference. I confirmed our agreements on those issues in my email on the same date. Once the protective order is entered, Lincoln will revise its responses in accordance with our agreements.


**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com



*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*


---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Thursday, July 16, 2026 9:29 AM
**To:** Leslie C. Behaunek <lcbehaunek@nyemaster.com>; Benjamin P. Roach <bpr@nyemaster.com>; iwana@rademaekerslaw.com; bwallrichs@lwclawyers.com
**Subject:** Ervin v. Lincoln National Life Insurance Co., et al. (Case 4:25-cv-00438-) Discovery and Unresolved Protective Order

Counsel,

I am writing to address the current status of discovery and the unresolved proposed protective order in this matter.

First, while Ms. Rademaker's verbally noted that she wanted to designate certain documents as confidential; no protective order has actually been circulated by Lincoln's counsel.

Second, the proposed protective order circulated by Ms. Behaunek is completely overloaded. It contains highly restrictive, complex technical provisions—such as the restrictive AI processing clause—that place an unequal and unnecessary burden on me as a self-represented litigant. Wellmark in the other case seemed to be obsessed with AI however as I explained you need to be focused on software functions the proposal is completely detached from how modern computers and software actually work. AI is no longer just a standalone website like ChatGPT or Claude where you copy and paste text. AI is now baked directly into the infrastructure of standard computer programs and Wellmark has not conferred with me on this position avoiding explaining how a pro se can navigate this type of order. Wellmark uses fancy high end AI programs.

Wellmark is named in this case primarily for its failure to produce documents, an issue largely established by email exchanges and a limited subset of additional communications in Wellmark's possession. There is absolutely no necessity for such a complex, heavily technical protective order for this straightforward dispute. Wellmark alleges it is not responsible for LTD/STD benefits decisions.

I previously requested in writing that Ms. Behaunek provide Wellmark's formal position on this issue prior to our scheduled conference; however, this was not provided in a timely manner. To date, Wellmark has failed to properly meet and confer with me to discuss their positions or work in good faith to resolve these disputes.

Please be advised that because of the ongoing failure to provide sufficient, unhindered discovery and the failure to meet and confer on a reasonable, simplified confidentiality agreement, I will be moving forward with filing a Motion to Compel regarding Defendants' deficient production and outstanding responses.

If you are willing to discuss a simplified, standard confidentiality order that protects legitimate medical privacy without administrative or technological overreach, I remain open to a prompt and productive discussion. Otherwise, I will seek the Court's intervention.

from:

Sharilyn Ervin

*Plaintiff, Pro Se*

*Sharilyn Ervin*

*Spirit*

Proverbs 18:2 (NLT)-Fools have no interest in understanding; they only want to air their own opinion