**From:** Sharilyn Ervin
**To:** bwallrichs@lwclawyers.com; iwana@rademaekerslaw.com
**Subject:** Re: Intent to Renew Motion to Compel based on Administrative Record Evidence
**Date:** Thursday, August 6, 2026 11:42:36 AM

---

Counsel,

Given Lincoln's continued refusal to produce mandatory regulatory materials—including internal claims guidelines required under 29 C.F.R. § 2560.503-1(m)(8) and confirmation of physician review under § 2560.503-1(h)(3)(iii)—we have reached a clear impasse.

No prior informal agreements stand. Due to improper preconditions, my procedural right to seek court intervention is fully preserved. Further Lincoln circulated initial disclosures and the administrative record as early as 4/10/2026 prior to the discovery request my discovery request are in fact based on the record.

Rather than continue back-and-forth email exchanges, I will submit these specific record-based violations directly to the Court in a Renewed Motion to Compel for judicial determination and I guess Lincoln and Wellmark can make their case for the protective order at the upcoming status report on the 13th

Sincerely,

**Sharilyn Ervin**

*Pro Se Plaintiff*

On Thursday, August 6, 2026 at 10:44:28 AM CDT, <iwana@rademaekerslaw.com> wrote:

To the extent that you are requesting to conduct additional discovery, I point you to the Court's previous Orders (Document 62 and 67). To the extent that the issues below are duplicative of the original discovery requests you sent to Lincoln, we discussed Lincoln's objections to your written discovery requests in full on June 29th and entered into an agreement on those that was memorialized in my email to you that day. However, if it your intent to withdraw from that agreement regarding your previous discovery requests, then Lincoln will also withdraw and will not provide the documents and information referenced in the June 29th email after the entry of the protective order. Please advise of your intent regarding this agreement.

**Iwana Rademaekers**

EXHIBIT

E

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

---

**From:** Sharilyn Ervin <ervinsharilyn2009@yahoo.com>
**Sent:** Thursday, August 6, 2026 10:09 AM
**To:** Iwana Rademaekers <iwana@rademaekerslaw.com>; bwallrichs@lwclawyers.com
**Subject:** Intent to Renew Motion to Compel based on Administrative Record Evidence

Counsel

I am writing to confirm regarding Lincoln's position on discovery and to notify defense counsel that I will be filing a Renewed Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37 and ERISA standards. Please advise if we still remain at impasse by 8/7/26 at 1pm

The Court's prior ruling emphasized that extrinsic discovery requires a showing of good cause. Having conducted a detailed review (ECF No. 59 / final denial letter), I have identified specific procedural irregularities, evidentiary omissions, and structural conflicts that establish the requisite good cause under *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), and 29 C.F.R. § 2560.503-1.

Specifically, the Renewed Motion will present the following threshold evidence from the record:

1. Omission of Administrative Safeguards & Guidelines

During the administrative appeal, I explicitly requested Lincoln's internal claim handling manuals, administrative guidelines, and diagnostic criteria to evaluate whether my claim was subjected to fair, consistent, and impartial review. Under 29 C.F.R. § 2560.503-1(m)(8), claimants are entitled to all documents, records, and guidelines relied upon or generated in establishing compliance with administrative safeguards. These documents were withheld from the claim file. Lincoln cannot refuse to produce these mandatory compliance materials while simultaneously claiming a protective order is required before providing basic information regarding its conflict-mitigation practices.

2. Failure to Conduct Physician Review of Detailed Appeal Evidence

Lincoln’s final denial letter explicitly acknowledges receipt of extensive supplemental medical evidence submitted between September and October 2025, including:

- Detailed functional capacity questionnaires completed by treating provider Dr. Dawn Schissel (Sept 25, 2025)
- Five months of migraine calendars (Feb–June 2025, Sept 2025)
- Behavioral health records from Teladoc Physicians, P.A. (Sept 12–Oct 6, 2025)
- Objective home sleep test results (Sept 8, 2025) and specialized clinical notes from Mercy One Clive Sleep Med Clinic (Oct 1, 2025)
- Telemedicine clinical progress notes from UnityPoint Clinic Virtual Urgent Care (Oct 4, 2025)

Despite receiving these voluminous, objective clinical records, Lincoln’s final denial perfunctorily dismissed them with blanket assertions that they provided "no significant new clinical findings." The record reflects that Lincoln failed to submit these newly tendered treating physician records to an independent medical reviewer or physician specialist for evaluation. Lincoln’s failure to have a physician analyze objective medical data submitted on appeal constitutes a procedural irregularity that warrants targeted discovery into the specific internal policies Lincoln relied upon to bypass medical review. Under 29 C.F.R. § 2560.503-1(h)(3)(iii) (applicable to disability benefit claims via § 2560.503-1(h)(4)), when deciding an appeal that is based in whole or in part on a medical judgment, a plan administrator is required to consult with a health care professional who has appropriate training and experience in the relevant field of medicine

3. Reviewer Bias & Credibility of Third-Party Vendor (Dane Street)

Lincoln relied heavily on paper-only file reviews generated through its third-party vendor, Dane Street, while completely disregarding the objective findings and functional limitations detailed by my treating physicians. Public regulatory filings—including notifications submitted directly to the Iowa Attorney General's Office—demonstrate past systemic credentialing failures and fraudulent doctor reviews involving Dane Street (e.g., the impersonation of licensed physicians conducting peer reviews). Lincoln’s complete reliance on non-examining vendor reviews to reject objective treating evidence establishes good cause to discover the financial volume, referral statistics, and incentive structures between Lincoln and Dane Street. Explicitly I had to personally request and verify the Dane street Doctors.

4. Financial Incentives & Compensation Safeguards

5. Lincoln paid and made decision on LTD but claimed Wellmark was responsible for providing documents. Lincoln exercised sole discretionary authority to pay benefits and issue the final denial on the LTD claim. However, Lincoln improperly directed the claimant to a third party (Wellmark) to obtain the governing policy documents. Under 29 C.F.R. § 2560.503-1(m)(8), Lincoln, as the decision-maker, is legally required to furnish all documents, protocols, and policy provisions relied upon in making its decision. Lincoln’s failure to include the complete governing policy and administrative guidelines within the administrative claim file—and its refusal to produce them directly—constitutes a serious procedural failure under ERISA.

Pursuant to 29 C.F.R. § 2560.503-1(b)(7), employee benefit plans must operate safeguards to ensure that claims adjudicators and medical reviewers are independent and impartial. Discovery remains necessary to verify whether claims handlers or vendor reviewers involved in this determination were subject to compensation structures, performance metrics, or financial bonuses tied to claim denials or loss-ratio targets.

Good-Faith Conference Demand

In light of the specific record evidence detailed above, I request that Lincoln reconsider its refusal to produce targeted conflict-of-interest and administrative safeguard documents. Please advise by 8/7/2026 1pm whether Lincoln will voluntarily produce:

1. The internal claims guidelines and policy criteria applied to evaluate migraine, sleep apnea, and functional capacity evidence on appeal.
2. Financial referral volume and peer-review statistics for Dane Street and the specific reviewers involved in this claim.
3. Documentation verifying compliance with 29 C.F.R. § 2560.503-1(b)(7) regarding compensation and incentive safeguards.

If Lincoln continues to withhold these items, I will proceed with filing the Renewed Motion to Compel establishing good cause directly from the administrative record.

Sincerely,

Sharilyn Ervin

*Pro Se Plaintiff*