# Woodrome v. Ascension Health

United States District Court for the Eastern District of Missouri, Eastern Division

March 26, 2020, Decided; March 26, 2020, Filed

No. 4:19-CV-02638 JCH

**Reporter**
2020 U.S. Dist. LEXIS 52554 *

NANCY WOODROME, Plaintiff, v. ASCENSION HEALTH, Defendant.

**Counsel:** [*1] For Nancy Woodrome, an individual, Plaintiff: Timothy Patrick Clancy, LEAD ATTORNEY, Clancy & Thompson PLLC, TULSA, OK.

For Ascension Health, a foreign corporation, Defendant: Amy L. Blaisdell, LEAD ATTORNEY, Heather M. Mehta, GREENSFELDER HEMKER, PC, St. Louis, MO.

**Judges:** Jean C. Hamilton, UNITED STATES DISTRICT JUDGE.

**Opinion by:** Jean C. Hamilton

## Opinion

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nancy Woodrome's ("Woodrome" or "Plaintiff") Motion for Discovery. (Doc. 25). Defendant Ascension Health Alliance d/b/a/ Ascension's ("Ascension" or "Defendant") had filed a response in opposition and the motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion.

**BACKGROUND**

Plaintiff Nancy Woodrome was, at all relevant times, employed as a licensed practical nurse at Ascension St. John Medical System ("St. John") in Tulsa, Oklahoma. (Doc. 26 at 2). Ascension is the sponsor and administrator of the self-funded Ascension Short-Term Disability Payroll Program ("STD Plan") and the Long-Term Disability Plan ("LTD Plan") (collectively, the "Plan") available to employees of St. John. In accordance with the terms of the [*2] Plan, Ascension delegated the discretionary authority with regard to claims administration to Sedgwick Claims Management Services, Inc. ("Sedgwick"), the Claims Administrator.

Woodrome alleges that she suffers from multiple sclerosis, migraines, fatigue, weakness, depression, and anxiety that rendered her disabled from her job at St. John. *Id.* at 2. Plaintiff received short-term disability ("STD") benefits between July 13, 2018, and July 20, 2018. Plaintiff sought and was denied continued STD benefits on July 21, 2018. *Id.* Plaintiff alleges

that this denial of continued STD benefits also "constructively denied [her] entitlement to LTD benefits under the Plan." (Doc. 1 at 3). On July 8, 2019, Woodrome brought the instant action under ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking a declaratory judgment that she is entitled to disability benefits she alleges are due her under the terms of the Plan. Subsequently, Plaintiff filed the instant motion seeking discovery concerning whether bias or procedural irregularities impacted her denial of benefits determination, and seeking the complete administrative record.

**DISCUSSION**

Where an ERISA plan administrator has discretionary power to make benefit eligibility determinations, such [*3] as the Plan here, courts apply a deferential "abuse of discretion" standard of review. *See* *Metro. Life Ins. v. Glenn*, 554 U.S. 105, 111, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008); *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626, 628 (8th Cir. 2007). Under this discretionary standard, a federal district court considers whether "the administrator's decision is supported by such relevant evidence that a reasonable mind might accept as adequate to support such a conclusion." *LaSalle v. Mercantile Bancorporation, Inc., Long Term Disability Plan*, 498 F.3d 805, 809 (8th Cir. 2007).

Generally, judicial review in ERISA cases is limited to the evidence that was before the administrator, and thus, the parties may not request discovery of materials outside of the administrative record. *See* *Atkins v. Prudential Ins. Co.*, 404 F.App'x 82, 84-85, (8th Cir. 2010) (citing *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010)); *see also* *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994, 999 (8th Cir. 2005) ("a reviewing court must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence") (internal quotation marks and citation omitted). This is because Congress enacted ERISA to provide for the quick and inexpensive adjudication of benefit disputes. *See* *Winterbauer v. Life Ins. Co. of N. Am.*, 2008 U.S. Dist. LEXIS 83712, 2008 WL 4643942, at *3 (E.D. Mo. Oct. 20, 2008).

Nonetheless, a court may allow expanded discovery if the plaintiff shows good cause. *See* *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). A plaintiff can show good cause by establishing that the administrative record is insufficient to establish a "palpable conflict of interest" or a "serious procedural irregularity." *Farley v. Ark. Blue Cross and Blue Shield*, 147 F.3d 774, 776 n. 4 (8th Cir. 1998). "A palpable conflict of interest or serious [*4] procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts." *Id.*

Woodrome asserts that there was "bias and irregularity in [the] evaluation of her claim." (Doc. 26 at 4). However, Woodrome fails to set forth any arguments explaining why discovery is needed to determine whether Ascensions's relationship with Sedgwick constituted a conflict of interest. Woodrome has not asserted any factual allegations in her complaint or in her memorandum supporting her motion that shows an attempt by Defendant to influence the plan administrator's decision to deny her claim. A mere assertion of bias based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record. *See* *Westbrook v.*

*Georgia-Pac. Corp.*, 2006 U.S. Dist. LEXIS 70649, 2006 WL 2772822, at *4 (E.D. Ark. Sept. 26, 2006) ("It is not enough to allege generally that a conflict of interest may exist or that the case may have procedural irregularities.") (internal quotation marks omitted). Similarly, Plaintiff's assertion that there was "irregularity" in the evaluation of her claim is entirely unsupported by [*5] any factual assertions or examples of such irregularity. As Woodrome has failed to assert any facts that would demonstrate procedural irregularities occurred in her case, she has failed to show good cause why discovery outside of the administrative record should be allowed on that basis.

However, that is not entirely the end of the matter. To the extent that Woodrome seeks the complete administrative record, she is clearly within her rights to do so. Deferential review of an administrative record requires review of the entire record. The Code of Federal Regulations provides procedures for a "full and fair review of a claim and adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(2). As part of this review, a claimant is entitled to receive a copy of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). Thus, a plaintiff is entitled to the administrative record and should not have to engage in discovery to obtain a complete record as defined by the Regulations.

Regarding the scope of the administrative record, Subsection (m)(8) defines relevance, in pertinent part, as follows:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, [*6] record, or other information
>
> ***********
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination.29 C.F.R. § 2560.503-1(m)(8)(ii).

Here, the administrative record provided to Woodrome and filed under seal with the Court contains multiple unexplained redactions. Plaintiff, in her discovery request submitted to Defendant, included six Interrogatories. Interrogatories One and Three ask Defendant to disclose the information that was redacted from the administrative record. Defendant specifically opposes the information sought in Plaintiff's other Interrogatories, and the Court agrees with Defendant's objections for the reasons discussed above. However, Defendant, in its memorandum in opposition to Plaintiff's motion, does not address or attempt to explain the reason for the redactions referenced in Interrogatories One and Three. Defendant has no authority to redact portions of the administrative record, to the extent that the redacted information falls within the definition of "relevant" documents, records, or information as described in 29 C.F.R. § 2560.503-1(m)(8)(ii). Therefore, to the extent [*7] the administrative record is incomplete, Defendant must provide Plaintiff with the redacted materials needed to complete the record.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery (Doc. 25) is **GRANTED** in part and **DENIED** in part as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff any redacted information required to complete the administrative record by no later than April 24, 2020.

Dated this 26th day of March, 2020.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

**End of Document**

# J.W. v. Cigna Health & Life Ins. Co.

United States District Court for the Eastern District of Missouri, Eastern Division

April 21, 2022, Decided; April 21, 2022, Filed

Case No. 4:21-cv-00324-SRC

**Reporter**

2022 U.S. Dist. LEXIS 73119 *; 2022 WL 1185196

J.W. (a minor) by and through his legal guardian BRUCE WILLIAMS, Plaintiff(s), v. CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., Defendant(s).

**Prior History:** J.W. v. Cigna Health & Life Ins. Co., 2021 U.S. Dist. LEXIS 223882, 2021 WL 5415051 (E.D. Mo., Nov. 19, 2021)

**Counsel:** [*1] For J.W. a minor by and through his Legal Guardian Bruce Williams, Plaintiff: Adam James Olszeski, Matthew R. Davis, LEAD ATTORNEYS, GALLAGHER DAVIS LLP, St. Louis, MO.

For Cigna Health and Life Insurance Company, Defendant: Bradley W. Tharpe, LEAD ATTORNEY, OGLETREE DEAKINS PC - St Louis, St. Louis, MO.

For Barry-Wehmiller Companies, Inc., Defendant: Melissa Z. Baris, LEAD ATTORNEY, HUSCH BLACKWELL LLP - St Louis, St. Louis, MO.

**Judges:** STEPHEN R. CLARK, UNITED STATES DISTRICT JUDGE.

**Opinion by:** STEPHEN R. CLARK

## Opinion

### Memorandum and Order

J.W., a minor, suffers from anxiety, depression, and other psychological and behavioral disorders. Cigna denied coverage for mental-health services J.W. received at three residential-treatment centers, and after he appealed the coverage decisions administratively, J.W. sued in this Court, seeking benefits under his father's employee-benefit plan. J.W. now moves to permit discovery outside the administrative record, arguing that potential conflicts of interest and various procedural irregularities justify departure from the general, no-discovery rule.

### I. Background

As discussed in the Court's prior order, Doc. 40, J.W.'s Second Amended Complaint alleges that J.W.'s father is "an employee [*2] of Barry-Wehmiller Companies, Inc. and is a vested participant in a Group Insurance Policy which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a)." Doc. 20 at ¶ 5. J.W. alleges that his father is a "participant in

the ERISA medical benefits policy that is administered by Cigna, and his dependent child, J.W., is a beneficiary of those medical benefits under the Plan." *Id.* at ¶ 7. Putting aside the counts the Court previously dismissed, Doc. 40, J.W. alleges that Cigna wrongfully denied him benefits under his father's employee-benefit plan for medically necessary mental-health services, in violation of the Employee Retirement Income Security Act of 1974 § 502, 29 U.S.C. § 1132(a)(1)(B). Doc. 20 at ¶¶ 49-77.

J.W. now seeks to conduct limited discovery outside the administrative record to investigate potential conflicts of interest and procedural irregularities that may have affected Cigna's claims-review process, and the parties fully briefed the motion. Docs. 45, 46, 54, 55, 60. As revised in J.W.'s reply, the outside-the-record discovery J.W. seeks includes: (1) production of claims handling manuals and procedures; (2) the depositions of three Cigna employees; and (3) production of compensation guidelines for medical reviewers including information about [*3] bonuses. Doc. 60 at pp. 6-7.

## II. Standard

The parties agree that the Court will apply the abuse-of-discretion standard when it turns to the merits of the case. Doc. 54 at p. 4; Doc. 60 at p. 1; *see McIntyre v. Reliance Standard Life Ins. Co.*, 972 F.3d 955, 959 (8th Cir. 2020). Under this deferential standard, the court limits its review of the administrator's benefits determination to the evidence before the administrator at the time the administrator denied the claim. *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). For this reason, courts generally do not allow discovery outside the administrative record. *Id.*; *see Atkins v. Prudential Ins. Co.*, 404 F. App'x 82, 84-85 (8th Cir. 2010). "However, limited discovery may be permitted to determine whether a conflict of interest or procedural irregularity exists." *Moore v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 4:19-cv-2513, 2020 U.S. Dist. LEXIS 85027, 2020 WL 2494590, at *2 (E.D. Mo. May 14, 2020) (citing *Sampson v. Prudential Ins. Co. of Am.*, No. 4:08-cv-1290, 2009 U.S. Dist. LEXIS 24858, 2009 WL 882407, at *2 (E.D. Mo. Mar. 26, 2009)); *see Jones*, 615 F.3d at 945 (holding that under the circumstances "discovery [was] unnecessary to establish the existence of a conflict"). To secure outside-the-record discovery, J.W. must show good cause, which in this context means "establishing that the administrative record is insufficient to establish a 'palpable conflict of interest' or a 'serious procedural irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-cv-2638, 2020 U.S. Dist. LEXIS 52554, 2020 WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)).

## III. Analysis

The Court first addresses J.W.'s conflict-of-interest argument and then considers [*4] whether any of the alleged procedural irregularities justify outside-the-record discovery.

### A. Conflicts of interest

In his motion and memorandum in support, J.W. does not allege the existence of any conflicts of interest justifying discovery. Docs. 45, 46. Indeed, the administrative record establishes the absence of a payor-administrator conflict because Barry-Wehmiller self-insures the plan and Cigna administers it. Admin. R. (AR) at p. 690 (Bates), Doc. 53-6 ("The benefits . . . are self-insured by Barry-Wehmiller Companies, Inc. which is responsible for their payment. Cigna Health and Life Insurance Company (Cigna) provides claim administration services to the plan, but Cigna does not insure the benefits described."); *cf.* *Metropolitan Life. Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008) ("Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest.").

In reply, J.W. pivots to a different argument. Admitting that no structural conflict exists in this case, J.W. claims that the lack of a payor-administrator conflict alone "does not guarantee that there are [*5]  not other conflicts at play." Doc. 60 at p. 6. J.W. then states he "has determined that additional discovery is necessary in order to determine that Cigna's physician's [sic] reviewers do not have a financial incentive to deny claims." *Id.* Putting aside for the moment that J.W. improperly raised this argument and discovery request for the first time on reply, J.W. fails to assert any facts, either in his complaint or with this motion, supporting the existence of a conflict of interest. Because "[a] mere assertion of bias based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record," *Woodrome*, 2020 U.S. Dist. LEXIS 52554, 2020 WL 1479149, at *2 (citing *Westbrook v. Georgia-Pac. Corp.*, No. 4:05-cv-1331, 2006 U.S. Dist. LEXIS 70649, 2006 WL 2772822, at *4 (E.D. Ark. Sept. 26, 2006)); *see also* *Westbrook*, 2006 U.S. Dist. LEXIS 70649, 2006 WL 2772822, at *4 ("It is not enough to allege generally that 'a conflict of interest may exist' or that the case 'may have procedural irregularities.'" (internal quotation marks omitted)), the Court denies J.W.'s request to conduct conflict-of-interest discovery.

Additionally, J.W. improperly raised his conflict-of-interest argument on reply. "Courts generally do not review arguments first raised in a reply brief because the other party has not had adequate opportunity to respond to such arguments." *Bayes v. Biomet, Inc.*, No. 4:13-cv-800, 2021 U.S. Dist. LEXIS 143810, 2021 WL 3330911, at *8 (E.D. Mo. Aug. 2, 2021) (citing [*6]  *Fish v. United States*, 748 F. App'x 91, 92 (8th Cir. 2019)). Because J.W. provides no good reason justifying his untimely argument, the Court denies his request for conflict-of-interest discovery on this basis as well.

**B. Procedural irregularities**

J.W. contends that three procedural irregularities require additional, outside-the-administrative-record discovery. *See* *Waldoch v. Medtronic, Inc.*, 757 F.3d 822, 830 (8th Cir. 2014) (holding that, to affect the Court's review under the abuse-of-discretion standard, "a procedural irregularity must rise to the level of a 'serious breach of the plan trustee's fiduciary duty to the plan beneficiary'" (quoting *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008))). First, J.W. says that Cigna failed to properly investigate and gather enough information before denying him coverage. Doc. 46 at p. 6-7. Second, J.W. argues that "Cigna

failed to properly apply its guidelines regarding residential mental health treatment for Children and Adolescents." *Id.* at 8-9. And finally, J.W. alleges that Cigna failed to abide by certain ERISA regulations. *Id.* at 9-10.

However, even granting J.W. the vital assumption that these three allegations constitute procedural irregularities, the mere existence of procedural irregularities does not establish good cause for discovery. Instead, as mentioned, because "[a] palpable conflict of interest [*7] or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties," *Farley*, 147 F.3d at 776 n.4, "[a] plaintiff must show good cause for such discovery by establishing that the administrative record *is insufficient to establish* a . . . serious procedural irregularity," *Moore*, 2020 U.S. Dist. LEXIS 85027, 2020 WL 2494590, at *2 (emphasis added and internal quotation marks omitted). This limited-discovery regime "ensure[s] expeditious judicial review . . . and [ ] keep[s] district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Here, J.W. fails to show the insufficiency of the administrative record.

First, J.W. claims that Cigna failed to gather "any medical evidence" before denying J.W. benefits for lack of medical necessity, thus requiring "discovery into: (1) how the denial was made; and (2) if medical evidence was not relied upon to make that determination, what was?" Doc. 60 at p. 4. J.W. also takes issue with the fact that Cigna initially authorized coverage from one provider after phone calls between Cigna and that provider but no transcripts from the calls exist, *id.* at p. 2, though the administrative record reflects the details of the calls, AR at pp. 157-166, Doc. 53-2. In [*8] response, Cigna disputes J.W.'s characterization of the facts, but confirms that the "records utilized" during Cigna's review "are those produced in the Administrative Record." Doc. 54 at p. 7.

In reply, J.W. does not directly dispute Cigna's assertion that Cigna produced all the documents its reviewers considered and instead rhetorically implies—without a factual basis—that the reviewers may have considered other information. Doc. 60 at p. 4. Putting such speculation aside, *see* *Woodrome*, 2020 U.S. Dist. LEXIS 52554, 2020 WL 1479149, at *2, because the administrative record contains the information on which Cigna relied in making its coverage determinations, when the Court turns to the merits, it need only consult the administrative record to determine whether Cigna failed properly to investigate J.W.'s claims and whether Cigna abused its discretion in denying coverage. *See* *Farley*, 147 F.3d at 776 n.4 ("A . . . serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts."); *see also* *Menz*, 520 F.3d at 871 ("If a conflict of interest is not apparent from the record, the district court may [*9] permit discovery. . ."). Thus, the administrative record suffices for the Court to determine the existence of the first asserted procedural irregularity.

Second, J.W. alleges that Cigna's claim-reviewing physicians improperly applied Cigna's own "Criteria for Continued Stay" when determining the medical necessity of J.W.'s mental-health treatment. Doc. 46 at pp. 8-9 (quoting AR at pp. 684-85, Doc. 53-5). For example, at one point Cigna apparently denied coverage for the reason that "[J.W.] had not developed new symptoms and/or behaviors that required this intensity of service for safe and effective treatment." AR at

pp. 532, 562, Doc. 53-2. J.W. says that Cigna's "Criteria for Continued Stay" require authorization of benefits under such a circumstance, not denial. Doc. 46 at p. 9. J.W. contends that "[t]his irregularity is so apparent," yet he claims that he needs discovery to develop the issue further. Doc. 60 at p. 5. But to determine whether this constitutes a procedural irregularity, the Court can simply read Cigna's regulations and compare them with the reasons given by Cigna for denying J.W.'s claim. Simply put, the administrative record contains all of the evidence the Court [*10] needs to determine if Cigna followed its own rules. Thus, the administrative record suffices for the Court to determine the existence of the second asserted procedural irregularity.

Finally, J.W. alleges that Cigna failed to follow the ERISA regulations governing what information the notifications of adverse benefit determinations must include, and that this constitutes a procedural irregularity justifying discovery. Doc. 46 at pp. 9-10 (citing 29 C.F.R. § 2560.503-1). However, in both his memorandum in support and his reply, J.W. admits that "[t]he claim file makes it apparent that Cigna failed to follow many of [the ERISA regulations]." *Id.* at p. 9; Doc. 60 at p. 5; *see* AR at pp. 764-853, Doc. 53-8. Because the administrative record suffices to establish this purported procedural irregularity, Cigna's alleged failure to follow the regulations cannot justify outside-the-record discovery. *See* *Woodrome*, 2020 U.S. Dist. LEXIS 52554, 2020 WL 1479149, at *2; *see also* *Menz*, 520 F.3d at 871. When it turns to the merits, the Court can look to the administrative record to determine if Cigna failed to follow the regulations. *See* *Farley*, 147 F.3d at 776 n.4. J.W.'s bare statement that Cigna's "failure to comply with the ERISA regulations are [sic] grounds to discover if it failed to follow any additional regulations," Doc. [*11] 60 at p. 5-6, likewise does not justify outside-the-record discovery, *Woodrome*, 2020 U.S. Dist. LEXIS 52554, 2020 WL 1479149, at *2 ("A mere assertion . . . based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record."). Thus, the administrative record suffices for the Court to determine the existence of the third asserted procedural irregularity.

**IV. Conclusion**

In this case, the administrative record readily establishes the existence of the circumstances J.W. calls procedural irregularities. *See id.* (a "serious procedural irregularity will ordinarily be apparent on the face of the administrative record. . ."). Because J.W.'s conflict-of-interest argument rests on "mere assertion[s] of bias based on nothing more than speculation," and because J.W. fails to show "that the administrative record is insufficient to establish a . . . 'serious procedural irregularity,'" *id.* (quoting *Farley*, 147 F.3d at 776 n.4), the Court finds no good cause exists for discovery outside the administrative record and denies J.W.'s [45] motion.

So Ordered this 21st day of April 2022.

/s/ Stephen R. Clark

STEPHEN R. CLARK

UNITED STATES DISTRICT JUDGE

End of Document